RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com

Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation,<br><br>    Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a Nevada corporation,<br><br>    Debtor and Debtor in Possession.<br>_____<br><br>☒ Affects both Debtors<br><br>☐ Affects Ironclad Performance Wear Corporation, a California corporation only<br><br>☐ Affects Ironclad Performance Wear Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br>(Proposed to be) Jointly administered with:<br>1:17-bk-12409-MB<br><br>Chapter 11 Cases<br><br>**DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO FILE LETTER AGREEMENT UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF GEOFFREY GREULICH**<br><br>DATE:    September 13, 2017<br>TIME:    2:00 p.m.<br>PLACE:    Courtroom "303"<br>                21041 Burbank Blvd.<br>                Woodland Hills, CA |

1

Pursuant to Local Bankruptcy Rule 5003-2(c), Court Manual Section 2.8(b) at Page 2-45, Section 107(b) of the Bankruptcy Code, Civ. L.R. 79-5, Federal Rule of Bankruptcy Procedure ("FRBP") 9018, Ironclad Performance Wear Corporation, a California corporation ("Ironclad California"), and Ironclad Performance Wear Corporation, a Nevada corporation ("Ironclad Nevada", and with Ironclad California, the "Debtors" or "Ironclad"), the debtors and debtors-in-possession in the above-captioned Chapter 11 bankruptcy cases[1], hereby file this motion (the "Motion"), on an emergency basis, for the entry of an order authorizing the Debtors to file a Letter Agreement under seal. The full bases for the Motion are set forth in the annexed Memorandum of Points and Authorities.

Briefly, on September 8, 2017 ("Petition Date"), the Debtors each filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have operated their businesses and managed their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Other than owning all of the shares in Ironclad California, Ironclad Nevada has no business. All operations of the Debtors effectively function through Ironclad California.

The Debtors have filed their bankruptcy cases to consummate a sale of substantially all of their assets for the most money possible. Just prior to their bankruptcy filings, the Debtors entered into an asset sale agreement ("APA") with the Debtors' current and sole secured creditor, Radians Wareham Holding, Inc. ("Radians") or its affiliate/designee, subject to an overbid process. Contemporaneously herewith, the Debtors have filed a motion seeking Court approval of their proposed overbid procedures that the Debtors negotiated with Radians prior to their

---

[1] Concurrently herewith, the Debtors have filed a motion seeking to have their bankruptcy cases jointly administered.

bankruptcy filings. The Debtors' entire sale process is designed to maximize the Debtors' sale price for the benefit of the Debtors' creditors and shareholders.

Indeed, the Debtors expect that their asset sale to Radians or to a successful overbidder will result in all of the Debtors' creditors being paid in full and a significant distribution being made to the Debtors' shareholders. As set forth in the APA, the purchase price offered by Radians for the Debtors' assets is $20 Million Dollars or $15 Million Dollars based on the terms set forth in a Letter Agreement between the parties.

By this Motion, the Debtors are requesting authority to file the Letter Agreement under seal as provided for in Section 2.2 of the APA. Section 2.2 of the APA provides that Radians will pay either $20 Million Dollars or $15 Million Dollars for the Debtors' assets, as set forth in the Letter Agreement. The Letter Agreement is a very short side letter agreement between the Debtors and Radians which outlines the events which will set the purchase price at $20 Million Dollars or at $15 Million Dollars. The Debtors strongly believe that it would be highly prejudicial and harmful to the estates and their ability to maximize the purchase price obtained for the Debtors' assets should these events become matters of public record. Notwithstanding the foregoing, the terms of the Letter Agreement will be made available to the following "Authorized Recipients": (i) financially qualified overbidders who sign a non-disclosure agreement acceptable to the Debtors; (ii) the counsel to and members of any official committee formed in these cases who sign a non-disclosure agreement acceptable to the Debtors; and (iii) any other party acceptable to the Debtors, or as otherwise ordered by the Bankruptcy Court, who sign a non-disclosure agreement acceptable to the Debtors.

