RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email:  rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com

Proposed Counsel for Chapter 11 Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation,<br><br>     Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a Nevada corporation,<br><br>     Debtor and Debtor in Possession.<br>_____<br><br>☒  Affects both Debtors<br><br>☐ Affects Ironclad Performance Wear Corporation, a California corporation only<br><br>☐ Affects Ironclad Performance Wear Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br><br>Jointly administered with:<br>1:17-bk-12409-MB<br><br>(Ironclad Performance Wear Corporation, a Nevada corporation)<br><br>Chapter 11 Cases<br><br>**NOTICE OF APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY CRAIG-HALLUM CAPITAL GROUP LLC AS FINANCIAL ADVISOR PURSUANT TO 11 U.S.C. § 327 WITH COMPENSATION PURSUANT TO 11 U.S.C. § 328**<br><br>[No Hearing Required Unless Requested Pursuant to Local Bankruptcy Rule 2014-1] |

**PLEASE TAKE NOTICE** that Ironclad Performance Wear Corporation, a California corporation ("Ironclad California") and its parent corporation Ironclad Performance Wear Corporation, a Nevada corporation ("Ironclad Nevada", and with Ironclad California, collectively, the "Debtors") the debtors and debtors in possession in the above-captioned, jointly-administered, chapter 11 bankruptcy cases, have filed an application (the "Application") for Court approval of their employment and compensation of Craig-Hallum Capital Group LLC ("C-H") as their financial advisor, effective as of September 8, 2017 (the "Petition Date"), the date that the Debtors filed their voluntary bankruptcy petitions, upon the terms and conditions described in the Application.

The Application is based on this Notice, the Application and all pleadings filed in support of the Application, the entire record of this case, the statements, arguments and representations of counsel to be made at the hearing on the Application, if any, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that any request for a copy of the Application must be made in writing to Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., Suite 1700, Los Angeles, California 90067, Attention: Krikor J. Meshefejian, Telephone No. (310) 229-1234, Facsimile No. (310) 229-1244, Email: KJM@LNBYB.COM.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2014-1(b)(3), any party asserting an objection to the Application and/or wishing to request a hearing thereon, must, not later than fourteen (14) days from the date of service of this Notice, file a written objection or request for hearing with the Clerk of the Bankruptcy Court in the form required by Local Bankruptcy Rule 9013-1(f)(1), and serve such objection or request for hearing on the Office of the United States Trustee, as well as proposed counsel for the Debtors whose name and address appear at the top, left-hand corner of the first page of this Notice.

**PLEASE TAKE FURTHER NOTICE** that failure to file and serve an objection or request for hearing within this fourteen (14) day period may be deemed by the Court to be consent to the relief requested herein.

**Background Information**

The Debtors commenced their bankruptcy cases by filing voluntary petitions under Chapter 11 of the Bankruptcy Code on September 8, 2017 (the "Petition Date").  The Debtors continue to operate their business, manage their financial affairs and operate their bankruptcy estates as debtors in possession.  The Debtors are pursuing a sale of their businesses.

**The Debtors' Need And Request To Employ a Financial Advisor**

To insure that the Debtors are able to consummate a sale of their assets for highest and best price, the Debtors commenced marketing immediately.  The Debtors require the assistance of an experienced financial advisor to assist the Debtors in this process.  The Debtors have decided that C-H is the ideal company to serve as the Debtor's financial advisor taking into account firm size, experience, skill level, and cost.  In that regard, the Debtors seek to employ C-H as their financial advisor, at the expense of the Debtors' bankruptcy estates, and to have the Debtors' employment of C-H be deemed effective as of the Petition Date.

C-H has been working with the Debtors in the three-month period leading up to the bankruptcy filings, and C-H has done extensive due diligence with the Debtor's management team and board of directors.  Thus, C-H is uniquely positioned to act as the Debtors' financial advisor immediately without any delay on account of learning about the Debtors' situation.

