SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:    (213) 623-9300
Facsimile:    (213) 623-9924

Proposed Attorneys for the
Official Committee of Equity Holders

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation,<br><br>Debtor and Debtor in Possession.<br><br>In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a Nevada corporation,<br><br>Debtor and Debtor in Possession.<br><br>☒ Affects both Debtors<br><br>☐ Affects IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation corporation only<br><br>☐ IRONCLAD PERFORMANCE WEAR CORPORATION, a Nevada corporation | Lead Case No.: 1:17-bk-12408-MB (Proposed to be) Jointly administered with: 1:17-bk-12409-MB; Chapter 11 Cases<br><br>**OFFICIAL COMMITTEE OF EQUITY HOLDERS LIMITED OBJECTION AND RESERVATION OF RIGHTS RE DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER: (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 364, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364; (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364; (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND 4001(C); AND (IV) GRANTING RELATED RELIEF**<br><br>Continued Hearing:<br>Date:    October 6, 2017<br>Time:    10:00 a.m.<br>Place:   Courtroom 303<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA 90012 |

105312768\V-1

The Official Committee of Equity Holders (the "Equity Committee") of Ironclad Performance Wear Corporation, a Nevada Corporation ("Ironclad Nevada"), by and through its undersigned counsel Dentons US LLP, respectfully submits its limited objection and reservation of rights (the "Limited Objection") with respect to the *Emergency Motion For Entry Of An Interim Order: (I) Authorizing The Debtors To (A) Obtain Post-Petition Financing Pursuant To 11 U.S.C. §§[1] 105, 361, 362 And 364, And (B) Utilize Cash Collateral Pursuant To 11 U.S.C. §§ 361, 362, 363 And 364; (II) Granting Adequate Protection Pursuant To 11 U.S.C. §§ 361, 362, 363 And 364; (III) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) And 4001(c); And (IV) Granting Related Relief* (the "Cash Collateral Motion") filed by the above-referenced debtors (collectively, the "Debtors"). [Docket No. 7]. In support of the Limited Objection, the Equity Committee respectfully states as follows:

## I.

## STATEMENT OF FACTS

### A. GENERAL BACKGROUND.

1. On September 8, 2017 (the "Petition Date"), Ironclad Performance Wear Corporation, a California corporation, filed a voluntary petition under chapter 11 of the Bankruptcy Code, commencing Case No. 1:17-bk-12048-MB in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

2. On September 8, 2017, Ironclad Nevada filed a voluntary petition in the Bankruptcy Court under chapter 11 of the Bankruptcy Code, commencing Case No. 1:17-bk-12049-MB (the "Nevada Case").

3. On September 11, 2017, the Debtors filed their *Ex Parte Motion For Entry Of An Order For Joint Administration Of Cases*. Docket No. 5.

---

[1] All references to "section or "§" herein are to sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code").

- 2 -

105312768\V-1

4. On September 12, 2017, the Court entered an *Order Approving Joint Administration of Cases Authorizing Joint Administration Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 1015(b)*. Docket No. 25.

5. On September 20, 2017, the Office of the United States Trustee filed its *Notice of Appointment of Official Committee of Equity Holders* (the "Notice of Appointment"). Docket No. 59. The Notice of Appointment provides for the appointment of the Equity Committee in Ironclad Nevada.

6. On September 22, 2017, the Office of the United States Trustee filed its *Notice of Appointment of Creditors' Committee*. Docket No. 62.

7. The 341(a) Meeting of Creditors is scheduled for October 11, 2017. Docket No. 27.

B. **RELEVANT FACTS RELATED TO CASH COLLATERAL MOTION.**

8. On September 11, 2017, the Debtors filed the *Omnibus Declaration Of L. Geoff Greulich In Support Of Debtor' Emergency "First Day" Motions* (the "Greulich Declaration"). Docket No. 6. The Grelich Declaration attached as Exhibit "7" that certain *Debtor-In-Possession Credit Agreement and Agreement For the Use of Cash Collateral* (the "DIP Loan"), dated September 8, 2017, between the Debtors and Radians Wareham Holding, Inc. ("Radians"). That certain Asset Purchase Agreement (the "APA") between the Debtors and Radians is attached as Exhibit "A" to the DIP Loan.

