Samuel R. Maizel (SBN 189301)
samuel.maizel@dentons.com
Tania M. Moyron (SBN 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:   (213) 623-9300
Facsimile:    (213) 623-9924

Proposed Attorneys for
Official Committee of Equity Holders

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Ironclad Performance Wear Corporation, a California corporation,<br><br>　　　Debtor and Debtor in Possession.<br><br>In re:<br><br>Ironclad Performance Wear Corporation, a Nevada Corporation,<br><br>　　　Debtor and Debtor in Possession.<br><br>Affects:<br><br>☒ Both Debtors<br><br>☐ Ironclad Performance Wear Corporation, a California corporation<br><br>☐ Ironclad Performance Wear Corporation, a Nevada corporation. | Case No. 1:17-bk-12408-MB<br>Jointly administered with:<br>Case No. 1:17-bk-12409-MB<br><br>Chapter 11<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO EMPLOY DENTONS US LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS *NUNC PRO TUNC* AS OF SEPTEMBER 20, 2017; DECLARATION OF TANIA M. MOYRON IN SUPPORT THEREOF**<br><br>[No Hearing Required Unless Requested Pursuant to Local Bankruptcy Rule 2014-1] |

　　　The Official Committee of Equity Security Holders ("Equity Committee") respectfully submits this application (the "Application") for the entry of an order authorizing the employment of Dentons US LLP ("Dentons") as counsel to the Equity Committee *nun pro tunc* as of

1

September 20, 2017, pursuant to 11 U.S.C. §[1] 1103(a) with compensation pursuant to 11 U.S.C. § 328, Rule 2014(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2014-1(b), and respectfully represents as follows:

## I.

## RELIEF REQUESTED

1.    Pursuant to this Application, the Equity Committee seeks authority to employ Dentons as its counsel regarding all matters related to these cases, including issues related to bankruptcy and potential litigation against third parties, which may arise from time to time in connection with the Debtors' Cases (as defined below).

2.    The Equity Committee selected Dentons because of its extensive experience and knowledge of bankruptcy and litigation matters, and believes Dentons is well-qualified to represent the Equity Committee for the reasons fully set forth below.

## II.

## JURISDICTION

3.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2).

## III.

## BACKGROUND

4.    On September 8, 2017, Ironclad Performance Wear Corporation, a California corporation ("Ironclad California"), filed a voluntary petition under chapter 11 of the Bankruptcy Code, commencing Case No. 1:17-bk-12048-MB (the "California Case") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

---

[1] All references to "section or "§" herein are to sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code").

2

5. On September 8, 2017, Ironclad Performance Wear Corporation, a Nevada corporation ("Ironclad Nevada"), filed a voluntary petition in the Bankruptcy Court under chapter 11 of the Bankruptcy Code, commencing Case No. 1:17-bk-12049-MB (the "Nevada Case," and together with the California Case, the "Cases").

6. On September 11, 2017, the Debtors filed their *Ex Parte Motion For Entry Of An Order For Joint Administration Of Cases*. Docket No. 5.

7. On September 12, 2017, the Court entered an *Order Approving Joint Administration of Cases Authorizing Joint Administration Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 1015(b)*. Docket No. 25.

8. On September 20, 2017, the Office of the United States Trustee filed its *Notice of Appointment of Official Committee of Equity Holders* (the "Notice of Appointment"). Docket No. 59. The Notice of Appointment provides for the appointment of the Equity Committee in Ironclad Nevada.

9. On September 22, 2017, the Office of the United States Trustee filed its *Notice of Appointment of Creditors' Committee*. Docket No. 62.

10. The 341(a) Meeting of Creditors is set for October 11, 2017. Docket No. 27.

11. The Equity Committee held its first meeting on September 20, 2017, and subsequently the members of the Equity Committee voted to retain Dentons as its counsel.

