**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
S. Margaux Ross, No. 137152
Attorneys for the U.S. Trustee
**UNITED STATES TRUSTEE**
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017
Telephone: (213) 894-4494; Fax: (213) 894-0276
Email: margaux.ross@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| **In re** <br><br> Ironclad Performance Wear Corporation, a California Corporation, <br><br> Debtor. <br> In re: <br> Ironclad Performance Wear Corporation, a Nevada Corporation, <br><br> Debtor. <br> Affects: <br><br> ☐ Both Debtors <br> **X** Ironclad Performance Wear Corp., A California Corporation only <br> **X** Ironclad Performance Wear Corp., A Nevada Corporation only | Case No. 1:17-bk-12408-MB <br> Jointly Administered with: <br> Case No. 1:17-bk-12409-MB <br><br> Chapter 11 <br><br> OBJECTION OF U.S. TRUSTEE TO: <br> 1) APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO EMPLOY DENTONS US LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS NUNC PRO TUNC TO SEPTEMBER 20, 2017 (Dkt. 90); <br> 2) APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE OFFICAL COMMITTEE OF UNSECURED CREDITORS OF IRONCLAD PERFORMANCE WEAR CORPORATION, ET AL. NUNC PRO TUNC TO SEPTEMEBER 22, 2017 (Dkt. 100); AND <br> 3) APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY PROVINCE INC. AS FINANCIAL ADVISOR (Dkt 105) <br><br> [HEARING REQUESTED] |

The U.S. Trustee objects to the 1) Application Of The Official Committee Of Equity Security Holders To Employ Dentons US LLP as Counsel To The Official Committee Of Equity Security Holders *Nunc Pro Tunc* to September 20, 2017 ("Denton Application"); 2) Application for Order Authorizing the Retention of Brown Rudnick LLP as Counsel for the Official Committee Of Unsecured Creditors Of Ironclad Performance Wear Corporation, et al. *Nunc Pro Tunc* to September 22, 2017 ("Brown Rudnick Application"), and 3) Application of The Official Committee of Unsecured Creditors to Employ Province Inc. As Financial Advisor ("Province Application")(collectively "the Applicants") on the following grounds.

The Denton Application caption indicates that it affects both debtors. The U.S. Trustee requests clarification that Denton is seeking to be employed only by the Official Committee of Equity Holders ("Equity Committee") appointed in the Ironclad Performance Wear Nevada case ("ICPW Nevada"), the case in which the Equity Committee was formed.

The Province Application caption indicates that the Application is for both debtors. The Province Application notes that Province is discussing retention by the Equity Committee. Absent employment by the Equity Committee, the U.S. Trustee requests clarification that Province is seeking to be employed only by the Official Committee of Unsecured Creditors ("OCC") in Ironclad Performance Wear, California (ICPW California"), the case in which the OCC was formed.

In addition, the U.S. Trustee seeks clarification as to whether the Applicants[1] seek compensation pursuant to §§ 330[2] or § 328. Pursuant to § 1103 of the Bankruptcy Code, a committee appointed under § 1102 may employ professionals that do represent an interest adverse in the case. The approval of a retention application establishes only that a professional may be employed, "and not that his employment will be therefore or thereafter be compensated from estate funds." *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc*. 924 F2.d 955,

---

[1] Based on discussions with counsel, Cathrine Castaldi, compensation is being sought by Brown Rudnick pursuant to § 330, despite the reference in the Brown Rudnick Application to § 328. Ms. Castaldi indicated that Brown Rudnick will file a clarifying supplemental declaration.

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

960 (9th Cir. 1991); *Ferrara & Hantman v. Alvarez (In re Engel)*, 124 F. 3d 567, 572 (3d Cir. 1997). Therefore, § 1103 establishes no guaranteed right to payment of fees. Rather, this provision sets forth the requirements for retention. *Id.*

Section 328 of the Bankruptcy Code then addresses compensation to professionals employed. While this provision creates no automatic right of payment, it authorizes:

> employment of a professional person under section 327 or 1103 . . . **on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingency fee basis.** Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, **if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.**

11 U.S.C. § 328(a) (emphasis added). Under § 328(a) where the court approves the fee arrangement, "the court cannot alter [the terms approved in an employment order] unless it finds the original terms 'to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'" *Giles v. Reimers (In re Reimers)*, 972 F.2d 1127, 1128 (9th Cir. 1992). Thus, in approving a fee arrangement under § 328(a), it has been held that "a court may not revisit the reasonableness" of the arrangement when approval of the fees eventually is sought. *In re XO Comm'ns, Inc.*, 323 B.R. 330, 339 (Bankr. S.D.N.Y. 2005). Although arguably this does apply to the number of hours billed, which still would be subject to review for reasonableness, Applicant's should further clarify this issue by clear reference to § 330 as the applicable standard of review under which the Applicants will be seeking compensation. *See Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.* at 60.

