RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com

Attorneys for Chapter 11 Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation,<br><br>    Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a Nevada corporation,<br><br>    Debtor and Debtor in Possession.<br>_____<br><br>☒ Affects both Debtors<br><br>☐ Affects Ironclad Performance Wear Corporation, a California corporation only<br><br>☐ Affects Ironclad Performance Wear Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br>Chapter 11 Cases<br><br>**DEBTORS' MOTION FOR AN ORDER: (1) APPROVING OF DEBTORS' ASSUMPTION AND ASSIGNMENT OF ADDITIONAL EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS AND APPROVING OF DEBTORS' REJECTION OF THOSE EXECUTORY CONTRACTS WHICH ARE NOT ASSUMED AND ASSIGNED; (2) WAIVING THE 14-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6006(d); AND (3) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW PLISKIN**<br><br>**[Hearing requested on October 30, 2017, at 10:00 a.m.; Application for an Order Shortening Notice Filed Concurrently Herewith]**<br><br>DATE: TBD [Oct. 30, 2017 requested]<br>TIME:  TBD [10:00 a.m. requested]<br>PLACE:    Courtroom "303"<br>               21041 Burbank Blvd.<br>               Woodland Hills, CA |

1

# MOTION

On October 9, 2017, Ironclad Performance Wear Corporation, a California corporation, and Ironclad Performance Wear Corporation, a Nevada corporation (collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 bankruptcy cases, filed a motion (the "Sale Motion") seeking an order of the Court approving the Debtors' sale of substantially all of their assets to Radians Wareham Holding, Inc. ("Purchaser") in accordance with the terms of the Asset Purchase Agreement ("APA") attached as Exhibit "A" to the Declaration of Geoffrey Greulich filed on September 11, 2017 as Docket Number 6 (the "Original Greulich Declaration") or to the highest or otherwise best overbidder selected at the Auction (defined in the Sale Motion). By the Sale Motion, the Debtors sought the Court's approval of the Debtors' assumption and assignment to Purchaser (or the successful overbidder) of those unexpired leases and executory contracts that Purchaser (or the successful overbidder) wishes to assume (defined in the APA as the "Designated Contracts"). The Sale Motion includes a schedule of executory contracts and unexpired leases (the "Original Contracts and Leases Schedule").

This Motion's purpose is to supplement the Sale Motion, and specifically, to include additional contracts that may potentially be Designated Contracts. The Debtors do not concede that these additional contracts (the "Additional Contracts") constitute executory contracts. The list of the Additional Contracts (the "Additional Contracts Schedule") along with the Debtors' belief as to all outstanding cure amounts owing by the Debtors to the other parties to those executory contracts (the "Cure Amounts") is as follows:

| Contracting Party Name | Description of Contract | Cure Amount | Case |
|---|---|---|---|
| Aaron Zhang | Independent Contractor Agreement | $0.00 | CA |
| Abel Unlimted Inc. (Ironwear) | License Agreement | $0.00 | CA |
| Adi Kurniawan | Employee Agreement | $0.00 | CA |
| Big Time Products, LLC. (includes Apollo Performance Gloves) | License Agreement | $0.00 | CA |
| Bunzl USA Holdings, LLC (Cordova Safety Products, John Tillman Co.) | License Agreement | $0.00 | CA |
| Cestusline, Inc. | License Agreement | $0.00 | CA |

