RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email:  rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com

Proposed Counsel for Chapter 11 Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation,<br><br>    Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a Nevada corporation,<br><br>    Debtor and Debtor in Possession.<br>_____<br><br>☒  Affects both Debtors<br><br>☐  Affects Ironclad Performance Wear Corporation, a California corporation only<br><br>☐  Affects Ironclad Performance Wear Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br><br>Jointly administered with:<br>1:17-bk-12409-MB<br><br>(Ironclad Performance Wear Corporation, a Nevada corporation)<br><br>Chapter 11 Cases<br><br>**SUPPLEMENT TO APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY CRAIG-HALLUM CAPITAL GROUP LLC AS FINANCIAL ADVISOR PURSUANT TO 11 U.S.C. § 327 WITH COMPENSATION PURSUANT TO 11 U.S.C. § 328; DECLARATION OF STEVE RICKMAN**<br><br>[No Hearing Required Unless Requested Pursuant to Local Bankruptcy Rule 2014-1] |

1

Ironclad Performance Wear Corporation, a California corporation, and Ironclad Performance Wear Corporation, a Nevada corporation (collectively, the "Debtors"), the debtors and debtors in possession in the above-captioned, jointly-administered, chapter 11 bankruptcy cases, hereby submit this Supplement to the Application filed by the Debtors for Court approval of their employment and compensation of Craig-Hallum Capital Group LLC ("C-H") as their financial advisor. The Application was filed on September 29, 2017, as Docket No. 75. This Supplement amends and modifies the Application, based on the Debtors' and C-H's discussions with the Official Committee of Unsecured Creditors and the Official Committee of Equity Holders appointed in these cases. Capitalized terms not otherwise defined herein have the same meaning ascribed to such terms in the Application.

Pursuant to this Supplement, the Application is modified as follows:

1.  Appendix I to the Engagement Letter attached as Exhibit 1 to the Application is replaced, amended, and superseded by Amended Appendix I attached hereto.

2.  Paragraph 19 of the Application is replaced, amended, and superseded by the following language:

> "The Debtors and C-H are requesting that the entire Sale or Restructuring Fee be paid in cash to C-H at the closing of the Sale or Restructuring pursuant to 11 U.S.C. § 328 on an interim basis without the need for a fee application, provided, however, that C-H will be required to file a final fee application in these cases requesting approval on a final basis of any Sale or Restructuring Fee paid to C-H at the closing."

Dated: October 19, 2017

IRONCLAD PERFORMANCE WEAR CORPORATION, et al.

By: _/s/ Krikor J. Meshefejian_
    RON BENDER
    MONICA Y. KIM
    KRIKOR J. MESHEFEJIAN
    LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.
    Proposed Counsel for Chapter 11 Debtors
    and Debtors in Possession

## DECLARATION OF STEVE RICKMAN

I, Steve Rickman, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto. I make this Declaration in support of the Supplement to the Application filed by the Debtors for Court approval of their employment and compensation of Craig-Hallum Capital Group LLC ("C-H") as their financial advisor.

2. I am the Managing Director of Investment Banking Mergers and Acquisitions at C-H. I am authorized by C-H to modify the terms of C-H's employment in these cases.

3. As set forth in the Supplement, C-H has agreed to modify the terms of its employment and the Application, as follows:

   a. Appendix I to the Engagement Letter attached as Exhibit 1 to the Application is replaced, amended, and superseded by Amended Appendix I attached hereto.

   b. Paragraph 19 of the Application is replaced, amended, and superseded by the following language:

   "The Debtors and C-H are requesting that the entire Sale or Restructuring Fee be paid in cash to C-H at the closing of the Sale or Restructuring pursuant to 11 U.S.C. § 328 on an interim basis without the need for a fee application, provided, however, that C-H will be required to file a final fee application in these cases requesting approval on a final basis of any Sale or Restructuring Fee paid to C-H at the closing."

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 19th day of October, 2017, at Minneapolis, Minnesota.

STEVE RICKMAN, Declarant

3

# AMENDED APPENDIX I

4

**Amended Appendix I**

[A]  In the event that Craig-Hallum Capital Group LLC or any of its affiliates (collectively, "C-H"), the respective shareholders, directors, officers, agents or employees of C-H, or any other person controlling C-H (collectively, together with C-H, "Indemnified Persons") becomes involved in any capacity in any action, claim, suit, investigation or proceeding, actual or threatened, brought by or against any person, including stockholders of Client, in connection with or as a result of (i) the engagement contemplated by the letter agreement to which the original Appendix I is attached (the "engagement"), or (ii) any offering materials, including but not limited to any registration statement, prospectus and any prospectus supplement used to offer securities of Client in a transaction subject to the engagement as such materials may be amended or supplemented (and including but not limited to any documents deemed to be incorporated therein by reference) (collectively, the "Offering Materials"), Client will reimburse such Indemnified Person for its reasonable legal and other expenses (including without limitation the reasonable costs and expenses incurred in connection with investigating, preparing for and responding to third party subpoenas or enforcing the engagement) incurred in connection therewith as such expenses are incurred; provided, however, that if it is finally determined by a court or arbitral tribunal in any such action, claim, suit, investigation or proceeding that any loss, claim damage or liability of C-H or any other Indemnified Person has resulted from the gross negligence, bad faith, willful misconduct, or fraud on the part of C-H or any other Indemnified Person, then C-H will repay such portion of reimbursed amounts that is attributable to expenses incurred in relation to the act or omission of C-H or any other Indemnified Person which is the subject of such determination. Client will also indemnify and hold harmless each Indemnified Person from and against any losses, claims, damages or liabilities (including actions or proceedings in respect thereof) (collectively, "Losses") related to or arising out of (i) the engagement, or (ii) the Offering Materials, except to the extent any such Losses are finally determined by a court or arbitral tribunal to have resulted from the gross negligence, bad faith, willful misconduct, or fraud on the part of C-H or any other Indemnified Person.

