RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com

Attorneys for Chapter 11 Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation,<br><br>    Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a Nevada corporation,<br><br>    Debtor and Debtor in Possession.<br>_____<br><br>☒ Affects both Debtors<br><br>☐ Affects Ironclad Performance Wear Corporation, a California corporation only<br><br>☐ Affects Ironclad Performance Wear Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br>Chapter 11 Cases<br><br>**NOTICE OF EXPEDITED HEARING ON DEBTORS' MOTION FOR AN ORDER: (1) APPROVING OF DEBTORS' ASSUMPTION AND ASSIGNMENT OF ADDITIONAL EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS AND APPROVING OF DEBTORS' REJECTION OF THOSE EXECUTORY CONTRACTS WHICH ARE NOT ASSUMED AND ASSIGNED; (2) WAIVING THE 14-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6006(d); AND (3) GRANTING RELATED RELIEF**<br><br>DATE:    October 30, 2017<br>TIME:    10:00 a.m.<br>PLACE:   Courtroom "303"<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA |

**PLEASE TAKE NOTICE** that a hearing will be held on shortened notice on October 30, 2017, commencing at 10:00 a.m., at the above-referenced Courtroom, for the Court to consider approval that certain *Motion For An Order: (1) Approving Of Debtors' Assumption And Assignment Of Additional Executory Contracts And Determining Cure Amounts And Approving Of Debtors' Rejection Of Those Executory Contracts Which Are Not Assumed And Assigned; (2) Waiving The 14-Day Stay Period Set Forth In Bankruptcy Rule 6006(d); And (3) Granting Related Relief* (the "Additional Contracts Motion"), filed on October 20, 2017, as Docket No. 125.

**PLEASE TAKE FURTHER NOTICE** that the deadline to oppose the Additional Contracts Motion and the relief requested in the Additional Contracts Motion is October 30, 2017, at 10:00 a.m., at the hearing on the Additional Contracts Motion. Objecting parties may orally oppose the Additional Contracts Motion.

**The following contracting parties are affected by the Additional Contracts Motion and should carefully read the Additional Contracts Motion (which was previously served on the contracting parties) and this Notice:**

| Contracting Party Name | Description of Contract | Cure Amount | Case |
|---|---|---|---|
| Aaron Zhang | Independent Contractor Agreement | $0.00 | CA |
| Abel Unlimited Inc. (Ironwear) | License Agreement | $0.00 | CA |
| Adi Kurniawan | Employee Agreement | $0.00 | CA |
| Big Time Products, LLC. (includes Apollo Performance Gloves) | License Agreement | $0.00 | CA |
| Bunzl USA Holdings, LLC (Cordova Safety Products, John Tillman Co.) | License Agreement | $0.00 | CA |
| Cestusline, Inc. | License Agreement | $0.00 | CA |
| Custom Information Services | IT Services Agreement | $3,546.45 | CA |
| Custom Leathercraft Mfg. LLC | License Agreement | $0.00 | CA |
| DNOW L.P. (Skatiq Gloves) | License Agreement | $0.00 | CA |
| DTM Sales and Marketing | Sales Representative Agreement | $3,184.26 | CA |
| DXP Enterprises | Customer Agreement | $0.00 | CA |
| Impacto Protective Products, Inc. | License Agreement | $0.00 | CA |
| Kartiko Sri Kuncoro | Employee Agreement | $0.00 | CA |
| LAB Sales Agency | Sales Representative Agreement | $54.92 | CA |
| Liberty Glove, Inc. | License Agreement | $0.00 | CA |

| Contracting Party Name | Description of Contract | Cure Amount | Case |
|---|---|---|---|
| Magpul Industries Copr. | License Agreement | $0.00 | CA |
| MCR Safety | License Agreement | $0.00 | CA |
| Muhammad Deni Indrajaya | Employee Agreement | $0.00 | CA |
| Murski Breeding Sales Co. | Sales Representative Agreement | $0.00 | CA |
| Nanang Kuriawan | Employee Agreement | $0.00 | CA |
| Refrigiwear, Inc. | License Agreement | $0.00 | CA |
| Ringers, Inc. | License Agreement | $0.00 | CA |
| River Zheng | Independent Contractor Agreement | $0.00 | CA |
| RPS Solutions | License Agreement | $0.00 | CA |
| Russ MacDonald | Independent Contractor Agreement | $85.76 | CA |
| Safety Supply Corporation (Radians) | License Agreement | $0.00 | CA |
| Saf-T-Glove | License Agreement | $0.00 | CA |
| Sony Riyadi | Employee Agreement | $0.00 | CA |
| Southern Glove | License Agreement | $0.00 | CA |
| Stauffer Glove & Safety | Customer Agreement | $0.00 | CA |
| TAB Sales Solutions | Sales Representative Agreement | $82.48 | CA |
| Vincent A. Pestilli & Associates, Inc. | Sales Representative Agreement | $157.46 | CA |

