RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com

Attorneys for Chapter 11 Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation,<br><br>    Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a Nevada corporation,<br><br>    Debtor and Debtor in Possession.<br>_____<br>☒  Affects both Debtors<br><br>☐  Affects Ironclad Performance Wear Corporation, a California corporation only<br><br>☐  Affects Ironclad Performance Wear Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br>Chapter 11 Cases<br><br>**DEBTORS' REPLY TO LIMITED OBJECTION OF JEFFREY CORDES AND WILLIAM M. AISENBERG TO THE DEBTORS' SALE MOTION**<br><br>DATE:    October 30, 2017<br>TIME:     10:00 a.m.<br>PLACE:   Courtroom "303"<br>               21041 Burbank Blvd.<br>               Woodland Hills, CA |

1

Ironclad Performance Wear Corporation, a California corporation, and Ironclad Performance Wear Corporation, a Nevada corporation (collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 bankruptcy cases, hereby file their Reply to that certain Limited Objection [Docket No. 131] filed by Jeffrey Cordes and William M. Aisenberg (collectively, the "Objecting Parties") to the Debtors' motion ("Motion") [Docket Number 95] seeking an order of the Court approving the Debtors' sale of substantially all of their assets.

1. As a preliminary matter, the Debtors dispute any and all claims asserted by the Objecting Parties against the Debtors' estates, and reserve all of their rights to, object to the Objecting Parties' claims, and assert claims against the Objecting Parties.[1] Additionally, the Motion itself does not seek any relief related to the Objecting Parties' claims, and therefore the Limited Objection is not actually responsive to the Motion. Finally, the Limited Objection should be overruled for the following reasons.

2. First, the Limited Objection was filed after the deadline for the Objecting Parties to file oppositions to the Motion. As such, it is untimely and may be overruled on that basis alone.

3. Second, pursuant to the Limited Objection, the Objecting Parties request various forms of relief from this Court, none of which should be, or could be, granted to the Objecting Parties.[2]

---

[1] As the Debtors have previously discussed, it was discovered in early 2017 that under the management of the Debtors by the Objecting Parties, the Debtors failed to provide materially complete and correct financial statements as required under their loan documents to their primary secured lender for the fiscal years ended December 31, 2015 and 2016, and for the fiscal quarters ended March 31, June 30, September 30, 2016 and March 31, 2017. As a result of this discovery, the Objecting Parties were terminated.

[2] Oddly, the Objecting Parties refer to themselves in the Limited Objection as "Movants" (see Limited Objection, page 1, line 25). To the extent the untimely Limited Objection is intended to serve as a motion, it has not been properly noticed and is not scheduled to be heard on October 30, 2017.

2

4.     Specifically, the Objecting Parties request that the Sale Order include language providing as follows, none of which should be included in the Sale Order:

a.     That the Debtors' proposed sale, if approved, shall not affect Movants' rights to pursue their claims against the Debtors under the Cordes Employment Agreement and the Aisenberg Employment Agreement.

**Debtors' Response:**  There is no basis for inclusion of any such language in the Sale Order.  The Motion does not involve the Objecting Parties' claims, nor have the Debtors requested any determination with respect to the Objecting Parties' claims. The Debtors have not requested any determination as to the nature of any agreements with the Objecting Parties, the enforceability of such agreements, or whether such agreements are or are not executory.  There is no basis to include in the Sale Order any language that is extraneous to the relief being requested in the Motion, and the Limited Objection is not itself a motion pursuant to which affirmative relief may be granted.

b.     That the Debtors' proposed sale, if approved, shall not affect the Objecting Parties' rights as insured parties under an insurance policy to pursue any insurance proceeds.

**Debtors' Response:**  There is no basis for inclusion of any such language in the Sale Order.  The Motion does not involve any relief being requested under any insurance policy, nor have the Debtors requested any determination with respect to any insurance policy. There is no basis to include in the Sale Order any language that is extraneous to the relief being requested in the Motion, and the Limited Objection is not itself a motion pursuant to which affirmative relief may be granted.

c.     That the Debtors are prohibited from terminating or otherwise allowing the insurance policy to lapse.

**Debtors' Response:**  There is no basis to prohibit the Debtors from taking action with respect to any of the Debtors' insurance policies. The relief requested by the Objecting Parties amounts to a request for a restraining order against the Debtors without

3

Case 1:17-bk-12408-MB    Doc 149    Filed 10/27/17    Entered 10/27/17 12:30:44    Desc
Main Document    Page 4 of 5

complying with any of the requirements or procedures for requesting, and obtaining, restraining orders.

d. That the Objecting Parties' purported employment agreements are not "executory contracts" and are not among those Designated Contracts being assumed by the Debtors and assigned to the purchaser.

**Debtors' Response:** There is no basis for any such determination because no such determination was ever requested in the Sale Motion. Moreover, it is procedurally improper to request such declaratory relief in an untimely "Limited Objection" to the Motion. Finally, it is self-evident that these purported agreements are not included in the Motion.

e. That any language in the Sale Order establishing that a party to an executory contract has not incurred any pecuniary loss is inapplicable to the Objecting Parties' purported employment agreements.

**Debtors' Response:** There is no basis for inclusion of any such language in the Sale Order because the Motion itself does not apply to the purported agreements at issue. The Motion does not involve the Objecting Parties' claims, nor have the Debtors requested any determination with respect to the Objecting Parties' claims. There is no basis to include in the Sale Order any language that is extraneous to the relief being requested in the Motion, and the Limited Objection is not itself a motion pursuant to which affirmative relief may be granted.

5. For the reasons set forth herein, the Limited Objection should be overruled.

Dated: October 27, 2017        IRONCLAD PERFORMANCE WEAR CORPORATION

By: */s/ Krikor J. Meshefejian*
    RON BENDER
    MONICA Y. KIM
    KRIKOR J. MESHEFEJIAN
    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
    Attorneys for Debtors and Debtors in
    Possession

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTORS' REPLY TO LIMITED OBJECTION OF JEFFREY CORDES AND WILLIAM M. AISENBERG TO THE DEBTORS' SALE MOTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 27, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Shiva D Beck**    sbeck@gardere.com, jcharrison@gardere.com
- **Ron Bender**    rb@lnbyb.com
- **Cathrine M Castaldi**    ccastaldi@brownrudnick.com
- **Russell Clementson**    russell.clementson@usdoj.gov
- **Aaron S Craig**    acraig@kslaw.com, lperry@kslaw.com
- **Matthew A Gold**    courts@argopartners.net
- **Monica Y Kim**    myk@lnbrb.com, myk@ecf.inforuptcy.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **Tania M Moyron**    tania.moyron@dentons.com, chris.omeara@dentons.com
- **S Margaux Ross**    margaux.ross@usdoj.gov
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bryancave.com, raul.morales@bryancave.com

**2. SERVED BY UNITED STATES MAIL**: On **October 27, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 27, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served via Attorney Service***
Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 27, 2017 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**