RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com

Counsel for Chapter 11 Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation,<br><br>  Debtor and Debtor in Possession.<br>―――――――――――――――――――<br>In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a Nevada corporation,<br><br>  Debtor and Debtor in Possession.<br>―――――――――――――――――――<br>☒ Affects both Debtors<br><br>☐ Affects Ironclad Performance Wear Corporation, a California corporation only<br><br>☐ Affects Ironclad Performance Wear Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br>(Ironclad Performance Wear Corporation, a Nevada corporation)<br>Chapter 11 Cases<br><br>**DECLARATION OF STEVE RICKMAN IN SUPPORT DEBTORS' MOTION FOR AN ORDER: (1) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES; (2) APPROVING OF DEBTORS' ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS AND APPROVING OF DEBTORS' REJECTION OF THOSE UNEXPIRED LEASES AND EXECUTORY CONTRACTS WHICH ARE NOT ASSUMED AND ASSIGNED; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (4) GRANTING RELATED RELIEF**<br><br>Date: October 30, 2017<br>Time: 10:00 a.m.<br>Place: Courtroom 303<br>    21041 Burbank Blvd.<br>    Woodland Hills, CA 91367 |

1

## DECLARATION OF STEVE RICKMAN

I, Steve Rickman, hereby declare as follows:

1. Except as otherwise indicated, I have personal knowledge of the facts set forth below or have gained knowledge of such matters from the Debtors' employees or their legal counsel with whom I am in contact in the ordinary course of my responsibilities and, if called to testify, would and could competently testify thereto. Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to such terms in the motion ("Motion") filed by Ironclad Performance Wear Corporation, a California corporation, and Ironclad Performance Wear Corporation, a Nevada corporation (collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 bankruptcy cases, seeking an order of the Court approving the Debtors' sale of substantially all of their assets to Radians Wareham Holding, Inc. ("Radians") or to a successful overbidder.

2. I am the Managing Director of Investment Banking Mergers and Acquisitions at Craig-Hallum Capital Group LLC ("C-H"). I have over 20 years of experience advising growth companies on strategic mergers and acquisitions, private and public financings, and strategic advisory. I have completed over 70 transactions with an aggregate deal value of more than $4 billion. I hold an M.S. from Stanford University, and I obtained my M.B.A. from the University of Minnesota, Carlson School of Management, with Distinction.

3. C-H was retained by the Debtors to serve as their financial advisor in connection with their chapter 11 bankruptcy cases. I have served as the lead professional at C-H providing services on this engagement.

4. C-H has been working with the Debtors during the three-month period leading up to the Debtors' chapter 11 bankruptcy filings, and C-H has done extensive due diligence with the

2

Debtors' management team and board of directors. Thus, C-H is very familiar with the Debtors' business and financial situation.

5.  At a hearing held on September 25, 2017, which I attended, the Court granted the Debtors' bidding procedures motion subject to various changes ordered by the Court. The Court entered the bidding procedures order (which had been approved by the Debtors, Radians, the Creditors' Committee and the Equity Committee) on September 28, 2017, as Docket Number 71.

6.  C-H has very actively been working with all potentially interested overbidders in an effort to help maximize the chances of there being a competitive Auction with the goal of maximizing the purchase price paid for the Debtors' assets for the benefit of the Debtors' creditors and shareholders. C-H delivered a copy of the bidding procedures order along with a template asset purchase agreement prepared by the Debtors' bankruptcy counsel to all potentially interested overbidders, and C-H has continuously been assisting all potentially interested overbidders with their due diligence efforts. As previously indicated, C-H established a very comprehensive data room that anyone who signed an NDA has had access to, and C-H has continuously updated the data room with all additional relevant information as events have unfolded. The Debtors' management team have made themselves extremely available to prospective overbidders, including providing comprehensive management presentations about the Debtors' business and the overbid process.

7.  The Auction is scheduled to be held before the Court on October 30, 2017, at 10:00 a.m. I will be physically present at the Auction.

8.  Approximately 20 prospective overbidders signed NDA's and accessed the data room. Many of them spent extensive time in the data room and with C-H and the Debtors' management team. I believe that serious prospective overbidders were well informed as to the overbid opportunity and the impending Auction process. I am not aware of any serious

prospective overbidder who did not comply with the requirements to be eligible to participate in the Auction because they did not have access to sufficient information.

9. In order to become qualified to participate in the Auction, prospective overbidders were required to do each of the following three things: (1) deliver a $1 million deposit to a segregated trust account maintained by the Debtors' bankruptcy counsel which will be non-refundable if the prospective overbidder is the winning bidder at the Auction; (2) deliver a redlined version of the Asset Purchase Agreement showing proposed changes to the version of the Asset Purchase Agreement submitted by Radians in connection with Radians' stalking horse bid; and (3) be determined to be financially qualified by C-H to fund the transaction without any further financing or due diligence contingency. Two prospective overbidders satisfied all three requirements consisting of Brighton-Best International, Inc. and Protective Industrial Products, Inc. This sale process is a very fluid process as there are a number of constantly moving parts. I understand that each of the three bidders (i.e., Radians and the two qualified overbidders) is represented by competent bankruptcy counsel.

10. I am not aware of any collusion or improper dealings that have taken place between any of the three qualified bidders, and I am not aware of any reason that the winning bidder at the Auction should not be deemed a good faith buyer by the Court and be entitled to all of the protections of the Bankruptcy Code associated with being a good faith buyer.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 27th day of October, 2017, at Minneapolis, Minnesota.

STEVE RICKMAN, Declarant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DECLARATION OF STEVE RICKMAN IN SUPPORT DEBTORS' MOTION FOR AN ORDER: (1) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES; (2) APPROVING OF DEBTORS' ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS AND APPROVING OF DEBTORS' REJECTION OF THOSE UNEXPIRED LEASES AND EXECUTORY CONTRACTS WHICH ARE NOT ASSUMED AND ASSIGNED; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (4) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 27, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Shiva D Beck**   sbeck@gardere.com, jcharrison@gardere.com
- **Ron Bender**   rb@lnbyb.com
- **Cathrine M Castaldi**   ccastaldi@brownrudnick.com
- **Russell Clementson**   russell.clementson@usdoj.gov
- **Aaron S Craig**   acraig@kslaw.com, lperry@kslaw.com
- **Matthew A Gold**   courts@argopartners.net
- **Monica Y Kim**   myk@lnbrb.com, myk@ecf.inforuptcy.com
- **Krikor J Meshefejian**   kjm@lnbrb.com
- **Tania M Moyron**   tania.moyron@dentons.com, chris.omeara@dentons.com
- **S Margaux Ross**   margaux.ross@usdoj.gov
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov
- **Sharon Z. Weiss**   sharon.weiss@bryancave.com, raul.morales@bryancave.com

**2. SERVED BY UNITED STATES MAIL**: On **October 27, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 27, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served via Attorney Service*
Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 27, 2017 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**