SAMUEL R. MAIZEL (SBN 189301 )
  samuel.maizel@dentons.com
TANIA M. MOYRON (SBN 235736)
  tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300; Facsimile: (213) 623-9924

PETER D. WOLFSON
  peter.wolfson@dentons.com
  (admitted *pro hac vice*)
ARTHUR H. RUEGGER (NY Bar No. 1242031)
  arthur.ruegger@dentons.com
  (*pro hac vice* application to be filed shortly)
DENTONS US LLP
1221 Avenue of the Americas
New York, New York  10020-1089
Telephone: (212) 768-6700; Facsimile: (212) 768-6800

Attorneys for the Official Committee of Equity Holders

**FILED & ENTERED**

**NOV 08 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Reaves    **DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY

| | |
|---|---|
| In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation,<br><br>    Debtor and Debtor in Possession<br><br>In re:<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a Nevada corporation,<br><br>    Debtor and Debtor in Possession.<br><br>☒ Affects both Debtors<br><br>☐ Affects Ironclad Performance Wear Corporation, a California corporation only<br><br>☐ Affects Ironclad Performance Wear Corporation, a Nevada corporation only | Lead Case No.:  1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br><br>CHAPTER 11 Cases<br><br>**ORDER APPROVING STIPULATION PURSUANT TO BANKRUPTCY RULE 2004, DIRECTING EXAMINATION OF, AND PRODUCTION OF DOCUMENTS BY, RADIANS WAREHAM HOLDING, INC. AND VARIOUS AFFILIATES**<br><br>[No hearing required per Local Bankruptcy Rule 2004-1(d)] |

- 1 -

105666234\V-1

Upon consideration of the *Stipulation Pursuant To Bankruptcy Rule 2004, Directing Examination Of, And Production Of Documents By, Radians Wareham Holding, Inc. And Various Affiliates* (the "Stipulation" and Docket No. 186), entered into between the Official Committee of Equity Holders (the "Equity Committee") and Radians Wareham Holding, Inc. ("Radians"), and other good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED;

2. Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1, the Equity Committee, by its counsel Dentons US LLP, is hereby authorized: (A) to issue subpoenas to Radians (as defined above), all c/o E. Franklin Childress, Jr. Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 165 Madison Avenue, Suite 2000, Memphis, Tennessee 38103 (the "Baker Donelson Memphis Office," compelling production of the documents governed by the definitions and instructions set forth in Exhibit A hereto, and for the categories of documents set forth in Exhibit B hereto, at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5703 ("Dentons Office"), with production to be completed on or before nine (9) days from the filing of the Stipulation; and (B) to issue a subpoena to Mike Tutor, for Mr. Tutor's oral examination on November 20, 2017 at the Baker Donelson Memphis Office, or on such date and at such location as counsel otherwise agree;

3. Nothing in this Order shall prejudice the Equity Committee's rights to compel Radians' compliance with the terms of this Order, to seek additional discovery or examination of Radians upon cause shown; and

////
///
///
///
///
///

105666234\V-1

4. Nothing in this Order shall prejudice Radians' rights to object to document requests or questions presented during examination by the Equity Committee, or any other rights, defenses, and objections asserted by Radians in this matter.

###

Date: November 8, 2017

*Martin R. Barash*
Martin R Barash
United States Bankruptcy Judge

105666234\V-1

# EXHIBIT A

## **DEFINITIONS**

These document requests shall be governed by the following definitions:

1. As used herein, the terms "DOCUMENT" or "DOCUMENTS" shall have the broadest possible meaning under Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, all media on which information is recorded or stored, including, without limitation, any written, printed, typed, photostatic, photographed, magnetic or optical local storage media for use with computers, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols or any combination thereof, including but not limited to all writings, drawings, graphs, charts, photographs, audio and visual recordings, microfilm, data compilations, computer databases, underlying documents supporting computer entries, computer diskettes, CD-ROM, electronic mail or "e-mail," file menus, directories, distribution lists, acknowledgments of receipt, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, agreements, contracts, projects, estimates, working papers, summaries, statistical statements, financial statements, work papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions of reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, calendars, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or of other communications of any type, including telephone conversations, inter- and intra-office communications of any type, questionnaires, surveys, films, tapes, computer tapes, back up computer tapes, disks, data cells, drums, printouts, and other data compilations from which information can be obtained (translated, if necessary, by the responding entity into usable form), and any preliminary versions, drafts, or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether

produced or authorized by you or anyone else, including non-identical copies of any of the foregoing now in your possession, custody, or control.

