Samuel R. Maizel (SBN 189301)
samuel.maizel@dentons.com
Tania M. Moyron (SBN 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:    (213) 623-9300
Facsimile:    (213) 623-9924

Proposed Attorneys for
Official Committee of Equity Security Holders

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Ironclad Performance Wear Corporation, a California corporation,<br><br>    Debtor and Debtor in Possession.<br><br>In re:<br>Ironclad Performance Wear Corporation, a Nevada Corporation,<br><br>    Debtor and Debtor in Possession.<br><br>Affects:<br><br>☐ Both Debtors<br><br>☐ Ironclad Performance Wear Corporation, a California corporation<br><br>☒ Ironclad Performance Wear Corporation, a Nevada corporation. | Case No. 1:17-bk-12408-MB<br>[Joint administered with:<br>Case No. 1:17-bk-12409-MB]<br><br>Chapter 11<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO EMPLOY MICHAEL D. SCHWARZMANN AS FINANCIAL ADVISOR *NUNC PRO TUNC* AS OF OCTOBER 20, 2017; DECLARATION OF MICHAEL D. SCHWARZMANN IN SUPPORT THEREOF**<br><br>[No hearing Required Unless Requested Pursuant to Local Bankruptcy Rule 2014-1] |

The Official Committee of Equity Security Holders (the "Equity Committee") in the above-referenced chapter 11 case of Ironclad Performance Wear Corporation, a Nevada corporation ("Ironclad Nevada"), jointly administered with Ironclad Performance Wear

105564654\V-1

Corporation, a California corporation ("Ironclad California," and together with Ironclad Nevada, the "Debtors"), hereby submits this application (the "Application") for the entry of an order authorizing the retention and the employment of Michael D. Schwarzmann ("Mr. Schwarzmann"), *nunc pro tunc* as of October 20, 2017, as financial advisor to the Equity Committee, pursuant to 11 U.S.C. § 1103(a), with compensation under 11 U.S.C. §§ 330 and 331, Rule 2014(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2014-1(b). In support of this Application, and the concurrently filed Declaration of Michael D. Schwarzmann (the "Schwarzmann Declaration"), the Equity Committee further state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334.

2. Venue for these chapter 11 cases ("Cases") and this Application is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Application constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

3. On September 8, 2017 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division. [Case No. 1:17-bk-12408-MB; Case No. 1:17-bk-12409-MB; Doc. Nos. 1.]

4. On September 11, 2017, the Debtors filed their *Ex Parte Motion For Entry Of An Order For Joint Administration Of Cases*. [Docket No. 5.]

5. On September 12, 2017, the Court entered an *Order Approving Joint Administration of Cases Authorizing Joint Administration Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 1015(b)*. [Docket No. 25.]

6. On September 20, 2017, the Office of the United States Trustee filed its *Notice of Appointment of Official Committee of Equity Holders* (the "Notice of Appointment"). [Docket

2

No. 59.] The Notice of Appointment provides for the appointment of the Equity Committee in Ironclad Nevada.

7. On November 3, 2017, the Court entered an order approving the sale of substantially all of the assets of the Debtors. [Docket No. 177.] The Debtors assets were sold for $25,250,000 and the Debtors' total debt in these cases, including postpetition administrative claims is estimated at $10.5-$12 million. [Docket No. 111.]

## RELIEF REQUESTED

8. The Equity Committee seeks to employ and retain Mr. Schwarzmann as its financial advisor in connection with its pecuniary interest in the jointly-administered cases of Ironclad Nevada and Ironclad California, pursuant to § 1103(a), with compensation under § 330 and § 331, on the terms and conditions set forth herein and in the Schwarzmann Declaration. For the avoidance of doubt, the Equity Committee seeks to employ Mr. Schwarzmann in the Ironclad Nevada case. Given that the sale proceeds will pay creditors and administrative claims in full, the Equity Committee stands to gain or lose the most in these Cases and requires specific services from time to time which are of special interest and concern to the Equity Committee.

