Samuel R. Maizel (SBN 189301)
samuel.maizel@dentons.com
Tania M. Moyron (SBN 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Proposed Attorneys for
Official Committee of Equity Security Holders

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Ironclad Performance Wear Corporation, a California corporation,<br><br>    Debtor and Debtor in Possession.<br><br>In re:<br>Ironclad Performance Wear Corporation, a Nevada Corporation,<br><br>    Debtor and Debtor in Possession.<br><br>Affects:<br><br>☐ Both Debtors<br><br>☐ Ironclad Performance Wear Corporation, a California corporation<br><br>☒ Ironclad Performance Wear Corporation, a Nevada corporation. | Case No. 1:17-bk-12408-MB<br>[Jointly administered with<br>Case No. 1:17-bk-12409-MB]<br><br>Chapter 11<br><br>**DECLARATION OF MICHAEL D. SCHWARZMANN IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO EMPLOY MICHAEL D. SCHWARZMANN AS FINANCIAL ADVISOR *NUNC PRO TUNC* AS OF OCTOBER 20, 2017**<br><br>[No Hearing Required Unless Requested Pursuant to Local Bankruptcy Rule 2014-1] |

I, Michael D. Schwarzmann, hereby declare under penalty of perjury, as follows:

1. I submit this declaration (the "Declaration") in support of the *Application of the Official Committee of Equity Security Holders to Employ Michael D. Schwarzmann as Financial*

105578654\V-1

1  *Advisor Nunc Pro Tunc as of October 20, 2017* (the "Application")[1] filed by the Official Committee of Equity Security Holders (the "Equity Committee"), pursuant to the terms and conditions set forth in the Application. I am over the age of 18 and competent to testify as to the facts set forth herein and will do so if called upon. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## QUALIFICATIONS

2. I specialize in the delivery of bankruptcy and insolvency services. A copy of my resume is attached hereto as Exhibit "A". I have worked with distressed companies and their constituents for the past 20 years. My experience has focused on helping distressed companies execute positive change by identifying opportunities for improvement, negotiating with constituents and building consensus. My expertise includes consulting with companies, bondholder groups, unsecured creditors, and lender groups.

3. As part of advising in restructuring and bankruptcy matters, I have developed strategies and worked with counsel in negotiations of key restructuring issues, including solvency analyses; assisted with forecasting and conducted lender negotiations to navigate through an existing loan default that resulted in the avoidance of liquidation and retention of value for the senior lenders; evaluated historical solvency based upon an in-depth analysis of value for assets and contingent liabilities; monitored cash disbursements and analyzed collateral value for a partially completed real estate development project; provided bankruptcy strategy for an RV company focused on maximizing value, including advisability of work-in-process, liquidation scenarios, and litigation options; evaluated operational performance, analyzed multi-lender collateral, led negotiations, and analyzed assets and secured claims for a restaurant franchisee with more than 100 locations; prepared diligence materials and negotiated the live-auction sale of a restaurant; participated in management meetings and negotiated with buyers for the sale of an international manufacturing company; developed a detailed report for technology company constituents, including comprehensive analysis of operations, assets, and past transactions; and

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Application.

2

evaluated a healthcare organization's assets available in case the publicly traded company were to seek bankruptcy protection.

4. I earned a Bachelor of Science in Business Administration from the Marshall School at the University of Southern California, a Master's in Business Administration from the Anderson School at the University of California, Los Angeles, and a Juris Doctor degree from Loyola Law School, Los Angeles. I am an attorney licensed to practice before the courts of the State of California and the Federal Courts for the Southern, Central, Northern, and Eastern Districts of California.

5. I am duly qualified to perform all functions that are required in relation to the proposed employment as financial advisor to the Equity Committee.

6. Since being engaged by the Equity Committee (subject to Court approval), I have become well acquainted with the Debtors' financial history, assets and liabilities, and worked closely with the Equity Committee with respect to the sale of assets and related issues. Immediately upon being notified by the Equity Committee that I had been selected from among competing proposed advisors, which selection followed an interview with members of the Equity Committee, I began working in concert with Steve Rickman of Craig-Hallum Capital Group LLC to maximize the value received at the auction for the Debtors' assets. This cooperative process continued throughout the lead up to the auction and throughout the auction itself. Accordingly, I have developed significant relevant experience regarding the Debtors' estates that will enable me to provide effective and efficient services.