Given the magnitude of the potential purchase price reduction, it is critical to the preservation of the value of the Debtors' assets and to the ultimate distribution to the Debtors' shareholders (since creditors will be paid in full under either purchase price) that the terms of the

4

Letter Agreement remain confidential and sealed except to those who are Authorized Recipients of the Letter Agreement. The Debtors request that the Court review the Letter Agreement, *in camera*, and grant this Motion without delay.

Pursuant to Local Bankruptcy Rule 5003-2(c), subject to 11 U.S.C. § 107, a document may not be filed under seal without a prior written order of the court. If a filing under seal is requested, a written motion requesting such relief and a proposed order must be presented to the judge in the manner set forth in the Court Manual.

Section 2.8(b) of the Court Manual requires that:

(1)    The motion should include as exhibits, or in a separate appendix also filed electronically, the documents that the movant seeks to file under seal **with the confidential portions redacted**; provided however, that, if the documents are voluminous, the motion may be accompanied by a declaration under penalty of perjury to this effect and a schedule of the documents that movant seeks to file under seal.

(2)    The motion must describe the nature of the information that the party asserts is confidential (without disclosing the confidential information itself) and explain why the information should not be publicly disclosed. If an when the court grants the motion for authority to file documents under seal, unredacted versions of the documents, together with an entered copy of the order authorizing the sealed filing, should be presented for filing under seal in the manner directed by the court in its order authorizing the filing under seal.

As required, attached as Exhibit A to the Declaration of Geoff Greulich annexed hereto is the Letter Agreement with the confidential portions redacted. The confidential information concerns the purchase price offered under the APA, and should not be publicly disclosed because it could dramatically impair the estates' ability to obtain the higher purchase price under the APA to the great harm and prejudice to these estates and their shareholders. Accordingly, the

5

Debtors submit that approval of this Motion is necessary and critical to maximizing the value of these estates. If approved, the Debtors will file the Letter Agreement under seal and as instructed by the Court.

The relief sought in this Motion is based upon this Motion, the annexed Memorandum of Points and Authorities, the Declaration of Geoff Greulich filed concurrently herewith, the statements, arguments and representations of counsel to be made at the hearing on this Motion, and any other evidence properly presented to the Court at or prior to the hearing on this Motion.

In order to provide maximum notice of this Motion, concurrently with the filing of this Motion with the Court, the Debtors have served a copy of this Motion and all supportive papers (including notice of the hearing on this Motion) upon the Office of the United States Trustee, all other known secured creditors and their counsel (if any), the 20 largest unsecured creditors of each of the Debtors and parties requesting special notice via overnight mail.

**WHEREFORE**, the Debtors respectfully request that this Court:

(1)   grant the relief requested in this Motion;

(2)   authorize the Debtors to file the Letter Agreement under seal; and

(3)   grant such further relief as the Court deems just and proper.

Dated:  September 11, 2017          IRONCLAD PERFORAMNCE WEAR
                                    CORPORATION, *et al.*

                                    By: */s/ Monica Y. Kim*
                                        RON BENDER
                                        MONICA Y. KIM
                                        KRIKOR J. MESHEFEJIAN
                                        LEVENE, NEALE, BENDER,
                                        YOO & BRILL L.L.P.
                                        Proposed Attorneys for Debtors and
                                        Debtors in Possession

6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.    Brief Description Of The Debtors And Their Businesses.**

In order to avoid redundancy, the Debtors incorporate herein this section of the Debtors' concurrently filed Bid Procedures Motion.

**B.    Events Leading To Bankruptcy And The Debtors' Chapter 11 Goals.**

In order to avoid redundancy, the Debtors incorporate herein this section of the Debtors' concurrently filed Bid Procedures Motion.

**C.    Relief Sought In This Motion.**

Section 2.2 of the APA provides that Radians will pay either $15 Million Dollars or $20 Million Dollars for the Debtors' assets, as set forth in the Letter Agreement. The Letter Agreement is a very short side letter agreement between the Debtors and Radians which outlines the events which will set the purchase price at $20 Million Dollars or at $15 Million Dollars. By this Motion, the Debtors are requesting authority to file the Letter Agreement under seal as provided for in Section 2.2 of the APA. Attached as Exhibit A to the Declaration of Geoff Greulich is the Letter Agreement with the confidential portions redacted.