The Debtors seek to employ C-H on the terms set forth in the engagement letter (the "Engagement Letter"), a true and correct copy of which is attached as **Exhibit "1"** to the declaration of Steve Rickman (the "Rickman Declaration") annexed to the Application, except to the extent specifically modified in the Application.  The Debtors seek to employ C-H as their financial advisor to render, among others, the following types of professional services:

      a.    identify acquirers, which in the opinion of C-H and the Debtors, are most likely to acquire the Debtors;

      b.    assist the Debtors in formulating a strategy for soliciting interest from acquirers, whether approached by C-H or whether the Debtors are approached proactively, which

3

may have an interest in acquiring the Debtors (the "Potential Acquirers"), and the development of procedures and timetable for marketing the Debtors to the Potential Acquirers;

c.    if requested, assist in the preparation of management's confidential memorandum describing the Debtors;

d.    introduce the Debtors to Potential Acquirers, and coordinate due diligence investigations of the Debtors by Potential Acquirers;

e.    along with the Debtors, evaluate proposals from interested parties regarding a "Sale or Restructuring" (as that term is defined in the Engagement Letter), formulate negotiation strategies, and assist in negotiations and closing of a Sale or Restructuring; and

f.    if the Debtors pursue a stand-alone restructuring, C-H will advise and assist the Debtors in developing and seeking approval of a restructuring plan (a "Plan"), which may be a plan under chapter 11 of the Bankruptcy Code; in structuring any new securities to be issued under the Plan; in providing valuation analyses with respect to the Debtors, their assets or businesses; in seeking and evaluating the terms of any exit financing; and will participate in hearings before the bankruptcy court with respect to the matters upon which C-H has provided advice, including, as relevant, providing testimony in connection therewith in coordination with the Debtors' counsel.

C-H is comprised of over 100 professionals headquartered in Minneapolis with offices in Boston, Greenwich, and Philadelphia.  C-H specializes in middle-market mergers, acquisitions, financial lending restructurings, and capitalizations in myriad industries.  C-H has vast experience in serving as a financial advisor, including in the arena of manufacturing for retail sales.

The Debtors and C-H anticipate that Steve Rickman will be the lead professional providing services on this engagement and will be assisted by Rick Hartfiel, Scott Ames, and Connor Oak.  Mr. Rickman is the Managing Director of Investment Banking Mergers and Acquisitions at C-H and has over 20 years of experience advising companies on strategic mergers and acquisitions, private and public financing, and strategic advisory.  Mr. Rickman has

completed over 70 transactions with an aggregate deal value of more than $4 billion.  The firm resume for C-H and the professional biographies of Messrs. Rickman and Hartfiel are collectively attached as **Exhibit "2"** to the Rickman Declaration.

### Disclosures Regarding C-H's Compensation and Disinterestedness

C-H has no retainer and has not been paid any money by the Debtors at any time.  C-H will be compensated with a "Sale or Restructuring Fee" in the amount of $275,000 plus 2.5% of the "Aggregate Transaction Value" (as that term is defined in the Engagement Letter) in excess of $20 million up to $22.5 million, plus 4.5% of the Aggregate Transaction Value in excess of $22.5 million.  The definition of the "Aggregate Transaction Value" is set forth in section "E" of the Engagement Letter.

**The Debtors and C-H are requesting that the entire Sale or Restructuring Fee be paid in cash to C-H at the closing of the Sale or Restructuring pursuant to 11 U.S.C. § 328 without the need for a fee application.  In the event that the Court requires a formal fee application, the Debtors and C-H shall comply with the Court's wishes**.

In addition to any fees payable to C-H, and regardless of whether a Sale or Restructuring is consummated, the Debtors hereby agree to promptly upon receipt of invoice, reimburse C-H for its out-of-pocket expenses incurred in connection with this engagement, including database communication and travel expenses and the fees and expenses of C-H's legal counsel.