9. According to the Greulich Declaration, prior to the Petition Date, on July 25, 2017, Radians acquired the Debtors' prepetition secured debt from Capital One, N.A.. *See* Greulich Declaration, at 7-8. Docket No. 6. The Debtors and Radians then entered into a series of short forbearance agreements that ultimately expired on August 24, 2017. *Id.* While the Debtors were in negotiations with a number of prospective lenders and prospective buyers and/or merger partners, Radians began exercising remedies upon the expiration of the forbearance period and started "sweeping" the Debtors' cash. *Id.*

10. On September 11, 2017, the Debtors filed the Cash Collateral Motion. Docket No. 7. In addition to the Greulich Declaration filed in support of the Cash Collateral Motion, the

- 3 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  Debtors filed the declaration of Monica Kim attaching certain UCC-1 financing statements and amendments (the "Kim Declaration"). Docket No. 8.

11. On September 11, 2017, the Debtors filed the *Emergency Motion For Entry Of An Interim Order: (I) Authorizing The Debtors To (A) Obtain Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362 And 364, And (B) Utilize Cash Collateral Pursuant To 11 U.S.C. §§ 361, 362, 363 And 364; (II) Granting Adequate Protection Pursuant To 11 U.S.C. §§ 361, 362, 363 And 364; (III) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) And 4001(c); And (IV) Granting Related Relief Filed by Debtor Ironclad Performance Wear Corporation, a California corporation, 10 Emergency motion / Debtors' Motion For An Order: (1) Approving Form Of Asset Purchase Agreement For Stalking Horse Bidder And For Prospective Overbidders To Use, (2) Approving Auction Sale Format, Bidding Procedures, And Stalking Horse Bid Protections; (3) Approving Form Of Notice To Be Provided To Interested Parties; And (4) Scheduling A Court Hearing To Consider Approval Of The Sale To The Highest Bidder* (the "Bidding Procedures and APA Motion"). Docket No. 15.

12. On September 13, 2017, the Court entered the *Interim Order: (I) Authorizing The Debtors To (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 And 364, And (B) Utilize Cash Collateral Pursuant To 11 U.S.C. §§ 361, 362, 363 And 364; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364; (III) Scheduling A Final Hearing Pursuant to Bankrutpcy Rules 4001(b) And 4001(c); And (IV) Granting Related Relief.* Docket No. 31.

13. On September 27, 2017, the Court entered the *Second Interim Order (1) authorizing the Debtors to (A) Obtain Postpetition Financing PUrsuant to 11 U.S.C. §§ 105, 361, 362 and 364 and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. §§ 361, 362,363 and 364; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 167 0167 361, 362, 363 and 364; (III) Scheduling A Final Hearing Pursuant to Bankruptcy Rules 40401(b) and 4001(c); and (IV) Granting Related Relief.* Docket No. 70.

- 4 -

14. On September 28, 2017, the Court entered an order approving the Bidding Procedures and APA Motion (the "Bid Procedures Order"). Docket No. 71. Paragraph 6 of the Bid Procedures Order provides:

> In accordance with Section 11.2 of the APA, in the event that the APA is terminated by the Debtors and the Debtors pursue an Alternative Transaction (defined as a competing bid that is higher or better than the stalking horse bid after consideration by the Debtors [in consultation with the OCUC and the OCEH] and the Court), the Debtors shall immediately become obligated to pay Radians the Break-Up Fee in accordance with the terms of the APA and this Order, recognizing that the Debtors shall pay the Break-Up Fee to Radians in connection with the closing or consummation of such Alternative Transaction. In the event that the APA is terminated pursuant to any other provision of Section 11.1, Radians shall not be entitled to the Break-Up Fee.

15. On September 28, 2017, the Debtors filed the *Stipulation Extending Deadline For Official Committee Of Unsecured Creditors And Official Committee Of Equity Holders To File An Objection To Entry Of A Final Order: (I) Authorizing The Debtors To (A) Obtain Postpetition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362 And 364, And (B) Utilize Cash Collateral Pursuant To 11 U.S.C. §§ 361, 362, 363 And 364; (II) Granting Adequate Protection Pursuant To 11 U.S.C. §§ 361, 362, 363 And 364; (III) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) And 4001(c); And (IV) Granting Related Relief.* Docket No. 72.