12. The Equity Committee, through Dentons, has participated in the matters currently pending before the Court.

## IV.

### DENTONS' PROPOSED EMPLOYMENT

13. Subject to the direction of the Equity Committee and further order of this Court, the professional services to be rendered by Dentons to the Equity Committee will include the following:

    a. Advising the Equity Committee regarding (i) matters of bankruptcy law, including the rights and remedies of equity security holders in regard to the Debtors' assets and with respect the proposed sale of substantially all of the Debtors' assets (the "Sale) and any proposed plan of reorganization or

    liquidation (the "Plan"), and (ii) any claims and causes of actions against third parties based on prepetition acts;

  b. Assisting and advising the Equity Committee in its discussions with the Debtors and other parties in interest regarding the administration of the Debtors, the Sale, and any Plan;

  c. Assisting and advising the Equity Committee in its examination and analysis of the conduct of the Debtors' affairs, financial condition, business and assets and any other matter relevant to any Plan;

  d. Participating in such examinations of the Debtors and other witnesses as may be necessary in order to analyze and determine, among other things, the Debtors' assets and financial condition, whether the Debtors have made any avoidable transfers of property, or whether causes of action exist on behalf of the Debtors' estates;

  e. Representing the Equity Committee at hearings to be held before this Court and communicating with the Equity Committee regarding the matters heard and the issues raised as well as the decisions and considerations of this Court;

  f. Coordinating the receipt and dissemination of information prepared by and received from the Debtors' professionals, as well as such information as may be received from professionals engaged by the Equity Committee or other parties-in-interest in these Cases;

  g. Responding on behalf of the Equity Committee to any Plan, to participate in the formulation or reformulation of a plan alternative, to assist the Equity Committee in analyzing and evaluating the matters raised by any Plan formulated in these Cases;[2] and

  h. Assisting the Equity Committee generally in performing such other services as may be desirable or required for the discharge of the Equity Committee's duties pursuant to § 1103 of the Bankruptcy Code and to take such other action or perform such other services as the Equity Committee may require of Dentons in connection with these Cases.

---

[2] Section 1103(c) of the Bankruptcy Code allows the Equity Committee to participate in the plan process which may include an investigation into the financial affairs and operations of the Debtor, negotiation of specific terms and conditions relating to any plan of reorganization proposed by the Debtors, and participation in the confirmation of any plan. Also, analogous to the rights of a creditors' committee, it is technically possible for an Equity Committee to file its own plan, should the Debtors' exclusivity period expire and just cause be shown.

## V.

## **SELECTION OF DENTONS**

14. The Equity Committee selected Dentons based on several factors, including the broad array of services it offers as a "full service" international law firm, and in particular its expertise in bankruptcy cases and litigation. Dentons' Restructuring, Insolvency & Bankruptcy practice group has extensive experience and knowledge in the field of business reorganizations and liquidations under the Bankruptcy Code. A copy of Dentons' firm resume is attached to the concurrently filed Declaration of Tania M. Moyron (the "Moyron Declaration") as Exhibit "A." Additionally, attorneys in this practice group represent, and have represented in the past, numerous creditor and equity committees, debtors, lenders, individual creditors and other parties in interest in Chapter 11 cases in this district and in numerous other jurisdictions throughout the United States. For example, Dentons attorneys have represented the official equity committees in the following bankruptcy cases: Accuride; Loral Space and Communications, Inc.; Interstate Bakeries Corporation; Baldwin-United; Hancock Fabrics; LTV Steel; Hexcel Corporation; At Home Corporation; ICH Corporation; Hamburger Hamlet; and New Valley Corporation (Western Union). A copy of Dentons' firm resume with respect to these representations is attached to the Moyron Declaration as Exhibit "B."

15. Dentons is a law firm comprising approximately 8,000 attorneys worldwide and has offices throughout the United States including Los Angeles, San Francisco, Sacramento, Orange County, San Diego and New York City. Dentons has expertise in virtually all areas of law, including bankruptcy, intellectual property, e-commerce, finance, litigation, corporate, real estate, insurance, and tax that the Equity Committee may draw upon from time to time if and when the need arises.

16. All attorneys composing or associated with Dentons who will be performing legal services for the Equity Committee in this case are either duly admitted to practice law in the courts of the State of California or will be acting under the supervision of such an attorney. All attorneys who are expected to appear before this Court are admitted to practice law in the United States District Court for the Central District of California or have applied or will apply for such

admission *pro hac vice*. All attorneys who are expected to appear before this Court are familiar with the Bankruptcy Code, Bankruptcy Local Rules and the United States Trustee Guidelines and will comply with them. A summary of the experience and qualifications of those Dentons lawyers who are expected to be the primary Dentons lawyers rendering services to the Equity Committee is attached to the Moyron Declaration as Exhibit "C."