Section 330(a) provides:

> After notice to the parties in interest and the United States trustee and a hearing an subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103- (A) reasonable compensation

> for actual, necessary services rendered by the trustee, examiner,
> professional person, or attorney and by any paraprofessional
> person employed by any such person; and reimbursement for
> actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) & (B).

Sections 328 and 330, therefore, establish a two-tiered system for judicial review and approval of the terms of a professional's retention. Section 330 authorizes the bankruptcy court to award a retained professional "reasonable compensation" based on an after-the-fact consideration of "the nature, the extent, and the value of such services, taking into account all relevant factors." 11 U.S.C. § 330(a). In contrast, § 328(a) - the standard of review Applicants may be seeking - requires a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). If the court pre-approves the terms and conditions of the retention under § 328(a), its power to amend those terms is therefore constrained. It only may "allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." *Id.*

The U.S. Trustee believes it would be inappropriate to apply the restraints of § 328(a) to the Court's and other interested parties' review of the Applicant's compensation if that is what is being requested. Instead, reliance upon the reasonableness standard of § 330 is justified and appropriate here. Therefore, the Applicant's should be compensated pursuant to the standard set forth in § 330, which needs to be further clarified by the Applicants.

In addition, because of the facts and circumstances of these jointly administered cases, the U.S. Trustee appointed two committees: the OCC in ICPW California and the Equity Committee in ICPW Nevada. Although each committee was appointed in only one of the two jointly administered cases with constituents of differing interests, there nonetheless appear to be certain overlapping issues. To the extent that duplication of services can be avoided through a

coordination of efforts, absent conflicting interests, the U.S. Trustee requests that the Applicants consider such coordination, including with the debtor in possession's professionals.

If the Applicants file supplemental declarations satisfactorily addressing the above raised concerns, the U.S. Trustee will withdraw his objection, including the request for a hearing.

Dated: October 20, 2017                                         UNITED STATES TRUSTEE


By: */s/ S. Margaux Ross*
    S. Margaux Ross
    Attorney for U.S. Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled: **OBJECTION OF U.S. TRUSTEE TO:**
1) **APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO EMPLOY DENTONS US LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS NUNC PRO TUNC TO SEPTEMBER 20, 2017 (Dkt. 90);**
2) **APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE OFFICAL COMMITTEE OF UNSECURED CREDITORS OF IRONCLAD PERFORMANCE WEAR CORPORATION, ET AL. NUNC PRO TUNC TO SEPTEMEBER 22, 2017 (Dkt. 100); AND**
3) **APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY PROVINCE INC. AS FINANCIAL ADVISOR (Dkt 105)**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/20/2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **10/20/2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/20/2017 | Gabriel A Rodriguez | /s/ Gabriel A Rodriguez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**SERVICE LIST FOR PROOF OF SERVICE**

| **SERVED ELECTRONICALLY** | **SERVED BY U.S. MAIL** |
|---|---|
| - Ron Bender   rb@lnbyb.com<br>- Cathrine M Castaldi   ccastaldi@brownrudnick.com<br>- Russell Clementson   russell.clementson@usdoj.gov<br>- Aaron S Craig   acraig@kslaw.com, lperry@kslaw.com<br>- Matthew A Gold   courts@argopartners.net<br>- Monica Y Kim   myk@lnbrb.com, myk@ecf.inforuptcy.com<br>- Krikor J Meshefejian   kjm@lnbrb.com<br>- Tania M Moyron   tania.moyron@dentons.com, chris.omeara@dentons.com<br>- S Margaux Ross   margaux.ross@usdoj.gov<br>- United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov<br>- Sharon Z. Weiss   sharon.weiss@bryancave.com, raul.morales@bryancave.com | Ironclad Performance Wear Corporation, a California corporation<br>15260 Ventura Blvd., 20th Floor<br>Sherman Oaks, CA 91403<br><br>Ironclad Performance Wear Corporation, a Nevada corporation<br>15260 Ventura Blvd., 20th Floor<br>Sherman Oaks, CA 91403<br><br>The Honorable Martin R. Barash<br>United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367<br><br>Patrick W O'Brien<br>301 Whitmore Lane<br>Lake Forrest, IL 60045-4707<br><br>Ronald Chez<br>1524 N. Astor Street<br>Chicago, IL 60610<br><br>Scott Jarus<br>938 Duncan Avenue<br>Manhattan Beach, CA 90266<br><br>Resources Global Professionals<br>c/o Brent Waters<br>17101 Armstrong Ave<br>Irvine, CA 92614<br><br>Winspeed Sports (Shanghai) Co., LTD<br>c/o Brian Mitteldorf<br>Creditors Adjustment Bureau<br>14226 Ventura Blvd.<br>Sherman Oaks, CA 91423<br><br>PT Sport Glove Indonesia<br>c/o Mark C. Robba<br>Kranoon Desa Pandowoharjo<br>Sleman Yogyakarta 55512 Indonesia |