2

| Contracting Party Name | Description of Contract | Cure Amount | Case |
|---|---|---|---|
| Custom Information Services | IT Services Agreement | $3,546.45 | CA |
| Custom Leathercraft Mfg. LLC | License Agreement | $0.00 | CA |
| DNOW L.P. (Skatiq Gloves) | License Agreement | $0.00 | CA |
| DTM Sales and Marketing | Sales Representative Agreement | $3,184.26 | CA |
| DXP Enterprises | Customer Agreement | $0.00 | CA |
| Impacto Protective Products, Inc. | License Agreement | $0.00 | CA |
| Kartiko Sri Kuncoro | Employee Agreement | $0.00 | CA |
| LAB Sales Agency | Sales Representative Agreement | $54.92 | CA |
| Liberty Glove, Inc. | License Agreement | $0.00 | CA |
| Magpul Industries Copr. | License Agreement | $0.00 | CA |
| MCR Safety | License Agreement | $0.00 | CA |
| Muhammad Deni Indrajaya | Employee Agreement | $0.00 | CA |
| Murski Breeding Sales Co. | Sales Representative Agreement | $0.00 | CA |
| Nanang Kuriawan | Employee Agreement | $0.00 | CA |
| Refrigiwear, Inc. | License Agreement | $0.00 | CA |
| Ringers, Inc. | License Agreement | $0.00 | CA |
| River Zheng | Independent Contractor Agreement | $0.00 | CA |
| RPS Solutions | License Agreement | $0.00 | CA |
| Russ MacDonald | Independent Contractor Agreement | $85.76 | CA |
| Safety Supply Corporation (Radians) | License Agreement | $0.00 | CA |
| Saf-T-Glove | License Agreement | $0.00 | CA |
| Sony Riyadi | Employee Agreement | $0.00 | CA |
| Southern Glove | License Agreement | $0.00 | CA |
| Stauffer Glove & Safety | Customer Agreement | $0.00 | CA |
| TAB Sales Solutions | Sales Representative Agreement | $82.48 | CA |
| Vincent A. Pestilli & Associates, Inc. | Sales Representative Agreement | $157.46 | CA |

Purchaser has not yet identified for the Debtors which of the Debtors' executory contracts and unexpired leases that Purchaser desires to have assigned to it (*i.e.*, the Designated Contracts) if Purchaser is the winning bidder at the Auction (or if there is no Auction), and Purchaser is required to make that designation by one day prior to the sale closing (the "Closing"). If someone other than Purchaser is the successful bidder at the Auction, the Debtors will not know which of their executory contracts and unexpired leases the winning bidder will desire to have assigned to it until the winning bidder at the Auction makes that determination which the winning bidder will also be required to make by one day prior to the Closing.

As a result, by way of this Motion, the Debtors are seeking the Court's authority to assume and assign to Purchaser (or to a successful overbidder) all of the Debtors' Additional Contracts that Purchaser (or a successful overbidder) wants to have assigned to it and to fix the required Cure Amounts that would need to be paid to the other parties to the executory contracts to enable compliance with the provisions of Section 365(b)(1)(A) of the Bankruptcy Code at the Cure Amounts set forth in the Additional Contracts Schedule unless the other parties to the executory contracts and unexpired leases file a timely objection to this Motion and the Court determines that the required Cure Amount is different than the amount set forth in the Additional Contracts Schedule. By way of this Motion, the Debtors are also seeking a determination by the Court that none of the other parties to the executory contracts have suffered any actual pecuniary loss resulting from any default by the Debtors so that no further payments beyond the proposed Cure Amounts are required to enable compliance with the provisions of Section 365(b)(1)(B) of the Bankruptcy Code.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order:

1. finding that notice of this Motion was proper, timely, adequate, appropriate and sufficient and that no other or further notice of this Motion, the hearing on this Motion, or the assumption and assignment of the Designated Contracts is or shall be required;

2. finding good, sufficient, and sound business purposes and justification and compelling circumstances for the Debtors' assumption and assignment of the Designated Contracts to Purchaser (or to a successful overbidder);

3. finding that the Debtors' assumption and assignment of the Designated Contracts to Purchaser (or to a successful overbidder) are in the best interests of the Debtors' estates;

4. determining that (i) with the payment of the Cure Amounts, the Debtors and Purchaser (or a successful overbidder), as applicable, have cured, or have provided adequate assurance of cure, of any default existing or occurring prior to the Closing under any of the Designated Contracts, and Purchaser (or a successful overbidder) has provided adequate assurance of its future performance of and under the Designated Contracts, (ii) the provisions of Section 365(b)(1)(A) of the Bankruptcy Code at the Cure Amounts set forth in the Additional

4

Contracts Schedule have been satisfied unless the other parties to the executory contracts file a timely objection to this Motion and the Court determines that the required Cure Amount is different than the amount set forth in the Additional Contracts Schedule, and (iii) none of the other parties to the executory contracts and unexpired leases have suffered any actual pecuniary loss resulting from any default by the Debtors so that no further payments beyond the proposed Cure Amounts are required to enable compliance with the provisions of Section 365(b)(1)(B) of the Bankruptcy Code.