[B]  If such indemnification is for any reason not available or insufficient to hold an Indemnified Person harmless (except by reason of the gross negligence, bad faith, willful misconduct, or fraud on the part of C-H as described above), Client and C-H shall contribute to the Losses involved in such proportion as is appropriate to reflect the relative benefits received (or anticipated to be received) by Client, on the one hand, and by C-H and/or any other Indemnified Person, on the other hand, with respect to the engagement or, if such allocation is determined by a court or arbitral tribunal to be unavailable, in such proportion as is appropriate to reflect other equitable considerations such as the relative fault of Client on the one hand and of C-H and/or any other Indemnified Person on the other hand; provided, however, that in no event shall the amounts to be contributed by C-H exceed the fees actually received by C-H in the engagement. Relative benefits to Client, on the one hand, and C-H and/or any other Indemnified Person, on the other hand, shall be deemed to be in the same proportion as (i) the total value actually paid or received by Client or its security holders, as the case may be, pursuant to the transaction(s), whether or not consummated, contemplated by the engagement, bears to (ii) all fees actually received by C-H in the engagement.

[C]  Client also agrees that neither C-H nor any other Indemnified Person shall have any liability to Client or any person asserting claims on behalf or in right of Client in connection with or as a result of the engagement or any matter referred to in the engagement, except to the extent that any Losses incurred by Client are finally determined by a court or arbitral tribunal to have resulted from the gross

negligence, bad faith, willful misconduct, or fraud on the part of C-H or any other Indemnified Person in performing the services that are the subject of the engagement.

[D]  Client's obligations hereunder shall be in addition to any rights that any Indemnified Person may have at common law or otherwise.

[E]  Notwithstanding any provision above, Indemnified Persons shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

[F]  Furthermore, the Debtors shall have no obligation to indemnify the Indemnified Persons, or provide contribution or reimbursement to the Indemnified Persons, for any claim or expense to the extent it is: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Person's gross negligence, bad faith, willful misconduct, breach of fiduciary duty or fraud; (ii) for a contractual dispute in which the Debtors allege breach of contractual obligations unless the United States Bankruptcy Court, Central District of California (this "Court") determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir.2003) or for any other reason; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i)and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (G) hereof to be a claim or expense for which the Indemnified Person should not receive indemnity, contribution or reimbursement  under the terms of the Agreement, as modified by this Amended Appendix I.  All such matters will be unrelated to this Chapter 11 case.

[G]  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Amended Appendix I), including, without limitation, the advancement of defense costs, the Indemnified Person must file an application in this Court, and the Debtors may not pay any such amounts to Indemnified Persons before the entry of an order by this Court approving the payment.  This subparagraph (G) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by an Indemnified Person for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, any Indemnified Person.  All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution and/or reimbursement.

[H]  The provisions of this Amended Appendix I shall apply to the engagement (including related activities prior to the date hereof) and any modification thereof and shall remain in full force and effect regardless of the completion or termination of the engagement. If any term, provision, covenant or restriction herein is held by a court of competent jurisdiction to be invalid, void or unenforceable or against public policy, the remainder of the terms, provisions and restrictions contained herein shall remain in full force and effect and shall in no way be affected, impaired or invalidated.
1237888 v1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **SUPPLEMENT TO APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY CRAIGHALLUM CAPITAL GROUP LLC AS FINANCIAL ADVISOR PURSUANT TO 11 U.S.C. § 327 WITH COMPENSATION PURSUANT TO 11 U.S.C. § 328; DECLARATION OF STEVE RICKMAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 20, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender    rb@lnbyb.com**
- **Cathrine M Castaldi    ccastaldi@brownrudnick.com**
- **Russell Clementson    russell.clementson@usdoj.gov**
- **Aaron S Craig    acraig@kslaw.com, lperry@kslaw.com**
- **Matthew A Gold    courts@argopartners.net**
- **Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com**
- **Krikor J Meshefejian    kjm@lnbrb.com**
- **Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com**
- **S Margaux Ross    margaux.ross@usdoj.gov**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
- **Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com**

**2. SERVED BY UNITED STATES MAIL**: On **October 20, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 20, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served via Attorney Service*
Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 20, 2017 | Stephanie Reichert | */s/ Stephanie Reichert* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**