**PLEASE TAKE FURTHER NOTICE** that, on October 9, 2017, Ironclad Performance Wear Corporation, a California corporation, and Ironclad Performance Wear Corporation, a Nevada corporation (collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 bankruptcy cases, filed a motion (the "Sale Motion") seeking an order of the Court approving the Debtors' sale of substantially all of their assets to Radians Wareham Holding, Inc. ("Purchaser") in accordance with the terms of the Asset Purchase Agreement ("APA") attached as Exhibit "A" to the Declaration of Geoffrey Greulich filed on September 11, 2017 as Docket Number 6 (the "Original Greulich Declaration") or to the highest or otherwise best overbidder selected at the Auction (defined in the Sale Motion). By the Sale Motion, the Debtors sought the Court's approval of the Debtors' assumption and assignment to Purchaser (or the successful overbidder) of those unexpired leases and executory contracts that Purchaser (or the successful overbidder) wishes to assume (defined in the APA as the "Designated Contracts").

The Additional Contracts Motion's purpose is to supplement the Sale Motion, and

specifically, to include additional contracts that may potentially be Designated Contracts. The Debtors do not concede that these additional contracts (the "Additional Contracts") constitute executory contracts.

**The list of the Additional Contracts (the "Additional Contracts Schedule") along with the Debtors' belief as to all outstanding cure amounts owing by the Debtors to the other parties to those executory contracts (the "Cure Amounts") is set forth above (in alphabetical order).**

Purchaser has not yet identified for the Debtors which of the Debtors' executory contracts and unexpired leases that Purchaser desires to have assigned to it (*i.e.*, the Designated Contracts) if Purchaser is the winning bidder at the Auction (or if there is no Auction), and Purchaser is required to make that designation by one day prior to the sale closing (the "Closing"). If someone other than Purchaser is the successful bidder at the Auction, the Debtors will not know which of their executory contracts and unexpired leases the winning bidder will desire to have assigned to it until the winning bidder at the Auction makes that determination which the winning bidder will also be required to make by one day prior to the Closing.

As a result, by way of the Additional Contracts Motion, the Debtors are seeking the Court's authority to assume and assign to Purchaser (or to a successful overbidder) all of the Debtors' Additional Contracts that Purchaser (or a successful overbidder) wants to have assigned to it and to fix the required Cure Amounts that would need to be paid to the other parties to the executory contracts to enable compliance with the provisions of Section 365(b)(1)(A) of the Bankruptcy Code at the Cure Amounts set forth in the Additional Contracts Schedule unless the other parties to the executory contracts and unexpired leases file a timely objection to the Additional Contracts Motion and the Court determines that the required Cure Amount is different than the amount set forth in the Additional Contracts Schedule.

By way of the Additional Contracts Motion, the Debtors are also seeking a determination by the Court that none of the other parties to the executory contracts have suffered any actual pecuniary loss resulting from any default by the Debtors so that no further payments beyond the proposed Cure Amounts are required to enable compliance with the provisions of Section

365(b)(1)(B) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE that if you are a party to an Additional Contract with the Debtors and you contend that (i) the required Cure Amount is different than the amount set forth in the Additional Contracts Schedule and/or (ii) you have suffered any actual pecuniary loss resulting from any default by the Debtors and you contend that additional payments beyond the proposed Cure Amounts are required to enable compliance with the provisions of Section 365(b)(1)(B) of the Bankruptcy Code, you must oppose the Additional Contracts Motion no later than the time of the hearing on the Additional Contracts Motion and set forth (i) your contention as to the required Cure Amount and/or (ii) your contention of the extent to which you have suffered actual pecuniary loss resulting from any default by the Debtors that you contend that you contend must be satisfied beyond the proposed Cure Amounts to enable compliance with the provisions of Section 365(b)(1)(B) of the Bankruptcy Code.  The Debtors will be requesting the Court to find that any party that fails to timely object to the Additional Contracts Motion is deemed to have consented to the Debtors' proposed Cure Amounts and pecuniary loss amounts and be forever barred from challenging the Debtors' proposed Cure Amounts and pecuniary loss amounts.**