2. The term "PERSON" means any natural person, corporation, partnership, association, governmental body or agency, proprietorship or other entity.

3. The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to all written, electronic or oral exchanges between PERSONS, including in person, telephonic, email, instant messaging, correspondence, memoranda, and other DOCUMENTS.

4. The term "DEBTORS" means IRONCLAD PERFORMANCE WEAR CORPORATION, A CALIFORNIA CORPORATION and IRONCLAD PERFORMANCE WEAR CORPORATION, A NEVADA CORPORATION, including their respective past and present parents, divisions, subsidiaries, affiliates, joint ventures and associated organizations, and their respective officers, directors, agents, servants, employees, and all other PERSONS acting or purporting to act on their behalf.

5. The term "RADIANS" means RADIANS, INC., RADIANS WAREHAM HOLDING, INC. and SAFETY SUPPLY CORPORATION, including their respective past and present parents, divisions, subsidiaries, affiliates, joint ventures and associated organizations, and their respective officers, directors, agents, servants, employees, and all other PERSONS acting or purporting to act on their behalf.

6. The term "CAPITAL ONE" means "CAPITAL ONE, N.A., including its past and present parents, divisions, subsidiaries, affiliates, joint ventures and associated organizations, and their respective officers, directors, agents, servants, employees, and all other PERSONS acting or purporting to act on their behalf.

105666234\V-1

7. The term "LOAN" means the subject and subjects of the REVOLVING LOAN AND SECURITY AGREEMENT, made as of November 28, 2014 by and among the DEBTORS and CAPITAL ONE, as it may have been modified, amended, restated or assigned.

8. The term "CRAIG-HALLUM" means CRAIG-HALLUM CAPITAL GROUP LLC, including its past and present parents, divisions, subsidiaries, affiliates, joint ventures and associated organizations, and their respective officers, directors, agents, servants, employees, and all other PERSONS acting or purporting to act on their behalf.

9. The term "CORDES' means the individual JEFFREY CORDES, THE DEBTORS' former CEO, including any PERSON or entity acting on his behalf.

10. The term "AISENBERG" means the individual WILLIAM AISENBERG, the DEBTORS' former chief financial officer and Secretary, including any PERSON or entity acting on his behalf.

11. The term "VALUATION" means any estimate or appraisal of the DEBTORS or any part of the DEBTORS in order to estimate the monetary worth of the DEBTORS or any part of the DEBTORS, including without limitation: (a) any estimation, appraisal or assessment of the monetary worth of any component, division or unit of the DEBTORS; (b) any estimation, appraisal or assessment of the monetary worth of the DEBTORS to determine or estimate the amount of monetary proceeds that would be generated by a liquidation of the DEBTORS or of all or a substantial part of the DEBTORS' assets; (c) any public company analysis (valuing a company by comparing it with publicly traded companies in reasonably similar lines of business); (d) any discounted cash flow analysis (analyzing the intrinsic value of a company as

the present value of expected future cash flows to be generated by that company); and/or ( e ) precedent transaction analysis (valuing a company based upon the purchase price paid to acquire comparable businesses).

12. The term "YOU" or "YOUR" means Responding Party, YOUR agents, representatives, accountants, attorneys and/or any other PERSON acting on YOUR behalf.

13. The terms "RELATING TO," "RELATE TO" and "RELATE" mean evidencing, constituting, memorializing, referring to, embodying, reflecting, or pertaining to, in any manner, in whole or in part, the subject matter referred to in the request.