9. As set forth herein and in the Schwarzmann Declaration, Mr. Schwarzmann will be compensated in accordance with the hourly rates agreed upon between Mr. Schwarzmann and the Equity Committee, in accordance with Mr. Schwarzmann's normal reimbursement policies, subject to review and approval of this Bankruptcy Court.

## SERVICES TO BE RENDERED

10. The Equity Committee seeks to employ Schwarzmann to perform specific services, which are of special interest and concern to the Equity Committee. As set forth in the Schwarzmann Declaration, Mr. Schwarzmann is prepared to render the following services in these Cases as financial advisor to the Committee (collectively, the "Services"):

    (a)    Assist in maximizing the proceeds from the sale of assets, including, but not limited to, working with Debtors' financial advisor (Craig-Hallum Capital Group, LLC) to develop and implement strategic plans for maximizing value and providing recommendations related to evaluation of bids;

3

    (b)    Investigation and analysis related to the amount of Radians Wareham Holdings, Inc.'s claim;

    (c)    Assist with review and reconciliation of asserted claims, as needed;

    (d)    Assist in evaluating any issues related to a proposed plan of reorganization or liquidation, including preparing materials in support thereof, as requested;

    (e)    Assist in evaluating issues related to potential litigation, as needed; and

    (f)    Other activities as are requested by the Equity Committee, and agreed to by Mr. Schwarzmann.

11.    The Committee believes that the Services are necessary to enable the Committee to fulfill their statutory duties and to otherwise maximize recoveries for all creditors. The Services will not duplicate the services that other professionals will be providing to the Committee in these chapter 11 Cases, as approved by the Bankruptcy Court. Mr. Schwarzmann is well-qualified and able to represent the Committee in a cost-effective, efficient and timely manner and will use reasonable efforts to coordinate with the other professionals to avoid unnecessary duplication.

## QUALIFICATIONS

12.    Mr. Schwarzmann specializes in bankruptcy and insolvency services. A copy of his resume is attached as Exhibit "A" to the Schwarzmann Declaration. He has worked with distressed companies and their constituents for the past 20 years. His experience has focused on helping distressed companies execute positive change by identifying opportunities for improvement, negotiating with constituents and building consensus. Further, this expertise includes consulting with companies, bondholder groups, unsecured creditors, and lender groups.

13.    Since being engaged by the Equity Committee (subject to Court approval), Mr. Schwarzmann has become well acquainted with the Debtors' financial history, assets and liabilities, and worked closely with the Equity Committee with respect to the sale of assets and related issues. Immediately upon being notified by the Equity Committee that he had been selected from among competing proposed advisors, which selection followed an interview with members of the Equity Committee, Mr. Schwarzmann began working in concert with Steve Rickman of Craig-Hallum Capital Group LLC to maximize the value received at the auction for the Debtors' assets. This cooperative process continued throughout the lead up to the auction and

throughout the auction itself. Accordingly, Mr. Schwarzmann has developed significant relevant experience regarding the Debtors' estates that will enable him to provide effective and efficient services.

### **PROPOSED COMPENSATION**

14.  The Committee submits that the retention of Mr. Schwarzmann under the terms described herein is appropriate under § 1103(a) and § 328 of the Bankruptcy Code, which are substantially similar to those entered into between Mr. Schwarzmann and other clients in a competitive market for financial advisory services. Mr. Schwarzmann understands that the standards related to § 328 will not apply to any compensation sought under the Application, and that compensation will be reviewed under the reasonableness standard pursuant to § 330. Subject to the Court's approval, Mr. Schwarzmann will charge for his services on an hourly basis in accordance with his standard billing procedures.

15.  Mr. Schwarzmann will be paid by the estate of Ironclad Nevada for his services at his customary hourly billing rate of $425.00. Mr. Schwarzmann's rates and ranges shall be subject to adjustment annually at such time as Mr. Schwarzmann adjusts his rates generally.