## SERVICES TO BE RENDERED

7. I am prepared to render the following services in these Cases as financial advisor to the Equity Committee (collectively, the "Services"):

  (a) Assist in maximizing the proceeds from the sale of assets, including, but not limited to, working with Debtors' financial advisor (Craig-Hallum Capital Group, LLC) to develop and implement strategic plans for maximizing value and providing recommendations related to evaluation of bids;

  (b) Investigation and analysis related to the amount of Radians Wareham Holdings, Inc.'s claim;

  (c) Assist with review and reconciliation of asserted claims, as needed;

3

(d) Assist in evaluating any issues related to a proposed plan of reorganization or liquidation, including preparing materials in support thereof, as requested;

(e) Assist in evaluating issues related to potential litigation, as needed; and

(f) Other activities as are requested by the Equity Committee, and agreed to by me.

**DISINTERESTEDNESS AND ELIGIBILITY**

8. As set forth above in the Application, I understand the provisions of §§ 330, 331 and 1103, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1(b) and 2016-1, which require, among other things, Court approval of the Equity Committee's employment of me as Financial Advisor and of all fees and reimbursement of expenses that I will receive from the Debtors' estates. I understand that the standards related to § 328 will not apply to any compensation sought under the Application, and that compensation will be reviewed under the reasonableness standard pursuant to § 330.

9. I have conducted an extensive conflict search within my database and have not identified any actual conflicts and/or connections with any of the parties which would disqualify me from serving as financial advisor to the Equity Committee.

10. I have not received and will not receive any lien or any other interest in property of the Debtors or of a third party to secure payment of its fees, but reserves the right to seek to surcharge collateral if appropriate. I understand that my compensation in this case will be subject to the approval of the Bankruptcy Court upon appropriate application and hearing. I intend to apply to this Court in conformity with the Bankruptcy Code and applicable rules, the guidelines for compensation and reimbursement for fees incurred and costs advanced in this matter and any orders of the Court governing application and allowance of compensation in this Case.

11. At the conclusion of this case, I will file an appropriate application seeking allowance of all fees and costs, regardless of whether interim compensation has been paid.

12. I do not have (a) any prior connection with the Debtors, any creditors of the Debtors or their estates, any equity security holders, or any other party in interest in these Cases, or their respective attorneys or accounts (other than professional connections and relationships),

4

or these Cases, (b) I do not hold or represent an interest materially adverse to the estates or of any class of creditors or equity secured holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason, and (c) I am a disinterested person as that term is defined in 11 U.S.C. § 101(14). As of the Petition Date, I was not a creditor, equity holder or insider of the estate.

13. I am not and was not an investment banker for any outstanding security of the Debtors. I have not been within three (3) years before the petition date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors. Within the past three (3) years, I have worked as a financial advisor in prior chapter 11 cases where Dentons US LLP represented the chapter 11 trustee, but those cases have no relation to these Cases.

14. I was not, within two (2) years before the petition date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

14. I have not shared or agreed to share such compensation with any other person. I have no prepetition claims against the Debtors. I have not received a retainer.

15. I am not related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed by the Office of the United States Trustee.

16. In addition, if any new material facts or relationships are discovered or arise, I will provide the Court with a supplemental declaration.

17. I understand that all advisory fees and related costs incurred by the Equity Committee on account of services rendered by me as financial advisor in these Cases will be paid as administrative expense in Ironclad Nevada in accordance with the Bankruptcy Code and applicable Orders entered in this case.

**COMPENSATION**

18. Subject to the Court's approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable U.S. Trustee guidelines (including

limitations on reimbursement of travel related fees and expenses), and the Local Rules of this Court, I will seek payment from Ironclad Nevada for compensation on an hourly basis and reimbursement of actual and necessary expenses incurred. My customary hourly rate of $425.00 as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are further outlined in the Application. My hourly rate is adjusted annually.

19. To the best of my knowledge, (i) no commitments have been made or received with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (ii) I have no agreement with any other entity to share with such entity any compensation received in connection with these chapter 11 cases.

20. By reason of the foregoing, I believe I am eligible for employment and retention by the Committee, pursuant to 11 U.S.C. § 1103, with compensation under 11 U.S.C. §§ 330 and 331, and the applicable Bankruptcy Rules and Local Rules.

I hereby state under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge, information and/or belief.

Executed this 8th day of November, 2017.

_____
MICHAEL D. SCHWARZMANN