The Debtors strongly believe that it would be highly prejudicial and harmful to the estates and their ability to maximize the purchase price obtained for the Debtors' assets should the events described in the Letter Agreement (pursuant to which the purchase price could be reduced by $5 million) become matters of public record. Notwithstanding the foregoing, the terms of the Letter Agreement will be made available to the following "Authorized Recipients":  (i) financially qualified overbidders who sign a non-disclosure agreement acceptable to the Debtors; (ii) the counsel to and members of any official committee formed in these cases who sign a non-

disclosure agreement acceptable to the Debtors; and (iii) any other party acceptable to the Debtors, or as otherwise ordered by the Bankruptcy Court, who sign a non-disclosure agreement acceptable to the Debtors.

Given the magnitude of the potential purchase price reduction, it is critical to the maximization of the value of the Debtors' assets and to the ultimate recovery for shareholders that the terms of the Letter Agreement remain confidential and sealed except to those who are Authorized Recipients of the Letter Agreement. The Debtors request that the Court review the Letter Agreement, *in camera*, and grant this Motion without delay.

## II.

## **DISCUSSION**

Section 107(b) of the Bankruptcy Code provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may,
>
> (1)    Protect an entity with respect to a trade secret or confidential research, development, or commercial information…."

11 U.S.C. § 107(b). FRBP 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity with respect of a trade secret or other confidential research, development, or commercial information…."

Fed.R. Bankr. P. 9018.

The protection afforded by section 107(b) and Rule 9018 is mandatory. *In re Orion Pictures Corp.,* 21 F.3d 24 (2d Cir. 1994). As one court has held,

> If the information for which protection is sought fits into any of the categories specified in § 107(b), the court is required to protect a requesting party, and has no discretion to deny the application for a protective order. Good cause is not an element of Section 107. When Congress addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show "good cause" as a condition to sealing confidential commercial information. The

> only requirement is that the information the parties seek to have sealed be "confidential and commercial in nature."

*In re Handy Andy Home Improvement Centers, Inc.,* 199 B.R. 376, 381 (Bankr. N.D.Ill. 1996).

For purposes of section 107(b), "commercial information" includes information which could negatively impact a debtor or its creditors. *See Orion Pictures*, 21 F.3d at 27 (affirming the protection of information which could negatively impact the debtor's ability to negotiate favorable promotional agreements in the future); *In re Georgetown Steel Co., LLC*, 306 B.R. 542, 547 (Bankr. D.S.C. 2004 (protecting information which could negatively impact employee retention and morale); *In re Global Crossing, Ltd.,* 295 B.R. 720, 726 (Bankr. S.D.N.Y. 2003) (protecting information which could "injure the Debtors or thwart a transaction that the debtor and their unsecured creditors desire"). One court has observed:

> [C]ommercial information that is entitled to protection under Code section 107(b) and Bankruptcy Rule 9018 must be viewed from the practical perspective of damage to the estate or its creditors, and squarely include information that could prejudice either of them as part of a sale process.

*Global Crossing, Ltd.,* 295 B.R. at 725 (discussing *In re Farmland Industries*, 290 B.R. 364 (Bankr. D. Mo. 2003).

Pursuant to Local Bankruptcy Rule 5003-2(c), subject to 11 U.S.C. § 107, a document may not be filed under seal without a prior written order of the court. If a filing under seal is requested, a written motion requesting such relief and a proposed order must be presented to the judge in the manner set forth in the Court Manual.

Section 2.8(b) of the Court Manual requires that:

(3) The motion should include as exhibits, or in a separate appendix also filed electronically, the documents that the movant seeks to file under seal **with the confidential portions redacted**; provided however, that, if the documents are voluminous, the motion may be

9

accompanied by a declaration under penalty of perjury to this effect and a schedule of the documents that movant seeks to file under seal.

(4)    The motion must describe the nature of the information that the party asserts is confidential (without disclosing the confidential information itself) and explain why the information should not be publicly disclosed.  If an when the court grants the motion for authority to file documents under seal, unredacted versions of the documents, together with an entered copy of the order authorizing the sealed filing, should be presented for filing under seal in the manner directed by the court in its order authorizing the filing under seal.