The Engagement Letter contains terms for exculpation, indemnification, and contribution by the Debtors to C-H, as set forth in Appendix 1 to the Engagement Letter.  The Debtors will exculpate and indemnify C-H for any action, claim, suit, investigation, or proceeding, actual or threatened by any person against C-H, except for those matters finally determined by a court or arbitral tribunal to have resulted primarily and directly from the willful misconduct or gross negligence of C-H.  The description of the exculpation, indemnification, and contribution terms of Appendix 1 set forth in this paragraph 20 is only a general summary; parties wishing to know the full terms of Appendix 1 are directed to read the Engagement Letter attached as Exhibit "1" to the Rickman Declaration.

During the one-year period prior to the Petition Date, the Debtors did not pay anything to C-H in contemplation of or in connection with the Debtors' chapter 11 cases. C-H has not received any lien or other interest in property of the Debtors or of a third party to secure payment of C-H's fees or expenses, except for the consent of the secured lender, as set forth in paragraph 21 of the Application, above.

Prior to the Petition Date, the Debtors and C-H entered into an engagement letter (the "Prepetition Engagement Letter") with respect to C-H's services for the Debtors. Upon approval by the Court, the Debtors will retain C-H (effective as of the Petition Date) pursuant to the Engagement Letter, which will amend and supersede the Prepetition Engagement Letter, at which time C-H will not hold a prepetition claim against the Debtors.

C-H is further requesting that the entire Sale or Restructuring Fee be paid to C-H in cash at the closing of the Sale or Restructuring. C-H requests Court authority not to have to maintain time records, recognizing that C-H will be maintaining a log of its activities in terms of Potential Acquirers contacted and further interactions with them.

C-H has not shared or agreed to share its compensation for representing the Debtors with any other person or entity, except among its partners and employees. C-H understands that its employment by the Debtors and ultimate compensation of the Sale and Restructuring Fee and reimbursement of expenses are all subject to Court approval.

To the best of the Debtors' knowledge, information, and belief, C-H is not a creditor, an equity security holder or an insider of the Debtors. John Flood, who is C-H's chairman, owns 100,000 shares of Ironclad Nevada's common stock. With more than 85 million shares issued and outstanding, Mr. Flood's shares represent approximately .1% of Ironclad Nevada's common stock.

To the best of the Debtors' knowledge, information, and belief, C-H is not and was not an investment banker for any outstanding security of the Debtors and has not been within three years before the Petition Date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the

Debtors.

To the best of the Debtors' knowledge, information, and belief, neither C-H nor any member of C-H is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

To the best of the Debtors' knowledge, information, and belief, C-H does not hold or represent any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason, and is otherwise a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

The Debtors' knowledge, information, and belief regarding the matters set forth herein are based upon, and made in reliance on, the Rickman Declaration. The Rickman Declaration discloses C-H's connections, if any, to the Parties-In-Interest (as defined in the Rickman Declaration). Given the large number of parties in interest in these chapter 11 cases, despite the efforts to identify and disclose C-H's relationships with parties in interest in these chapter 11 cases, C-H is unable to state with absolute certainty that every client relationship or other connection has been disclosed in the Rickman Declaration. C-H, therefore, has informed the Debtors that C-H will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, C-H will promptly file a supplemental declaration with the Court.

The Debtors believe that their employment of C-H upon the terms and conditions set forth in the Application is in the best interest of the Debtors' estates.

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, the Debtors respectfully request that the Court approve the Debtors' employment of C-H as their financial advisor effective as of the Petition Date upon the terms and conditions set forth in the Application pursuant to 11 U.S.C. § 327(a) with compensation pursuant to 11 U.S.C § 328.

Dated: September 29, 2017

IRONCLAD PERFORMANCE WEAR CORPORATION, et al.

By: ___/s/ Ron Bender_____
    RON BENDER
    MONICA Y. KIM
    KRIKOR J. MESHEFEJIAN
    LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.
    Proposed Counsel for Chapter 11 Debtors
    and Debtors in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY CRAIG-HALLUM CAPITAL GROUP LLC AS FINANCIAL ADVISOR PURSUANT TO 11 U.S.C. § 327 WITH COMPENSATION PURSUANT TO 11 U.S.C. § 328; DECLARATION OF STEVE RICKMAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 29, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender    rb@lnbyb.com**
- **Cathrine M Castaldi    ccastaldi@brownrudnick.com**
- **Russell Clementson    russell.clementson@usdoj.gov**
- **Aaron S Craig    acraig@kslaw.com, lperry@kslaw.com**
- **Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com**
- **Krikor J Meshefejian    kjm@lnbrb.com**
- **Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com**
- **S Margaux Ross    margaux.ross@usdoj.gov**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
- **Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com**