## II.

## **OBJECTIONS TO DIP LOAN PROVISIONS**

Acknowledging that Congress, in Chapter 11, delicately balanced the hope of debtors to reorganize and the expectations of creditors for payment, the courts have focused their attention on proposed financing terms that would tilt the conduct of the bankruptcy case; prejudice, at an early stage, the powers and rights that the Bankruptcy Code confers for the benefit of all creditors; or leverage the Chapter 11 process by preventing motions by parties-in-interest from being decided on their merits. *See, e.g., In re Ames Dept. Stores, Inc.*, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (*citing In re Tenney Village Co., Inc.*, 104 B.R. 562, 568 (Bankr. D.N.H. 1989)). Thus, a court should approve a proposed debtor-in-possession financing only if such financing is in the best interests of the general creditor body. *In re Roblin Industries, Inc.*, 52 B.R. 241, 244

105312768\V-1

(Bankr. W.D.N.Y. 1985); *In re LandSource Communities Dev. LLC* (Bankr. D. Del. July 25, 2008) (KJC) (refusing to approve debtor in possession financing that was "not fair and reasonable" under the circumstances). Moreover, the proposed financing must be "fair, reasonable, and adequate." *In re Crouse Group, Inc.*, 71 B.R. 544, 546 (Bankr. E.D. Pa. 1987).

The Equity Committee does not dispute that the Debtors need post-petition financing in these cases, but the terms of the financing should not deprive the estates of possible rights and powers. As a consequence, the Equity Committee requests that certain provisions described below be modified or eliminated.

1. **Preservation of the Right to Challenge the Validity and Enforceability of Liens.**

Section 5.2 provides that the Debtors "acknowledge the validity and enforceability of the security interest in the Pre-Petition Collateral granted in favor of the Lender under the Pre-Petition Loan Documents." Section 5.2 (b), Use Of Cash Collateral, Acknowledgments of Borrowers as to the Revolving Loan and the Pre-Petition Loan Documents.

The Second Interim Order provides that "Nothing in this Order shall impair or prejudice the rights of any creditor, future trustee or shareholders, individually or through any official committee appointed in these Cases to "challenge the validity, perfection or enforceability of the Lender's pre-petition liens [.]" Docket No. 70, Second Interim Order, at 18.

For the avoidance of doubt, the Equity Committee requests that the foregoing language in any final order incorporate additional language to clarify that the Equity Committee and creditors may pursue claims and causes of action in their individual capacity and on behalf of the estate to challenge the validity, perfection or enforceability of Radians' prepetition liens.

2. **Lien Challenges By Parties Other Than The Debtors Should Not Constitute An Event of Default.**

   *a.    Section 10.1(f).*

Section 10.1(f) provides that the following event constitutes an Event of Default: "Borrowers shall institute any proceeding or investigation or *support the same by any other Person* who may challenge the status, validity, perfection or priority of the Liens on the Collateral

- 6 -

105312768\V-1

created by the Loan Documents, or the Financing Order securing the Obligations." DIP Loan, Art. X, § 10.1 (f), Event of Default.

This language -- that provides that an Event of Default includes the Debtors "support" of any person who challenges Radians' liens -- is overly broad. For example, the Equity Committee may need to conduct an investigation and request information from the Debtors, and the overly broad language could be construed to mean that the Debtors cannot provide the information or assist the Equity Committee or other party as otherwise appropriate. The Debtors must be able to fulfill their statutory duties and reasonably cooperate in any investigation without being in default. Thus, the Equity Committee respectfully requests that the language "or support the same by any other Person" be modified so that it is clear cooperation with other constituents does not constitute an event of default.

### b. Section 10.1(k).

The DIP Loan Agreement includes as an Event of Default "the entry an order staying, reversing, or vacating the Credit Advances, any Liens securing the Obligations (or the validity or first priority status thereof) or the Financing Order." DIP Loan, Art. X, § 10.1(k). This provision should contain an express exemption for challenges initiated by the Equity Committee, the Creditors' Committee, individual creditors, and equity security holders, in their individual capacities or on behalf of the estates.