## VI.
## DISCLOSURES REGARDING DENTONS' COMPENSATION AND DISINTERESTEDNESS

17. For this representation, Dentons has agreed to reduced hourly rates. Dentons proposes to render services to the Equity Committee at a combination of rates capped at $700 per hour, a ten-percent discount on non-capped rates (hourly rates below $700 per hour), and a contingency fee arrangement if shareholder recoveries exceed a certain sum, as set forth in the Moyron Declaration. The current hourly billing rates for the Dentons attorneys and paraprofessionals who will provide services on this matter are set forth in the Moyron Declaration. Dentons will not seek reimbursement for any travel fees or expenses.

18. For certain professionals, such rates may be higher or lower than the local rate charged in cases billed out of the office in which the professional is resident. Dentons reserves the right to ask this Court to adjust the hourly rates and rates of reimbursement in the future if the rates it charges are increased.

19. Dentons will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described above, in accordance with applicable rules and guidelines.

20. Pursuant to § 328(a), the Equity Committee may retain counsel pursuant to "reasonable terms and conditions, including . . . on an hourly basis . . . or on a contingent fee basis." 11 U.S.C. § 328(a). The Equity Committee believes that the proposed terms constitute fair and reasonable terms and conditions for the retention by the Equity Committee of Dentons as counsel in accordance with § 328(a). Under the terms of its proposed retention, Dentons will

provide actual and necessary services to the Debtors' estates at reduced fees. Only if and when the equity security holders receive a certain level of recovery from these Cases may Dentons recover an additional amount to make up for its initial discount and out-of-pocket expense. The contingency fee therefore will not affect any other stakeholders in the Debtors' Cases.

21. Dentons understands the provisions of §§ 328, 330, 331 and 1103, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1(b) and 2016-1, which require, among other things, Court approval of the Equity Committee's employment of Dentons as counsel and of all legal fees and reimbursement of expenses that Dentons will receive from the Debtors' estates. Dentons also understands and agrees that the proposed compensation arrangement will be subject to § 328, which authorizes this Court to allow compensation different from what is provided here if the fee arrangement appears, in retrospect, to have been improvident in light of developments unanticipated at the outset. Dentons understands and agrees that, if aggregate interim payments exceed the amount which is ultimately allowed, it will be required to and will promptly repay the difference.

22. Dentons has not received and will not receive any lien or any other interest in property of the Debtors or of a third party to secure payment of its fees, but reserves the right to seek to surcharge collateral if appropriate. Dentons understands that its compensation in this case will be subject to the approval of the Bankruptcy Court upon appropriate application and hearing. Dentons intends to apply to this Court in conformity with the Bankruptcy Code and applicable rules, the guidelines for compensation and reimbursement for fees incurred and costs advanced in this matter and any orders of the Court governing application and allowance of compensation in this Case.

23. At the conclusion of this case, Dentons will file an appropriate application seeking allowance of all fees and costs, regardless of whether interim compensation has been paid.

24. As set forth in the Moyron Declaration, Dentons identified all persons and entities who are, or may be, adverse to the Equity Committee and the Debtors, who are currently represented by Dentons, or where a claimant of these estates, may be an adverse party in litigation where Dentons represents the opposing party. A list of the parties and entities searched is attached

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

as Exhibit "D" to the Moyron Declaration. As set forth in the Moyron Declaration, Dentons is disinterested as that term is defined by the Bankruptcy Code.

25. Except as set forth in the Moyron Declaration, Dentons and the attorneys composing or employed by it (a) do not have any prior connection with the Debtors, any creditors of the Debtors or their estates, any equity security holders, or any other party in interest in these cases, or their respective attorneys or accounts (other than professional connections and relationships), or these Cases, (b) do not hold or represent an interest materially adverse to the estates or of any class of creditors or equity secured holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason, and (c) are disinterested persons as that term is defined in 11 U.S.C. §101(14). As of the Petition Date, Dentons was not a creditor, equity holder or insider of the estate.