5. determining that the Debtors' assumption and assignment to Purchaser, and Purchaser's assumption on the terms set forth in the APA, of the Designated Contracts is approved, and the requirements for assumption and assignment are deemed satisfied and that the Debtors are authorized in accordance with 11 U.S.C. §§ 105(a) and 365;

6. approving (effective as of the Closing Date) the Debtors' rejection of all of the Debtors' remaining executory contracts which are not assumed and assigned to Purchaser (or a successful overbidder);

7. waiving the 14-day stay period set forth in Bankruptcy Rule 6006(d); and

8. granting such other and further relief as the Court deems just and proper under the circumstances of these cases.

Dated: October 20, 2017

IRONCLAD PERFORMANCE WEAR CORPORATION, *et al.*

By: */s/ Krikor J. Meshefejian*
RON BENDER
MONICA Y. KIM
KRIKOR J. MESHEFEJIAN
LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.
Attorneys for Debtors and
Debtors in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the Debtors' bankruptcy estates and is accordingly a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A) and (O). Venue of the Bankruptcy Cases is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are (i) Sections 105(a) and 365 of Title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rules 6006(a), (c), (d) and (e), 9006, 9007, 9013 and 9014 of the Federal Rules of Bankruptcy Procedure, and (iii) Local Bankruptcy Rule 9013-1.

## II.

## STATEMENT OF RELEVANT FACTS

On October 9, 2017, Ironclad Performance Wear Corporation, a California corporation, and Ironclad Performance Wear Corporation, a Nevada corporation (collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 bankruptcy cases (collectively, the "Bankruptcy Cases"), filed a motion (the "Sale Motion") seeking an order of the Court approving the Debtors' sale of substantially all of their assets to Radians Wareham Holding, Inc. ("Purchaser") in accordance with the terms of the Asset Purchase Agreement ("APA") attached as Exhibit "A" to the Declaration of Geoffrey Greulich filed on September 11, 2017 as Docket Number 6 (the "Original Greulich Declaration") or to the highest or otherwise best overbidder selected at the Auction (defined in the Sale Motion).

By the Sale Motion, the Debtors are seeking the Court's approval of the Debtors' assumption and assignment to Purchaser (or the successful overbidder) of those unexpired leases and executory contracts that Purchaser (or the successful overbidder) wishes to assume (defined in the APA as the "Designated Contracts"). The Sale Motion includes a schedule of executory contracts and unexpired leases (the "Original Contracts and Leases Schedule").

This Motion's purpose is to supplement the Sale Motion, and specifically, to include additional contracts that may potentially be Designated Contracts. The Debtors do not concede

that these additional contracts (the "Additional Contracts") constitute executory contracts. A list of the Additional Contracts along with the Debtors' belief as to all outstanding cure amounts owing by the Debtors to the other parties to those potentially executory contracts (the "Cure Amounts") is listed above and attached as Exhibit "1" to this Motion (the "Additional Contracts Schedule").

## III.

## DISCUSSION AND AUTHORITIES

**A.** **The Bankruptcy Court Should Authorize the Debtors to Assume and Assign to Purchaser (or to a Successful Overbidder) All of the Designated Contracts that Purchaser (or to a Successful Overbidder) Desires.**

Barring exceptions not herein relevant, sections 365(a) and 1107(a) authorizes a debtor in possession, "subject to the Court's approval, ... [to] assume or reject any executory contract or unexpired lease of the debtor." A debtor in possession may assume or reject executory contracts for the benefit of the estate. In re Klein Sleep Products, Inc., 78 F.3d 18, 25 (2d. Cir. 1996); In re Central Fla. Metal Fabrication, Inc., 190 B.R. 119, 124 (Bankr. N.D. Fla. 1995); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y. 1996). In reviewing a debtor in possession's decision to assume or reject an executory contract, a bankruptcy court should apply the "business judgment test" to determine whether it would be beneficial to the estate to assume it. In re Continental Country Club, Inc., 114 B.R. 763, 767 (Bankr. M.D. Fla. 1990); see also In re Gucci, 193 B.R. at 415. The business judgment standard requires that the court follow the business judgment of the debtor unless that judgment is the product of bad faith, whim, or caprice. In re Prime Motors Inns, 124 B.R. 378, 381 (Bankr. S.D. Fla. 1991), citing Lubrizol Enterprises v. Richmond Metal Finishers, 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986).