**WHEREFORE**, the Debtors respectfully request that the Court enter an order:

1.  finding that notice of the Additional Contracts Motion was proper, timely, adequate, appropriate and sufficient and that no other or further notice of the Additional Contracts Motion, the hearing on the Additional Contracts Motion, or the assumption and assignment of the Designated Contracts is or shall be required;

2.  finding good, sufficient, and sound business purposes and justification and compelling circumstances for the Debtors' assumption and assignment of the Designated Contracts to Purchaser (or to a successful overbidder);

3.  finding that the Debtors' assumption and assignment of the Designated Contracts to Purchaser (or to a successful overbidder) are in the best interests of the Debtors' estates;

4.  determining that (i) with the payment of the Cure Amounts, the Debtors and

Purchaser (or a successful overbidder), as applicable, have cured, or have provided adequate assurance of cure, of any default existing or occurring prior to the Closing under any of the Designated Contracts, and Purchaser (or a successful overbidder) has provided adequate assurance of its future performance of and under the Designated Contracts, (ii) the provisions of Section 365(b)(1)(A) of the Bankruptcy Code at the Cure Amounts set forth in the Additional Contracts Schedule have been satisfied unless the other parties to the executory contracts timely objects to the Additional Contracts Motion and the Court determines that the required Cure Amount is different than the amount set forth in the Additional Contracts Schedule, and (iii) none of the other parties to the executory contracts and unexpired leases have suffered any actual pecuniary loss resulting from any default by the Debtors so that no further payments beyond the proposed Cure Amounts are required to enable compliance with the provisions of Section 365(b)(1)(B) of the Bankruptcy Code.

5.  determining that the Debtors' assumption and assignment to Purchaser, and Purchaser's assumption on the terms set forth in the APA, of the Designated Contracts is approved, and the requirements for assumption and assignment are deemed satisfied and that the Debtors are authorized in accordance with 11 U.S.C. §§ 105(a) and 365;

6.  approving (effective as of the Closing Date) the Debtors' rejection of all of the Debtors' remaining executory contracts which are not assumed and assigned to Purchaser (or a successful overbidder);

7.  waiving the 14-day stay period set forth in Bankruptcy Rule 6006(d); and

8.  granting such other and further relief as the Court deems just and proper under the circumstances of these cases.

Dated: October 23, 2017         IRONCLAD PERFORMANCE WEAR
                                CORPORATION, *et al.*

                                By: */s/ Krikor J. Meshefejian*
                                    RON BENDER
                                    LEVENE, NEALE, BENDER,
                                    YOO & BRILL L.L.P.
                                    Attorneys for Debtors and
                                    Debtors in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **NOTICE OF EXPEDITED HEARING ON DEBTORS' MOTION FOR AN ORDER: (1) APPROVING OF DEBTORS' ASSUMPTION AND ASSIGNMENT OF ADDITIONAL EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS AND APPROVING OF DEBTORS' REJECTION OF THOSE EXECUTORY CONTRACTS WHICH ARE NOT ASSUMED AND ASSIGNED; (2) WAIVING THE 14-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6006(d); AND (3) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 23, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender    rb@lnbyb.com**
- **Cathrine M Castaldi    ccastaldi@brownrudnick.com**
- **Russell Clementson    russell.clementson@usdoj.gov**
- **Aaron S Craig    acraig@kslaw.com, lperry@kslaw.com**
- **Matthew A Gold    courts@argopartners.net**
- **Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com**
- **Krikor J Meshefejian    kjm@lnbrb.com**
- **Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com**
- **S Margaux Ross    margaux.ross@usdoj.gov**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
- **Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com**

**2. SERVED BY UNITED STATES MAIL**: On **October 23, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 23, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*__Served via Attorney Service__*
Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☒ *Service List served by Overnight Mail attached*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2

3  October 23, 2017        Stephanie Reichert            */s/ Stephanie Reichert*
   *Date*                  *Type Name*                   *Signature*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                   **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Ironclad Performance Wear (8300)<br>OUST, Secured, Committees | United States Trustee<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, California 90017 |

**Creditors Committee:**

*Committee Counsel*
Brown Rudnick LLP
Attn: Cathrine M Castaldi
2211 Michelson Dr 7th Fl
Irvine, CA 92612

Resources Global Professionals
c/o Brent Waters
17101 Armstrong Ave
Irvine, CA 92614

Winspeed Sports (Shanghai) Co., LTD
c/o Brian Mitteldorf
Creditors Adjustment Bureau
14226 Ventura Blvd.
Sherman Oaks, CA 91423

PT Sport Glove Indonesia
c/o Mark C. Robba
Kranoon Desa Pandowoharjo
Sleman Yogyakarta 55512
Indonesia