14. The terms "include" and "including" are non-exhaustive and shall be interpreted as "including, but not limited to."

15. "Each" shall mean "each and every."

16. "Any" includes the word "all," and vice versa.

17. "Or" shall mean "and/or."

18. The use of the singular shall be deemed to include the plural.

19. The use of one gender shall include all others as are appropriate in the context.

20. The use of the verb in any tense shall be construed as the use of the verb in all other tenses.

**INSTRUCTIONS**

A.      In producing DOCUMENTS and things, YOU are requested to furnish all DOCUMENTS or things in YOUR possession, custody, or control, or known or available to YOU, regardless of whether such DOCUMENTS or things are possessed directly by YOU or YOUR attorneys, agents, employees, representatives, or investigators, or by any other person or persons acting on YOUR behalf, or their agents, employees, representatives, or investigators.

B.      In producing DOCUMENTS for inspection, YOU are requested to produce the original of each DOCUMENT requested together with all non-identical copies and drafts of that DOCUMENT. Any comment, notation, or marking appearing on any DOCUMENT, and not a part of the original, and any draft, preliminary form, or superseded version of any DOCUMENTS is also to be considered a separate DOCUMENT.

C.      All DOCUMENTS that are maintained in electronic form should be produced in electronic form even if a paper copy of the same DOCUMENT was produced.

D.      All DOCUMENTS should be produced in the same order as they are kept or maintained by YOU.

E.      All DOCUMENTS should be produced in the file, folder, envelope, or other container in which the DOCUMENTS are kept or maintained. If the container cannot be produced, please produce copies of all labels or other identifying markings.

F.      DOCUMENTS attached to each other should not be separated.

G.      If any requested DOCUMENT or thing cannot be produced in full, please produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

H.      If a responsive DOCUMENT once existed but has been lost, destroyed, or otherwise is no longer in YOUR possession, identify the DOCUMENT and state the

8

105666234\V-1

details concerning the loss or destruction of such DOCUMENT, including the name and address of the present custodian of any such DOCUMENT if known to YOU.

I.    Please produce DOCUMENTS and things responsive to these requests as they are kept in the usual course of business or, alternatively, organized and labeled to correspond to each request to which the DOCUMENTS or things are responsive.

J.    In the event any DOCUMENT is withheld on a claim of attorney-client privilege, work product, or other similar privilege, please provide the following information: (1) the date the DOCUMENT was prepared or the date it bears; (2) the author of the DOCUMENT; (3) the addressee(s) and recipients of the DOCUMENT; (4) the title and subject matter of the DOCUMENT; (5) the source of the DOCUMENT; and (6) the basis for withholding the DOCUMENT.

K.    The relevant time period for DOCUMENTS and COMMUNICATIONS requested under this Motion is January 1, 2017 to the present.

105666234\V-1

# EXHIBIT B

THE DEFINITIONS AND INSTRUCTIONS SET FORTH IN EXHIBIT A
ARE APPLICABLE TO THIS DOCUMENT DEMAND

## DOCUMENTS TO BE PRODUCED:

Propounding Party: The Official Committee of Equity Holders

Responding Parties: Radians Wareham Holding, Inc., Radians, Inc. and Safety Supply Corporation

1. All DOCUMENTS RELATING TO the DEBTORS.

2. All DOCUMENTS RELATING TO the LOAN.

3. All COMMUNICATIONS with CAPITAL ONE.

4. All COMMUNICATIONS with CORDES.

5. All COMMUNICATIONS with AISENBERG.

6. All DOCUMENTS RELATING TO "potential strategic alternatives" as referenced in Item 8.01 of DEBTOR IRONCLAD NEVADA'S Form 8-K, filed on July 6, 2017.

7. All DOCUMENTS RELATING TO the "potential accounting irregularities relating to certain sale transactions (the 'Subject Transactions')" as referenced in Item 4.02 of DEBTOR IRONCLAD NEVADA'S Form 8-K, filed on July 6, 2017.

8. All VALUATIONS.