16.  Mr. Schwarzmann will also seek reimbursement, subject to the Court's approval, for actual out-of-pocket expenses incurred by Mr. Schwarzmann in connection with this assignment, such as document reproduction and telecopies charges, mail and express mail charges, overnight courier expenses, and other disbursements. All fees and expenses due to Mr. Schwarzmann will be billed in accordance with any interim compensation orders entered by this Court, and the relevant sections of the Bankruptcy Code, Bankruptcy Rules and local rules of this Court.

17.  Mr. Schwarzmann intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, further Orders of this Court, and the Guidelines established by the Office of the United States Trustee for all services performed and expenses incurred on or after the Retention Date (including limitations on reimbursement of travel related fees and expenses).

## DISCLOSURES

18. As set forth above, Mr. Schwarzmann understands the provisions of §§ 330, 331 and 1103, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1(b) and 2016-1, which require, among other things, Court approval of the Equity Committee's employment of him as Financial Advisor and of all fees and reimbursement of expenses that he will receive from the Debtors' estates.

19. Section 1103 of the Bankruptcy Code does not incorporate the general disinterestedness standard of section 327(a). However, Bankruptcy Rule 2014 requires that an application for employment under section 1103 disclose all connections with the Debtors, their estates, the professionals, and the Office of the United States Trustee. Mr. Schwarzmann has conducted an extensive conflict search within his database and has not identified any actual conflicts and/or connections with any of the parties which would disqualify him from serving as financial advisor to the Equity Committee.

20. Mr. Schwarzmann has not received and will not receive any lien or any other interest in property of the Debtors or of a third party to secure payment of its fees, but reserves the right to seek to surcharge collateral if appropriate. Mr. Schwarzmann understands that its compensation in this case will be subject to the approval of the Bankruptcy Court upon appropriate application and hearing. Mr. Schwarzmann intends to apply to this Court in conformity with the Bankruptcy Code and applicable rules, the guidelines for compensation and reimbursement for fees incurred and costs advanced in this matter and any orders of the Court governing application and allowance of compensation in this Case.

21. At the conclusion of this case, Mr. Schwarzmann will file an appropriate application seeking allowance of all fees and costs, regardless of whether interim compensation has been paid.

22. Except as set forth in Mr. Schwarzmann's declaration, he (a) does not have any prior connection with the Debtors, any creditors of the Debtors or their estates, any equity security holders, or any other party in interest in these Cases, or their respective attorneys or

accounts (other than professional connections and relationships), or these Cases, (b) does not hold or represent an interest materially adverse to the estates or of any class of creditors or equity secured holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason, and (c) is a disinterested person as that term is defined in 11 U.S.C. § 101(14). As of the Petition Date, Mr. Schwarzmann was not a creditor, equity holder or insider of the estate.

23. Mr. Schwarzmann is not and was not an investment banker for any outstanding security of the Debtors. Mr. Schwarzmann has not been within three (3) years before the petition date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

24. Mr. Schwarzmann was not, within two (2) years before the petition date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

25. Mr. Schwarzmann has not shared or agreed to share such compensation with any other person. Mr. Schwarzmann has no prepetition claims against the Debtors. Mr. Schwarzmann has not received a retainer.

26. Mr. Schwarzmann is not related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed by the Office of the United States Trustee.

27. In addition, as set forth in the Schwarzmann Declaration, if any new material facts or relationships are discovered or arise, Mr. Schwarzmann will provide the Court with a supplemental declaration. The Equity Committee believes that its employment of Mr. Schwarzmann upon the terms and conditions set forth above is in the best interest of the Debtors' estates and equity holders.

28. The Committee requests -- and Mr. Schwarzmann understands -- that all advisory fees and related costs incurred by the Committee on account of services rendered by Mr.

Schwarzmann in these Cases will be paid as administrative expense in Ironclad Nevada in accordance with the Bankruptcy Code and applicable Orders entered in this case.

### RETROACTIVE RELIEF

29. The Committee requests that this Application be approved retroactive to October 20, 2017, which is the date the Committee selected Mr. Schwarzmann as their financial advisor. In proper circumstances, the equitable aspects of bankruptcy proceedings permit the court to retroactively approve the employment of professionals. *See, e.g.*, *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 974-76 (1995); *In re Mehdipour* 202 BR 474, 479 (9th Cir. BAP 1996); *Gowan v. Lefkas Gen. Partners No. 1017 (in re Lefkas Gen. Partners No. 1017)*, 153 B.R. 804, 808 (N.D. Ill. 1993) (internal quotation omitted).