As required, attached as Exhibit A to the Declaration of Geoff Greulich annexed hereto is the Letter Agreement with the confidential portions redacted. The confidential information concerns the purchase price offered under the APA and events which could trigger a substantial reduction of the purchase price, which should not be publicly disclosed because it could dramatically impair the estates' ability to obtain the higher purchase price under the APA to the great harm and prejudice to these estates and their shareholders.  Accordingly, the Debtors submit that approval of this Motion is necessary and critical to maximizing the value of these estates.  The Debtors request that the Court review the Letter Agreement, *in camera*, and grant this Motion without delay.  If approved, the Debtors will file the Letter Agreement under seal and as instructed by the Court.

## III.

## **CONCLUSION**

Based upon all of the foregoing, the Debtors respectfully request that this Court:

(1)    grant the relief requested in this Motion;

(2)    authorize the Debtors to file the Letter Agreement under seal; and

(3)    grant such further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: September 11, 2017 | IRONCLAD PERFORMANCE WEAR CORPORATION, *et al.* |
| 2 | | |
| 3 | | By: ___*/s/ Monica Y. Kim*___ |
| 4 | | RON BENDER<br>MONICA Y. KIM |
| 5 | | KRIKOR J. MESHEFEJIAN<br>LEVENE, NEALE, BENDER, |
| 6 | | YOO & BRILL L.L.P.<br>Proposed Attorneys for Debtors and |
| 7 | | Debtors in Possession |

## **DECLARATION OF GEOFF GREULICH**

I, Geoff Greulich, hereby declare as follows:

1.　　On September 1, 2017 ("Petition Date"), Ironclad Performance Wear Corporation, a California corporation ("Ironclad California") and Ironclad Performance Wear Corporation, a Nevada corporation ("Ironclad Nevada" and with Ironclad California, the "Debtors" or "Ironclad"), each filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. Effective July 6, 2017, I became the Chief Executive Officer of Ironclad. In that capacity, I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2.　　I make this Declaration in support of the Debtors' emergency motion for the entry of an order authorizing the Debtors to file a Letter Agreement under seal.

3.　　Briefly, on September 8, 2017 ("Petition Date"), the Debtors each filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have operated their businesses and managed their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Other than owning all of the shares in Ironclad California, Ironclad Nevada has no business. All operations of the Debtors effectively function through Ironclad California.

4.　　The Debtors have filed their bankruptcy cases to consummate a sale of substantially all of their assets for the most money possible. Just prior to their bankruptcy filings, the Debtors entered into an asset sale agreement ("APA") with the Debtors' current and sole secured creditor, Radians Wareham Holding, Inc. ("Radians") or its affiliate/designee, subject to an overbid process. Contemporaneously herewith, the Debtors have filed a motion seeking Court approval of their proposed overbid procedures that the Debtors negotiated with

Radians prior to their bankruptcy filings. The Debtors' entire sale process is designed to maximize the Debtors' sale price for the benefit of the Debtors' creditors and shareholders.

5. Indeed, the Debtors expect that their asset sale to Radians or to a successful overbidder will result in all of the Debtors' creditors being paid in full and a significant distribution being made to the Debtors' shareholders. As set forth in the APA, the purchase price offered by Radians for the Debtors' assets is $20 Million Dollars or $15 Million Dollars based on the terms set forth in a Letter Agreement between the parties.

6. By this Motion, the Debtors are requesting authority to file the Letter Agreement under seal as provided for in Section 2.2 of the APA. Section 2.2 of the APA provides that Radians will pay either $20 Million Dollars or $15 Million Dollars for the Debtors' assets, as set forth in the Letter Agreement. The Letter Agreement is a very short side letter agreement between the Debtors and Radians which outlines the events which will set the purchase price at $20 Million Dollars or at $15 Million Dollars. I strongly believe that it would be highly prejudicial and harmful to the estates and their ability to maximize the purchase price obtained for the Debtors' assets should these events become matters of public record. Notwithstanding the foregoing, the terms of the Letter Agreement will be made available to the following "<u>Authorized Recipients</u>": (i) financially qualified overbidders who sign a non-disclosure agreement acceptable to the Debtors; (ii) the counsel to and members of any official committee formed in these cases who sign a non-disclosure agreement acceptable to the Debtors; and (iii) any other party acceptable to the Debtors, or as otherwise ordered by the Bankruptcy Court, who sign a non-disclosure agreement acceptable to the Debtors.