**2.  SERVED BY UNITED STATES MAIL**: On **September 29, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 29, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served via Attorney Service***
Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| September 29, 2017 | Jason Klassi | /s/ Jason Klassi |
| *Date* | *Type Name* | *Signature* |

**Served by Overnight Mail:**

Ironclad Performance Wear (8300)
OUST, Secured & Top 20

United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017

U. S. Securities and Exchange
Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

**Secured Creditor**
Radians Wareham Holding, Inc.
Attn: Mike Tutor, CEO
5305 Distriplex Farms
Memphis, TN 38141

**Counsel to Radians Wareham Holdings**
E. Franklin Childress, Jr.
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
165 Madison Ave, Suite 2000
Memphis, Tennessee  38103

**Counsel to Radians Wareham Holdings**
Sharon Z. Weiss
Bryan Cave
120 Broadway, Suite 300
Santa Monica, CA 90401

**Top 20 Unsecured Creditors:**

Advantage Media Services, Inc.
Attn: Steven Helmle
29010 Commerce Center Drive
Valencia, CA 91355

Danny Negara
Mercindo Global Manufaktur
Jl. Raya Semarang-Bawen Km.29
SEemerang, Central Java
50661, Indonesia

Eliza Yang
Nantong Changbang Gloves Co.
Flat/RM 1602 Chit Lee Comm
Bldg 30-36, Shau Kei Wan Road
Hong Kong, China

Gerard
BDO USA, LLP
P. O. BOX 677973
Dallas, TX 75267-7973

Kwong
PT JJ GLOVES INDO
JL Ronggowarsito, Mlese, Ceper
Bonded Zone, Klaten
Central Java, Indonesia, 57463

Mark Robba
PT SPORT GLOVE INDONESIA
Krandon Desa Pandowoharjo
Sleman
Yogyakarta, Indonesia, 55512

Daniel Gomes
Capital One Bank
P. O. BOX 1917
Merrifield, VA 22116-1917

Brent Waters
Resources Global Professionals
P.O. Box 740909
Los Angeles, CA 90074-0909

Skadden Arps Slate Meagher & Flom
LLP
P O Box 1764
White Plains, NY 10602

Carol Pearson
FedEx
PO Box 7221
Pasadena, CA 91109-7321

Risk Consulting Partners
24722 Network Place
Chicago, IL 60673-1247

Robert Tejeda
Stubbs, Alderton & Markiles, LLP
15260 Ventura Blvd
20th Floor
Sherman Oaks, CA 91403

Ms. Vicz Yue
Ka Hung Glove Inustrial Co. Ltd.
Fujian Quanzhou Jiacheng Leather
Chi Feng Road, Quanzhou City
Fujian, 362000, China

Shur-Sales & Marketing, Inc.
3830 S Windermere St.
Englewood, CO 80110

John Calhoun
Synetra
1110 E. State Highway 114
Suite 200
Southlake, TX 76092

Sky Lin
Marusan - Mimasu Tshusho Co. Ltd.
No 1 Queen' Road Central
Hong Kong
China

Carla Durand
University of Milwaukee
P O Box 500
University of Wisconsin - Milwaukee
Milwaukee, WI 53201

Bradley J. S. Weiss
Winspeed Sports Shanghai Co., Ltd.
858 Mingzhu Road
Shanghai
China, 00020-1702

Janice Lee
Woneel Midas Leathers
Jl Gembor Raya Desa Pasirjaya
Tangerang
Banten, Indonesia, 15135

Liliana Dominguez
Yellow and Roadway
P. O. Box 100129
Pasadena, CA 91355

1920 Hutton Court
Attn: Johnny Clark
Inwood National Bank
P O Box 857413
Richardson, TX 75085