### 3. Modification Of The November 15 Deadline Should Not Constitute An Event of Default Under Specified Circumstances.

The construction of three provisions in the DIP Loan provide Radians with the sole authority to accelerate the Loans and trigger the default interest rate if the Sale Order is not entered by November 15, 2017 (the "November 15 Deadline"):

- "Outside Date" means the date that is 120 days following the Closing Date (unless extended by one optional 30-day extension at the request of the Borrowers, and granted in the sole discretion of the Lender)." DIP Loan, Art. I, *Definitions And Accounting Terms*, at 6.

- 7 -

- "Except as otherwise set forth [therein] or in the Financing Order, *the Post-Petition Obligations*, together with any fees, costs or expenses due Lender under the Post-Petition Note, *shall be due and payable on the earlier date to occur of* (i) the date of the Closing of the Asset Sale; (ii) the Outside Date (the "Maturity Date"); or (iii) upon acceleration of the Post-Petition Note pursuant to the terms hereof. DIP Loan, Art. II, *Amounts And Terms of Credit Advances*, § 2.3(e), Interest, at 9 (emphasis added).

- "[T]he failure of Borrowers to have the Bankruptcy Court enter an order not later than November 15, 2017 or such later date as may be agreed upon in writing by the parties hereto (the "Sale Order") approving a sale of substantially all of Borrower's assets and providing for the *immediate* repayment in full of the Obligations from the proceeds of such sale" constitutes an Event of Default. DIP Loan, Art. X, *Events of Default*, § 10.1(n) (emphasis added).

The aforementioned provisions present at least two issues. First, the APA contemplates that the Debtors may terminate the APA with Radians and pursue an Alternative Transaction. *See* Bid Procedures Order, Section 11.2. Thus, any final agreement should provide sufficient flexibility, so that the November 15 Deadline can be extended or eliminated (*e.g.*, the Debtors file a plan of reorganization) and not constitute an Event of Default. Moreover, the November 15 Deadline is inappropriate considering Radians is protected by the Break-Up Fee granted in the Bid Procedures Order. Specifically, if Radians it not the winning bidder, Radians will receive a $500,000 Break-Up Fee. *See* Bid Procedures Order at ¶ 5(g). Thus, Radians could both collect a $500,000 Break-Up Fee, and commence foreclosure proceedings if the November 15 Deadline is not met.

Second, the meaning of "immediate" repayment to Radians is not clear. "Immediate" repayment may not be a problem if "immediate" means within 48 hours of the Debtors' receipt of the funds the Debtors will pay Radians. If "immediate" has a different definition, then this must clarified to ensure that it does not cause practical problems.

105312768\V-1

### 4. **Immediate Termination Of The Automatic Stay Is Inappropriate.**

Under the "Interim Order," if an Event of Default is not cured within three (3) business days or the Debtors fail to notify the Lender in writing as to the nature of the dispute with the Notice of Default and file an emergency motion with the Bankruptcy Court, the "automatic stay shall terminate," and the Lender shall be permitted to exercise any remedies permitted by law." Interim Order, *Event of Default*, ¶ (j).

The remedy of immediate relief from the automatic stay premised on the Events of Default is egregious, particularly where Radians is oversecured and any such relief would destroy any value in these estates. Indeed, in the Event of Default, the Debtors only recourse is to contest the Event of Default, which strips the Debtors, the Equity Committee and other parties of the right to oppose relief from automatic stay under the applicable standards. After discussions with the Debtors and Radians, it appears that Radians is willing to agree that, in the Event of Default, the Equity Committee and the Creditors' Committee would not only have the right to contest the default (as the estates do), but can also (within the same filing period) object to lifting of the stay in favor of Radians and have the Court decide whether termination of the stay is warranted. The foregoing proposal is acceptable to the Equity Committee provided that the period within which to cure or file any type of motion is extended from three (3) business days to five (5) business days.