26. Dentons is not and was not an investment banker for any outstanding security of the Debtors. Dentons has not been within three (3) years before the petition date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

27. Neither Dentons nor any of its attorneys are, or were, within two (2) years before the petition date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

28. Dentons has not shared or agreed to share such compensation with any other person, except as among partners of Dentons. Dentons has no prepetition claims against the Debtors. Dentons has not received a retainer.

29. Dentons understand that any compensation to be received by Dentons hereafter is subject to the approval of this Court on appropriate application and hearing. Dentons intends to file applications for allowance of fees and reimbursements of costs as and when appropriate. Dentons has not shared or agreed to share such compensation with any other person, except as among partners of Dentons.

30. To the best of Dentons' knowledge, no attorney employed by Dentons is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed by the Office of the United States Trustee.

31. The Equity Committee believes that its employment of Dentons upon the terms and conditions set forth above is in the best interest of the Debtors' estates and equity holders.

## VII.

## CONCLUSION

WHEREFORE, the Equity Committee respectfully requests the entry of an order: (i) approving this Application; (ii) approving the Equity Committee's employment of Dentons as its counsel, at the expenses of the estates, pursuant to 11 U.S.C. § 1103(a) with compensation pursuant to 11 U.S.C. § 328, upon the conditions set forth above, effective as of September 20, 2017, and; (iii) affording such and further relief as is warranted under the circumstances.

Dated: October 6, 2017

OFFICIAL COMMITTEE OF EQUITY HOLDERS

By: _____
Scott Jarus
Chairman of the Official Committee of Equity Holders

Respectfully Submitted By:

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON

By: /s/ Tania M. Moyron
Tania M. Moyron
Proposed Counsel to the Official Committee of Equity Holders

105443774\V-1

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017:

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO EMPLOY DENTONS US LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS *NUNC PRO TUNC* AS OF SEPTEMBER 20, 2017; DECLARATION OF TANIA M. MOYRON IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 6, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ron Bender    rb@lnbyb.com
- Cathrine M Castaldi    ccastaldi@brownrudnick.com
- Russell Clementson    russell.clementson@usdoj.gov
- Aaron S Craig    acraig@kslaw.com, lperry@kslaw.com
- Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com
- Krikor J Meshefejian    kjm@lnbrb.com
- S Margaux Ross    margaux.ross@usdoj.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **October 6, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 6, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**BY PERSONAL DELIVERY**
Hon. Martin R. Barash
US Bankruptcy Court
Central District of California
21041 Burbank Blvd., Suite 342/Ctrm. 303
Woodland Hills, CA 91367

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    **F 9013-3.1.PROOF.SERVICE**
105437348\V-1

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 6, 2017 | Christina O'Meara | /s/Christina O'Meara |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

105437348\V-1

**SERVED BY U.S. MAIL:**

| | | |
|---|---|---|
| **Secured Creditor**<br>Radians Wareham Holding, Inc.<br>Attn: Mike Tutor, CEO<br>5305 Distriplex Farms<br>Memphis, TN 38141 | **Counsel to Radians Wareham Holdings**<br>E. Franklin Childress, Jr.<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC<br>165 Madison Ave, Suite 2000<br>Memphis, Tennessee 38103 | U.S. Securities and Exchange Commission<br>Attn: Bankruptcy Counsel<br>444 South Flower Street, Suite 900<br>Los Angeles, CA 90071-9591 |
| **Governmental Agencies** | | |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Franchise Tax Board<br>Bankruptcy Section, MS: A-340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | State Board of Equalization<br>Account Information Group, MIC: 29<br>P.O. Box 942879<br>Sacramento, CA 94279-0029 |
| Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 | | |
| **Equity Holders** | | |
| Patrick W. O'Brien<br>301 Whitmore Lane<br>Lake Forest, IL 60045-4707 | Ronald Chez<br>1524 N. Astor Street<br>Chicago, IL 60610 | Scott Jarus<br>938 Duncan Avenue<br>Manhattan Beach, CA 90266 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

105437348\V-1

F 9013-3.1.PROOF.SERVICE