Pursuant to section 365(f)(2) of the Bankruptcy Code, a debtor may assign its executory contracts and unexpired leases, provided the debtor first assumes such executory contracts and unexpired leases in accordance with section 365(b)(1), and provides adequate assurance of future performance by the assignee. Pursuant to section 365(b)(1), assumption of executory contracts and unexpired leases requires a debtor to: (a) cure any existing defaults under such agreements;

(b) compensate all non-debtor parties to such agreements for any actual pecuniary loss resulting from the defaults; and (c) provide adequate assurance of future performance under the contract or lease.  11 U.S.C. § 365(b)(1); see also In re Bowman, 194 B.R. 227, 230 (Bankr. D. Ariz. 1995); In re AEG Acquisition Corp., 127 B.R. 34, 44 (Bankr. C.D. Cal. 1991), aff'd 161 B.R. 50 (9th Cir. B.A.P. 1993).  Pursuant to section 365(f)(1) of the Bankruptcy Code, a debtor may assign an executory contract or unexpired lease pursuant to section 365(f)(2) of the Bankruptcy Code notwithstanding any provision in such executory contract or unexpired lease that prohibits, restricts or conditions the assignment of such executory contract or unexpired lease.

The assumption and assignment of executory contracts furthers the goals of Chapter 11 of promoting reorganization by balancing the debtor's interest in maximizing the value of its estate against the contracting party's interest in receiving the benefit of its bargain and being protected against default by the debtor after assumption has occurred.  In re Embers 86th Street. Inc., 184 B.R. 892, 896 (Bankr. S.D.N.Y. 1995).

By this Motion, the Debtors are seeking to assume and assign to Purchaser (or to a successful overbidder) all of the Debtors' executory contracts that Purchaser (or a successful overbidder) desires which were not already included in the Sale Motion.  A schedule of these Additional Contracts along with the Debtors' belief as to the Cure Amounts is attached as Exhibit "1" to this Motion.  Purchaser has not yet identified for the Debtors which of the Debtors' executory contracts and unexpired leases that Purchaser desires to have assigned to it (*i.e.*, the "Designated Contracts") if Purchaser is the winning bidder at the Auction (or if there is no Auction), and Purchaser is required to make that designation by one day prior to the Closing.  If someone other than Purchaser is the successful bidder at the Auction, the Debtors will not know which of their executory contracts and unexpired leases the winning bidder will desire to have assigned to it until the winning bidder at the Auction makes that determination which the winning bidder will also be required to make by one day prior to the Closing.

As a result of the foregoing, by way of this Motion, the Debtors are seeking the Court's authority to assume and assign to Purchaser (or to a successful overbidder) all of the Debtors' executory contracts and unexpired leases that Purchaser (or a successful overbidder) wants to

have assigned to it and to fix the required Cure Amounts that would need to be paid to the other parties to the executory contracts and unexpired leases to enable compliance with the provisions of Section 365(b)(1)(A) of the Bankruptcy Code at the Cure Amounts set forth herein unless the other parties to the executory contracts and unexpired leases file a timely objection to this Motion and the Court determines that the required Cure Amount is different than the amount set forth in the Additional Contracts Schedule.  The Debtors submit that none of the other parties to the executory contracts have suffered any actual pecuniary loss resulting from any default by the Debtors so that no further payments beyond the proposed Cure Amounts are required to enable compliance with the provisions of Section 365(b)(1)(B) of the Bankruptcy Code.  The Debtors therefore submit that any party that fails to file a timely objection to this Motion should be deemed to have consented to the Debtors' proposed Cure Amounts and pecuniary loss amounts and be forever barred from challenging the Debtors' proposed Cure Amounts and pecuniary loss amounts.