**Equity Committee:**

*Equity Committee Counsel*
Dentons US LLP
Attn: Samuel Maizel & Tania Moyron
601 South Figueroa St., Suite 2500
Los Angeles, CA 90017-5704

Patrick W O'Brien
301 Whitmore Lane
Lake Forrest, IL 60045-4707

Ronald Chez
1524 N. Astor Street
Chicago, IL 60610

Scott Jarus
938 Duncan Avenue
Manhattan Beach, CA 90266

| | | |
|---|---|---|
| DTM Sales and Marketing<br>391 Gingercake Road<br>Fayetteville, GA 30214 | Vincent A. Pestilli & Associates, Inc.<br>193 Sam Brown Hill Road<br>Brownfield, ME 4010 | Murski Breeding Sales Co.<br>9212 Chancellor Row<br>Dallas, TX 75247 |
| Custom Information Services<br>1201 N Watson Rd #110<br>Arlington, TX 76006 | Abel Unlimted Inc. (Ironwear)<br>2020 Seabird Way<br>Riviera Beach, FL 33404 | Big Time Products, LLC (includes Apollo Performance Gloves)<br>2 Wilbanks Road SE<br>Rome, GA 30161 |
| Bunzl USA Holdings, LLC (Cordova Safety Products, John Tillman Co.)<br>Once City Place Drive<br>Suite 200<br>St. Louis, MO 63141 | Cestusline, Inc.<br>13818 NE Airport Way<br>Portland, OR 97230 | Custom Leathercraft Mfg. LLC<br>10240 S. Alameda Street<br>South Gate, CA 90280 |
| DNOW L.P. (Skatiq Gloves)<br>7402 N. Eldridge Parkway<br>Houston, TX 77041 | Impacto Protective Products, Inc.<br>40 Dussek Street<br>Belleville, ON K8N 5R8<br>CANADA | Liberty Glove, Inc.<br>433 Cheryl Lane<br>City of Industry, CA 91789 |
| Magpul Industries Copr.<br>8226 Bee Cave Road<br>Austin, TX 78746 | MCR Safety<br>1255 Schilling Blvd. W<br>Collierville, TN 38017 | Refrigiwear, Inc.<br>54 Breakstone Drive<br>Dahlongega, GA 30533 |
| Ringers, Inc.<br>8846 North Sam Houston Parkway West<br>Houston, TX 77064 | RPS Solutions<br>726 Donald Preston Drive<br>Wolfforth, TX 79382 | Safety Supply Corporation (Radians)<br>880 North Hills Blvd.<br>Suite 505<br>Reno, NV 89506 |
| Saf-T-Glove<br>1121 Fountain Parkway<br>Grand Prairie, TX 75050 | Southern Glove<br>749 AC Little Drive<br>Newton, NC 28658 | Sony Riyadi<br>Taman Intan Cimanggis Town House Block D No.3 Jl. Raya Radar AURI Cisalak Pasar<br>Cimanggis, Depok Jawa Barat 16452 |
| River Zheng<br>29th Hengtand Old Street, Yiting Town, Shangyu District, Shaoxing Cit, Zhejiang Province, PRC | Adi Kurniawan<br>Metro Cluster Cendana M.6/40<br>RT002 RW009 Kebon Dalem Purwakarta<br>Cilegon Banten 42433 | Muhammad Deni Indrajaya<br>Jl.Cilandak KKO, Gg Abbah 3<br>RT09 RW05 Ragunan Pasar Minggu<br>Jakarta Selatan , 12550 |
| Kartiko Sri Kuncoro<br>Komplek Timah H.19 RT001 RW006<br>Pangkalan Jati Baru Cinere<br>Depok Jawa Barat 16513 | Nanang Kuriawan<br>Dsn Jimbaran RT003 RW002<br>Jimbaran Bandungan<br>Semarang Jawa Tengah 50651 | Russ MacDonald<br>23785 110B Avenue<br>Maple Ridge, BC V2W 1E6<br>Canada |
| TAB Sales Solutions<br>12109-94A Street<br>Grand Prairie, AB T8V 5C2<br>Canada | LAB Sales Agency<br>58 Regis Drive<br>Winnipeg, MB R2N 1K3<br>Canada | Stauffer Glove & Safety<br>361 East Sixth Street<br>Red Hill, PA 18076-045 |

DXP Enterprises
P.O. Box 1697
Houston, TX 77251

Aaron Zhang
Room 1202 Building 12 ,Biguiyuan ,
Renming Middle Road NO.527, Qidong
County Nantong City, China 226200