30. The Committee submits that retroactive approval of Mr. Schwarzmann's retention is appropriate under the circumstances because of: (1) the short duration of time between the retention of Mr. Schwarzmann and the filing of this Application; and (2) the need for Mr. Schwarzmann's services immediately after the Retention Date.

### CONCLUSION

31. The Committee respectfully submits that retention and employment of Mr. Schwarzmann as financial advisor in these Cases is necessary and appropriate under the circumstances, as set forth in this Application. Moreover, Mr. Schwarzmann has the experience necessary to advise the Committee and to provide the Services in an efficient and effective manner.

WHEREFORE, the Equity Committee, through their proposed counsel, respectfully request that the Court (a) authorize the Equity Committee to retain and employ Michael D. Schwarzmann as financial advisor in Ironclad Nevada, in accordance with the terms hereof, *nunc pro tunc* as of October 20, 2017, pursuant to § 1103(a), with compensation pursuant to § 330 and § 331; and (b) grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: November 8, 2017 | DENTONS US LLP<br>JOHN A. MOE, II<br>TANIA M. MOYRON<br><br>By:  /s/ Tania M. Moyron<br>      TANIA M. MOYRON<br><br>PROPOSED ATTORNEYS FOR<br>OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017:

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO EMPLOY MICHAEL D. SCHWARZMANN AS FINANCIAL ADVISOR *NUNC PRO TUNC* AS OF OCTOBER 20, 2017; DECLARATION OF MICHAEL D. SCHWARZMANN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 8, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Shiva D Beck    sbeck@gardere.com, jcharrison@gardere.com
- Ron Bender    rb@lnbyb.com
- Cathrine M Castaldi    ccastaldi@brownrudnick.com
- Russell Clementson    russell.clementson@usdoj.gov
- Aaron S Craig    acraig@kslaw.com, lperry@kslaw.com
- Matthew A Gold    courts@argopartners.net
- Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com
- Samuel R Maizel    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com
- S Margaux Ross    margaux.ross@usdoj.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 8, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 8, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**BY PERSONAL DELIVERY**
Hon. Martin R. Barash
US Bankruptcy Court
Central District of California
21041 Burbank Blvd., Suite 342/Ctrm. 303
Woodland Hills, CA 91367

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 8, 2017 | Christina O'Meara | /s/Christina O'Meara |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

105437348\V-1

**SERVED BY U.S. MAIL:**

| Secured Creditor<br>Radians Wareham Holding, Inc.<br>Attn: Mike Tutor, CEO<br>5305 Distriplex Farms<br>Memphis, TN 38141 | Counsel to Radians Wareham Holdings<br>E. Franklin Childress, Jr.<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC<br>165 Madison Ave, Suite 2000<br>Memphis, Tennessee 38103 | U.S. Securities and Exchange Commission<br>Attn: Bankruptcy Counsel<br>444 South Flower Street, Suite 900<br>Los Angeles, CA 90071-9591 |
|---|---|---|
| **Governmental Agencies** | | |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Franchise Tax Board<br>Bankruptcy Section, MS: A-340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | State Board of Equalization<br>Account Information Group, MIC: 29<br>P.O. Box 942879<br>Sacramento, CA 94279-0029 |
| Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 | | |
| **Equity Holders - SERVED BY EMAIL** | | |
| Patrick W. O'Brien<br>301 Whitmore Lane<br>Lake Forest, IL 60045-4707<br>Email: obrien.pat@me.com | Ronald Chez<br>1524 N. Astor Street<br>Chicago, IL 60610<br>Email: rlchez@rcn.com | Scott Jarus<br>938 Duncan Avenue<br>Manhattan Beach, CA 90266<br>Email: scott.jarus@verizon.net |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

105437348\V-1