7. Given the magnitude of the potential purchase price reduction, I believe that it is critical to the preservation of the value of the Debtors' assets and to the ultimate distribution to the Debtors' shareholders (since creditors will be paid in full under either purchase price) that the

terms of the Letter Agreement remain confidential and sealed except to those who are Authorized Recipients of the Letter Agreement. The Debtors request that the Court review the Letter Agreement, *in camera*, and grant this Motion without delay.

8. A copy of the Letter Agreement with the confidential portions redacted is attached hereto as Exhibit A. The confidential information concerns the purchase price offered under the APA, and should not be publicly disclosed because it could dramatically impair the estates' ability to obtain the higher purchase price under the APA to the great harm and prejudice to these estates and their shareholders. Accordingly, the Debtors submit that approval of this Motion is necessary and critical to maximizing the value of these estates. If approved, the Debtors will file the Letter Agreement under seal and as instructed by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of September 2017 at Los Angeles, California.

_____
GEOFF GREULICH

# EXHIBIT "A"

## **LETTER AGREEMENT**

This Letter Agreement is entered into as of September 8, 2017, by and among Radians Wareham Holding, Inc., a Nevada corporation, or a Permitted Assignee as defined below ("Purchaser") and Ironclad Performance Wear Corporation, a California corporation, and Ironclad Performance Wear Corporation, a Nevada corporation (collectively, "Debtors"), and is entered into in conjunction with and in reference to that certain Asset Purchase Agreement of even date herewith between Purchaser and the Debtors (the "Agreement").



The first paragraph of Section 2.2 of the Agreement provides as follows: "The purchase price payable by Purchaser for the Purchased Assets shall be paid in the form of (i) a credit bid in an amount sufficient to pay in full the outstanding obligations under the DIP Facility and the Pre-Bankruptcy Secured Debt (the "Credit Bid"), plus (ii) application of the Buyer Deposit, plus (iii) cash, collectively, the "Aggregate Purchase Price", and shall be in an amount equal to Twenty Million Dollars ($20,000,000.00) or an amount equal to Fifteen Million Dollars ($15,000,000.00) as set forth in the letter agreement between the Debtors and Purchaser attached hereto as Exhibit 2.2, which letter agreement shall, subject to the approval of the Bankruptcy Court, be filed under seal with the Bankruptcy Court.  In addition to payment of the Aggregate Purchase Price, Purchaser shall assume the Assumed Liabilities at the Closing."

This Letter Agreement is the letter agreement referenced in Section 2.2 of the Agreement and which is to be attached as Exhibit 2.2 to the Agreement.



Purchaser and the Debtors hereby agree that subject to the approval of the Bankruptcy Court, this Letter Agreement will be filed under seal and will be made available only to the following: (i) financially qualified overbidders who sign a non-disclosure agreement acceptable to the Debtors; (ii) the counsel to and members of any official committee formed in the Chapter 11 Cases who sign a non-disclosure agreement acceptable to the Debtors; and (iii) any other

party acceptable to the Debtors, or as otherwise ordered by the Bankruptcy Court, who sign a non-disclosure agreement acceptable to the Debtors.

IN WITNESS WHEREOF, the parties hereto have executed this Letter Agreement as of the date first written above.