### 5. **The 506 (c) Surcharge Waiver Is Objectionable.**

The DIP Loan provides that Borrowers will not seek or consent to a priority claim or administrative claim or unsecured claims against Borrowers, including, without limitation, any administrative expense of the kind specified in, among others, Section 506(c) "superior to the priority claim of the Lender in respect of the Obligations, except with respect to the Carve Out." DIP Loan, Art. VIII, § 8.15(b), at 21. An Event of Default is "the entry of an order granting any other super-priority claim or Lien equal or superior in priority to the Lien securing the Obligations granted to the Lender, other than the Carve Out, without the Lender's prior written consent [.]. DIP Loan, Art. X, Events of Default, § 10.1 (j).

- 9 -

105312768\V-1

1  To the extent that this is construed as a section 506(c) surcharge waiver, the Equity
Committee objects to this provision.

6. **Radians' Proposed Lien Should Not Attach To Certain Assets.**

According to the documents filed by the Debtors, Capital One filed a UCC-1 in California and a UCC-1 in Nevada, both of which were assigned to Radians by UCC-3. See Kim Declaration, at 2. There are not any perfection documents that cover trademarks or patents (the "IP"). The DIP Loan, however, purports to grant a security interest in the Debtors' IP. There is no dispute that Radians is oversecured and has more than sufficient collateral, and, thus, the Debtors should not be required to provide a lien on additional collateral.

7. **Debtors' Release and Waiver of Future Claims Is Unwarranted.**

The proposed releases of Radians include not just claims arising with respect to the prepetition loan obligations, but also a release from "any and all claims" against such parties and the released parties. DIP Loan, Art. IX, Miscellaneous, § 11.13. The releases include a laundry list of affiliates but does not limit those release obligations to those parties in the capacity as representatives of Radians and solely in capacity with respect to the loans. Moreover, the Debtors propose to wave not only claims and causes of action arising out of or related to Radians' pre-petition loan documents, but also the proposed debtor-in-possession loan documents. If effect, this is asking the estates to waive claims for future torts and breaches of the debtor-in-possession loan documents, and as such, the proposed waiver is inappropriate. Moreover, any waiver by the estates should not be effective until the Equity Committee and the Creditors' Committee have sufficient time to investigate and challenge Radians' liens, if necessary.

8. **The Equity Committee Must Receive Notice.**

The Equity Committee should receive notice a default and have standing to challenge any default as set forth above.

### III.

### RESERVATION OF RIGHTS

Nothing in this Objection should be construed as a waiver of any of the Equity Committee's rights, claims, interests or arguments with respect to the Motion or any other issue in

- 10 -

105312768\V-1

these Debtors' Chapter 11 Cases, all such rights being expressly reserved. The Equity Committee reserves the right to supplement, modify, and amend this Objection in writing or orally at any hearing on the Motion.

## IV.

## **CONCLUSION**

Based on the foregoing, the Equity Committee respectfully requests that the Court grant the relief requested herein.

Dated: October 3, 2017

                DENTONS US LLP
                SAMUEL R. MAIZEL
                TANIA M. MOYRON


                By:    */s/ Tania M. Moyron*
                         TANIA M. MOYRON

                ATTORNEYS FOR OFFICIAL
                COMMITTEE OF EQUITY HOLDERS

105312768\V-1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017:

A true and correct copy of the foregoing document entitled (*specify*): **OFFICIAL COMMITTEE OF EQUITY HOLDERS LIMITED OBJECTION AND RESERVATION OF RIGHTS RE DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER: (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 364, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 361,362, 363 AND 364; (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364; (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND 4001(C); AND (IV) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 3, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ron Bender    rb@lnbyb.com
- Cathrine M Castaldi    ccastaldi@brownrudnick.com
- Russell Clementson    russell.clementson@usdoj.gov
- Aaron S Craig    acraig@kslaw.com, lperry@kslaw.com
- Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com
- Krikor J Meshefejian    kjm@lnbrb.com
- S Margaux Ross    margaux.ross@usdoj.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **October 3, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 3, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**BY PERSONAL DELIVERY**
Hon. Martin R. Barash
US Bankruptcy Court
Central District of California
21041 Burbank Blvd., Suite 342/Ctrm. 303
Woodland Hills, CA 91367

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

105319635\V-1

**F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 3, 2017 | Christina O'Meara | /s/Christina O'Meara |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