Purchaser (or any successful overbidder) will be required to file with the Court not later than one day prior to the Closing which of the Debtors' executory contracts and unexpired leases Purchaser (or any successful overbidder) has decided not to take an assignment of, in which case those executory contracts and unexpired leases will not be assumed and assigned to Purchaser (or a successful overbidder) at the Closing and, instead, will be deemed rejected effective as of the Closing.

**B.    The Debtors Request the Court to Waive the Fourteen-Day Waiting Period Set Forth in Bankruptcy Rule 6006(d).**

Bankruptcy Rule 6006(d) provides, among other things, that an order authorizing the assignment of an executory contract is stayed until the expiration of fourteen days after entry of the Court order, unless the Court orders otherwise.

For all of the reasons set forth above and in the Sale Motion, the Debtors believe that selling the Purchased Assets to Purchaser (or a successful overbidder) in accordance with the timeline provided in the APA is in the best interests of the Debtors' estates, their creditors and shareholders.  Closing the sale of the Purchased Assets as soon as possible will minimize the

9

need for the Debtors to have to borrow additional funds from Purchaser for their business operations which would dilute the recovery for the Debtors' shareholders.  In order to facilitate the most expeditious Closing possible, the Debtors request that an order approving this Motion be effective immediately upon entry by providing that the fourteen-day waiting period of Bankruptcy Rule 6006(d) are waived.

## IV.

## **CONCLUSION**

Based upon all of the foregoing, the Debtors respectfully request that the Court enter an order:

1.   finding that notice of this Motion was proper, timely, adequate, appropriate and sufficient and that no other or further notice of this Motion, the hearing on this Motion, or the assumption and assignment of the Designated Contracts is or shall be required;

2.   finding good, sufficient, and sound business purposes and justification and compelling circumstances for the Debtors' assumption and assignment of the Designated Contracts to Purchaser (or to a successful overbidder);

3.   finding that the Debtors' assumption and assignment of the Designated Contracts to Purchaser (or to a successful overbidder) are in the best interests of the Debtors' estates;

4.   determining that (i) with the payment of the Cure Amounts, the Debtors and Purchaser (or a successful overbidder), as applicable, have cured, or have provided adequate assurance of cure, of any default existing or occurring prior to the Closing under any of the Designated Contracts, and Purchaser (or a successful overbidder) has provided adequate assurance of its future performance of and under the Designated Contracts, (ii) the provisions of Section 365(b)(1)(A) of the Bankruptcy Code at the Cure Amounts set forth in the Additional Contracts Schedule have been satisfied unless the other parties to the executory contracts file a timely objection to this Motion and the Court determines that the required Cure Amount is different than the amount set forth in the Additional Contracts Schedule, and (iii) none of the other parties to the executory contracts and unexpired leases have suffered any actual pecuniary loss resulting from any default by the Debtors so that no further payments beyond the proposed

Cure Amounts are required to enable compliance with the provisions of Section 365(b)(1)(B) of the Bankruptcy Code.

5. determining that the Debtors' assumption and assignment to Purchaser, and Purchaser's assumption on the terms set forth in the APA, of the Designated Contracts is approved, and the requirements for assumption and assignment are deemed satisfied and that the Debtors are authorized in accordance with 11 U.S.C. §§ 105(a) and 365;

6. approving (effective as of the Closing Date) the Debtors' rejection of all of the Debtors' remaining executory contracts which are not assumed and assigned to Purchaser (or a successful overbidder);

7. waiving the 14-day stay period set forth in Bankruptcy Rule 6006(d); and

8. granting such other and further relief as the Court deems just and proper under the circumstances of these cases.

Dated: October 20, 2017

IRONCLAD PERFORMANCE WEAR CORPORATION, *et al.*

By: */s/ Krikor Meshefejian*
RON BENDER
MONICA Y. KIM
KRIKOR J. MESHEFEJIAN
LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.
Attorneys for Debtors and
Debtors in Possession

## **DECLARATION OF MATTHEW PLISKIN**

I, Matthew Pliskin, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am the Chief Financial Officer of Ironclad Performance Wear Corporation, a California corporation ("Ironclad California") and Ironclad Performance Wear Corporation, a Nevada corporation ("Ironclad Nevada", and collectively with Ironclad California, the "Debtors").