**PURCHASER:**

**RADIANS WAREHAM HOLDING, INC., a Nevada corporation**

By:_____
   Name: **Mike Tutor**
   Title: **Chief Executive Officer**

**SELLERS:**

**IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation**

By:_____
   Name: **L. Geoffrey Greulich**
   Title:  **Chief Executive Officer**

and
**IRONCLAD PERFORMANCE WEAR CORPORATION, a Nevada corporation**

By:_____
   Name: **L. Geoffrey Greulich**
   Title:  **Chief Executive Officer**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO FILE LETTER AGREEMENT UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF GEOFFREY GREULICH** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 11, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender**     rb@lnbyb.com
- **S Margaux Ross**     margaux.ross@usdoj.gov
- **United States Trustee (SV)**     ustpregion16.wh.ecf@usdoj.gov
- **Sharon Z. Weiss**     sharon.weiss@bryancave.com, raul.morales@bryancave.com

**2. SERVED BY UNITED STATES MAIL**: On **September 11, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 11, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served via Attorney Service*
Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☒ *Service List served by Overnight Mail attached*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 11, 2017 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

**Served by Overnight Mail:**

Ironclad Performance Wear (8300)
OUST, Secured & Top 20

United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017

U. S. Securities and Exchange Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

**Secured Creditor**
Radians Wareham Holding, Inc.
Attn: Mike Tutor, CEO
5305 Distriplex Farms
Memphis, TN 38141

**Counsel to Radians Wareham Holdings**
E. Franklin Childress, Jr.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Ave, Suite 2000
Memphis, Tennessee  38103

**Counsel to Radians Wareham Holdings**
Sharon Z. Weiss
Bryan Cave
120 Broadway, Suite 300
Santa Monica, CA 90401

**Top 20 Unsecured Creditors:**

Advantage Media Services, Inc.
Attn: Steven Helmle
29010 Commerce Center Drive
Valencia, CA 91355

Danny Negara
Mercindo Global Manufaktur
Jl. Raya Semarang-Bawen Km.29
SEemerang, Central Java
50661, Indonesia

Eliza Yang
Nantong Changbang Gloves Co.
Flat/RM 1602 Chit Lee Comm
Bldg 30-36, Shau Kei Wan Road
Hong Kong, China

Gerard
BDO USA, LLP
P. O. BOX 677973
Dallas, TX 75267-7973

Kwong
PT JJ GLOVES INDO
JL Ronggowarsito, Mlese, Ceper
Bonded Zone, Klaten
Central Java, Indonesia, 57463

Mark Robba
PT SPORT GLOVE INDONESIA
Krandon Desa Pandowoharjo
Sleman
Yogyakarta, Indonesia, 55512

Daniel Gomes
Capital One Bank
P. O. BOX 1917
Merrifield, VA 22116-1917

Brent Waters
Resources Global Professionals
P.O. Box 740909
Los Angeles, CA 90074-0909

Skadden Arps Slate Meagher & Flom LLP
P O Box 1764
White Plains, NY 10602

Carol Pearson
FedEx
PO Box 7221
Pasadena, CA 91109-7321

Risk Consulting Partners
24722 Network Place
Chicago, IL 60673-1247

Robert Tejeda
Stubbs, Alderton & Markiles, LLP
15260 Ventura Blvd
20th Floor
Sherman Oaks, CA 91403

Ms. Vicz Yue
Ka Hung Glove Inustrial Co. Ltd.
Fujian Quanzhou Jiacheng Leather
Chi Feng Road, Quanzhou City
Fujian, 362000, China

Shur-Sales & Marketing, Inc.
3830 S Windermere St.
Englewood, CO 80110

John Calhoun
Synetra
1110 E. State Highway 114
Suite 200
Southlake, TX 76092

Sky Lin
Marusan - Mimasu Tshusho Co. Ltd.
No 1 Queen' Road Central
Hong Kong
China

Carla Durand
University of Milwaukee
P O Box 500
University of Wisconsin - Milwaukee
Milwaukee, WI 53201

Bradley J. S. Weiss
Winspeed Sports Shanghai Co., Ltd.
858 Mingzhu Road
Shanghai
China, 00020-1702

Janice Lee
Woneel Midas Leathers
Jl Gembor Raya Desa Pasirjaya
Tangerang
Banten, Indonesia, 15135

Liliana Dominguez
Yellow and Roadway
P. O. Box 100129
Pasadena, CA 91355

1920 Hutton Court
Attn: Johnny Clark
Inwood National Bank
P O Box 857413
Richardson, TX 75085