105319635\V-1

**SERVED BY U.S. MAIL:**

| | | |
|---|---|---|
| United States Trustee<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017 | U.S. Securities and Exchange Commission<br>Attn: Bankruptcy Counsel<br>444 South Flower Street, Suite 900<br>Los Angeles, CA 90071-9591 | |
| **Secured Creditor**<br>Radians Wareham Holding, Inc.<br>Attn: Mike Tutor, CEO<br>5305 Distriplex Farms<br>Memphis, TN 38141 | **Counsel to Radians Wareham Holdings**<br>E. Franklin Childress, Jr.<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC<br>165 Madison Ave, Suite 2000<br>Memphis, Tennessee 38103 | **Counsel to Radians Wareham Holdings**<br>Sharon Z. Weiss<br>Bryan Cave<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401 |
| **Top 20 Unsecured Creditors:** | | |
| Advantage Media Services, Inc.<br>Attn: Steven Helmle<br>29010 Commerce Center Drive<br>Valencia, CA 91355 | Danny Negara<br>Mercindo Global Manufaktur<br>Jl. Raya Semarang-Bawen Km.29<br>SEemerang, Central Java<br>50661, Indonesia | Eliza Yang<br>Nantong Changbang Gloves Co.<br>Flat/RM 1602 Chit Lee Comm<br>Bldg 30-36, Shau Kei Wan Road<br>Hong Kong, China |
| Gerard<br>BDO USA, LLP<br>P. O. BOX 677973<br>Dallas, TX 75267-7973 | Kwong<br>PT JJ GLOVES INDO<br>JL Ronggowarsito, Mlese, Ceper<br>Bonded Zone, Klaten<br>Central Java, Indonesia, 57463 | Mark Robba<br>PT SPORT GLOVE INDONESIA<br>Krandon Desa Pandowoharjo<br>Sleman<br>Yogyakarta, Indonesia, 55512 |
| Daniel Gomes<br>Capital One Bank<br>P. O. BOX 1917<br>Merrifield, VA 22116-1917 | Brent Waters<br>Resources Global Professionals<br>P.O. Box 740909<br>Los Angeles, CA 90074-0909 | Skadden Arps Slate Meagher & Flom LLP<br>P O Box 1764<br>White Plains, NY 10602 |
| Carol Pearson<br>FedEx<br>PO Box 7221<br>Pasadena, CA 91109-7321 | Risk Consulting Partners<br>24722 Network Place<br>Chicago, IL 60673-1247 | Robert Tejeda<br>Stubbs, Alderton & Markiles, LLP<br>15260 Ventura Blvd<br>20th Floor<br>Sherman Oaks, CA 91403 |
| Ms. Vicz Yue<br>Ka Hung Glove Inustrial Co. Ltd.<br>Fujian Quanzhou Jiacheng Leather<br>Chi Feng Road, Quanzhou City<br>Fujian, 362000, China | Shur-Sales & Marketing, Inc.<br>3830 S Windermere St.<br>Englewood, CO 80110 | John Calhoun<br>Synetra<br>1110 E. State Highway 114<br>Suite 200<br>Southlake, TX 76092 |
| Sky Lin<br>Marusan - Mimasu Tshusho Co. Ltd.<br>No 1 Queen' Road Central<br>Hong Kong<br>China | Carla Durand<br>University of Milwaukee<br>P O Box 500<br>University of Wisconsin - Milwaukee<br>Milwaukee, WI 53201 | Bradley J. S. Weiss<br>Winspeed Sports Shanghai Co., Ltd.<br>858 Mingzhu Road<br>Shanghai<br>China, 00020-1702 |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

105319635\V-1

| Janice Lee
Woneel Midas Leathers
Jl Gembor Raya Desa Pasirjaya
Tangerang
Banten, Indonesia, 15135 | Liliana Dominguez
Yellow and Roadway
P. O. Box 100129
Pasadena, CA 91355 | 1920 Hutton Court
Attn: Johnny Clark
Inwood National Bank
P O Box 857413
Richardson, TX 7508 |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

105319635\V-1

**F 9013-3.1.PROOF.SERVICE**