3. I have personal knowledge of the facts set forth herein and, if called to testify, would and could competently testify thereto. This Declaration is based upon my review of pertinent portions of the Debtors' books and records, and the information I have obtained in my position as CFO of the Debtors.

4. On October 9, 2017, Ironclad Performance Wear Corporation, a California corporation, and Ironclad Performance Wear Corporation, a Nevada corporation (collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 bankruptcy cases (collectively, the "Bankruptcy Cases"), filed a motion (the "Sale Motion") seeking an order of the Court approving the Debtors' sale of substantially all of their assets to Radians Wareham Holding, Inc. ("Radians" or "Purchaser") in accordance with the terms of the Asset Purchase Agreement ("APA") attached as Exhibit "A" to the Declaration of Geoffrey Greulich filed on September 11, 2017 as Docket Number 6 (the "Original Greulich Declaration") or to the highest or otherwise best overbidder selected at the Auction (defined in the Sale Motion).

5. By the Sale Motion, the Debtors are seeking the Court's approval of the Debtors' assumption and assignment to Purchaser (or the successful overbidder) of those unexpired leases and executory contracts that Purchaser (or the successful overbidder) wishes to assume (defined in the APA as the "Designated Contracts"). The Sale Motion includes a schedule of executory contracts and unexpired leases (the "Original Contracts and Leases Schedule").

6. The annexed Motion's purpose is to supplement the Sale Motion, and specifically, to include additional contracts that may potentially be Designated Contracts. The Debtors do not concede that these additional contracts (the "Additional Contracts") constitute executory contracts. A list of the Additional Contracts, which I caused to be prepared, along with the Debtors' belief as to all outstanding cure amounts owing by the Debtors to the other parties to those potentially executory contracts (the "Cure Amounts") is attached as Exhibit "1" to this Declaration (the "Additional Contracts Schedule").

7. In order to ensure that the potential assumption and assignment of these Additional Contracts occur concurrently with the sale of the Debtors' assets, and that the motion seeking authority to assume and assign the Additional Contracts is heard at the same time as the hearing on the Sale Motion, the Debtors are requesting a hearing on shortened time. Since the Sale Motion was filed, our review of contracts has led us to the conclusion that it would be prudent to supplement the Sale Motion with a supplemental motion to address the Additional Contracts, to the extent a purchaser ultimately requires the Debtors to obtain an order authorizing the assumption and assignment of such additional contracts.

I declare and verify under penalty of perjury, under the laws of the United State of America, that the foregoing is true and correct.

Executed on this 20th day of October, 2017, at Farmers Branch, Texas.

*/s/ Matthew Pliskin*

Matthew Pliskin, Declarant

# EXHIBIT "1"

| Contracting Party Name | Description of Contract | Cure Amount | Case |
|---|---|---|---|
| Aaron Zhang | Independent Contractor Agreement | $0.00 | CA |
| Abel Unlimted Inc. (Ironwear) | License Agreement | $0.00 | CA |
| Adi Kurniawan | Employee Agreement | $0.00 | CA |
| Big Time Products, LLC. (includes Apollo Performance Gloves) | License Agreement | $0.00 | CA |
| Bunzl USA Holdings, LLC (Cordova Safety Products, John Tillman Co.) | License Agreement | $0.00 | CA |
| Cestusline, Inc. | License Agreement | $0.00 | CA |
| Custom Information Services | IT Service Agreement | $3,546.45 | CA |
| Custom Leathercraft Mfg. LLC | License Agreement | $0.00 | CA |
| DNOW L.P. (Skatiq Gloves) | License Agreement | $0.00 | CA |
| DTM Sales and Marketing | Sales Representative Agreement | $3,184.26 | CA |
| DXP Enterprises | Customer Agreement | $0.00 | CA |
| Impacto Protective Products, Inc. | License Agreement | $0.00 | CA |
| Kartiko Sri Kuncoro | Employee Agreement | $0.00 | CA |
| LAB Sales Agency | Sales Representative Agreement | $54.92 | CA |
| Liberty Glove, Inc. | License Agreement | $0.00 | CA |
| Magpul Industries Copr. | License Agreement | $0.00 | CA |
| MCR Safety | License Agreement | $0.00 | CA |
| Muhammad Deni Indrajaya | Employee Agreement | $0.00 | CA |
| Murski Breeding Sales Co. | Sales Representative Agreement | $0.00 | CA |
| Nanang Kuriawan | Employee Agreement | $0.00 | CA |
| Refrigiwear, Inc. | License Agreement | $0.00 | CA |
| Ringers, Inc. | License Agreement | $0.00 | CA |
| River Zheng | Independent Contractor Agreement | $0.00 | CA |
| RPS Solutions | License Agreement | $0.00 | CA |
| Russ MacDonald | Independent Contractor Agreement | $85.76 | CA |
| Safety Supply Corporation (Radians) | License Agreement | $0.00 | CA |
| Saf-T-Glove | License Agreement | $0.00 | CA |
| Sony Riyadi | Employee Agreement | $0.00 | CA |
| Southern Glove | License Agreement | $0.00 | CA |
| Stauffer Glove & Safety | Customer Agreement | $0.00 | CA |
| TAB Sales Solutions | Sales Representative Agreement | $82.48 | CA |
| Vincent A. Pestilli & Associates, Inc. | Sales Representative Agreement | $157.46 | CA |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTORS' MOTION FOR AN ORDER: (1) APPROVING OF DEBTORS' ASSUMPTION AND ASSIGNMENT OF ADDITIONAL EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS AND APPROVING OF DEBTORS' REJECTION OF THOSE EXECUTORY CONTRACTS WHICH ARE NOT ASSUMED AND ASSIGNED; (2) WAIVING THE 14-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6006(d); AND (3) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW PLISKIN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 20, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender    rb@lnbyb.com**
- **Cathrine M Castaldi    ccastaldi@brownrudnick.com**
- **Russell Clementson    russell.clementson@usdoj.gov**
- **Aaron S Craig    acraig@kslaw.com, lperry@kslaw.com**
- **Matthew A Gold    courts@argopartners.net**
- **Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com**
- **Krikor J Meshefejian    kjm@lnbrb.com**
- **Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com**
- **S Margaux Ross    margaux.ross@usdoj.gov**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
- **Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com**

**2. SERVED BY UNITED STATES MAIL**: On **October 20, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 20, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served via Attorney Service***
Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☒ *Service List served by Overnight Mail*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

1 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 20, 2017 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Ironclad Performance Wear (8300)　　　　　　　　　　　　　　　　　　　　United States Trustee
OUST, Secured, Committees　　　　　　　　　　　　　　　　　　　　　　　　915 Wilshire Blvd., Suite 1850
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90017

**Creditors Committee:**

*Committee Counsel*　　　　　　　　　Resources Global Professionals　　Winspeed Sports (Shanghai) Co., LTD
Brown Rudnick LLP　　　　　　　　　　c/o Brent Waters　　　　　　　　　c/o Brian Mitteldorf
Attn: Cathrine M Castaldi　　　　　　　17101 Armstrong Ave　　　　　　　Creditors Adjustment Bureau
2211 Michelson Dr 7th Fl　　　　　　　Irvine, CA 92614　　　　　　　　　　14226 Ventura Blvd.
Irvine, CA 92612　　　　　　　　　　　　　　　　　　　　　　　　　　　　Sherman Oaks, CA 91423

PT Sport Glove Indonesia
c/o Mark C. Robba
Kranoon Desa Pandowoharjo
Sleman Yogyakarta 55512
Indonesia

**Equity Committee:**

*Equity Committee Counsel*　　　　　　Patrick W O'Brien　　　　　　　　　Ronald Chez
Dentons US LLP　　　　　　　　　　　301 Whitmore Lane　　　　　　　　　1524 N. Astor Street
Attn: Samuel Maizel & Tania Moyron　　Lake Forrest, IL 60045-4707　　　　Chicago, IL 60610
601 South Figueroa St., Suite 2500
Los Angeles, CA 90017-5704

Scott Jarus
938 Duncan Avenue
Manhattan Beach, CA 90266

| | | |
|---|---|---|
| DTM Sales and Marketing<br>391 Gingercake Road<br>Fayetteville, GA 30214 | Vincent A. Pestilli & Associates, Inc.<br>193 Sam Brown Hill Road<br>Brownfield, ME 4010 | Murski Breeding Sales Co.<br>9212 Chancellor Row<br>Dallas, TX 75247 |
| Custom Information Services<br>1201 N Watson Rd #110<br>Arlington, TX 76006 | Abel Unlimted Inc. (Ironwear)<br>2020 Seabird Way<br>Riviera Beach, FL 33404 | Big Time Products, LLC (includes Apollo Performance Gloves)<br>2 Wilbanks Road SE<br>Rome, GA 30161 |
| Bunzl USA Holdings, LLC (Cordova Safety Products, John Tillman Co.)<br>Once City Place Drive<br>Suite 200<br>St. Louis, MO 63141 | Cestusline, Inc.<br>13818 NE Airport Way<br>Portland, OR 97230 | Custom Leathercraft Mfg. LLC<br>10240 S. Alameda Street<br>South Gate, CA 90280 |
| DNOW L.P. (Skatiq Gloves)<br>7402 N. Eldridge Parkway<br>Houston, TX 77041 | Impacto Protective Products, Inc.<br>40 Dussek Street<br>Belleville, ON K8N 5R8<br>CANADA | Liberty Glove, Inc.<br>433 Cheryl Lane<br>City of Industry, CA 91789 |
| Magpul Industries Copr.<br>8226 Bee Cave Road<br>Austin, TX 78746 | MCR Safety<br>1255 Schilling Blvd. W<br>Collierville, TN 38017 | Refrigiwear, Inc.<br>54 Breakstone Drive<br>Dahlongega, GA 30533 |
| Ringers, Inc.<br>8846 North Sam Houston Parkway West<br>Houston, TX 77064 | RPS Solutions<br>726 Donald Preston Drive<br>Wolfforth, TX 79382 | Safety Supply Corporation (Radians)<br>880 North Hills Blvd.<br>Suite 505<br>Reno, NV 89506 |
| Saf-T-Glove<br>1121 Fountain Parkway<br>Grand Prairie, TX 75050 | Southern Glove<br>749 AC Little Drive<br>Newton, NC 28658 | Sony Riyadi<br>Taman Intan Cimanggis Town House Block D No.3 Jl. Raya Radar AURI Cisalak Pasar Cimanggis, Depok Jawa Barat 16452 |
| River Zheng<br>29th Hengtand Old Street, Yiting Town, Shangyu District, Shaoxing Cit, Zhejiang Province, PRC | Adi Kurniawan<br>Metro Cluster Cendana M.6/40<br>RT002 RW009 Kebon Dalem Purwakarta<br>Cilegon Banten 42433 | Muhammad Deni Indrajaya<br>Jl.Cilandak KKO, Gg Abbah 3<br>RT09 RW05 Ragunan Pasar Minggu<br>Jakarta Selatan , 12550 |
| Kartiko Sri Kuncoro<br>Komplek Timah H.19 RT001 RW006<br>Pangkalan Jati Baru Cinere<br>Depok Jawa Barat 16513 | Nanang Kuriawan<br>Dsn Jimbaran RT003 RW002<br>Jimbaran Bandungan<br>Semarang Jawa Tengah 50651 | Russ MacDonald<br>23785 110B Avenue<br>Maple Ridge, BC V2W 1E6<br>Canada |
| TAB Sales Solutions<br>12109-94A Street<br>Grand Prairie, AB T8V 5C2<br>Canada | LAB Sales Agency<br>58 Regis Drive<br>Winnipeg, MB R2N 1K3<br>Canada | Stauffer Glove & Safety<br>361 East Sixth Street<br>Red Hill, PA 18076-045 |

DXP Enterprises  
P.O. Box 1697  
Houston, TX 77251

Aaron Zhang  
Room 1202 Building 12 ,Biguiyuan ,  
Renming Middle Road NO.527, Qidong  
County Nantong City, China 226200