RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com

Attorneys for Chapter 11 Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ICPW Liquidation Corporation, a California corporation[1],<br><br>        Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>ICPW Liquidation Corporation, a Nevada corporation[2],<br><br>        Debtor and Debtor in Possession.<br>_____<br>☒  Affects both Debtors<br><br>☐  Affects ICPW Liquidation Corporation, a California corporation only<br><br>☐  Affects ICPW Liquidation Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br><br>Chapter 11 Cases<br><br>**APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY BPE&H AN ACCOUNTACY CORPORATION AS CERTIFIED PUBLIC ACCOUNTANT TO THE DEBTORS PURSUANT TO 11 U.S.C. §§ 327 WITH COMPENSATION PURSUANT TO 11 U.S.C. § 328; DECLARATION OF MARTIN BELAK-BERGER, CPA IN SUPPORT THEREOF**<br><br>**[Application for an Order Setting Matter for Hearing on Shortened Notice filed concurrently herewith]** |

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

ICPW Liquidation Corporation, a California corporation, formerly known as Ironclad Performance Wear Corporation, a California corporation, and ICPW Liquidation Corporation, a Nevada corporation, formerly known as Ironclad Performance Wear Corporation, a Nevada corporation, the debtors and debtors-in-possession in the above-captioned Chapter 11 bankruptcy cases (collectively, the "Debtors"), hereby submit this application (the "Application") for Court approval of their employment of BPE&H An Accountancy Corporation (the "Accountant") as the Debtors' certified public accountant pursuant to sections 327 and 328 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), upon the terms and conditions described below, with the Debtors employment of the Accountant to be effective as of December 1, 2017.

A.    **Background Information.**

1.    The Debtors each filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on the Petition Date.  The Debtors continue to operate their businesses and manage their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  On September 12, 2017, the Court entered an order jointly administering the Debtors' bankruptcy cases.

2.    On November 3, 2017, as Docket Number 177, the Court entered an order (the "Sale Order") approving of the Debtors' sale of substantially all of their assets to Brighton-Best International, Inc. ("BBI"), the winning bidder at the Auction which occurred on October 30, 2017 at 10:00 a.m. before the Court.  The Debtors' asset sale to BBI closed on November 14, 2017.

3.    In connection with administering these bankruptcy cases, the Debtors and the Official Committee of Equity Holders (the "OCEH") have decided to proceed with the filing of a joint plan.  The Debtors expect that they and the OCEH will be in a position to file their joint plan in the very near future as the preparation of those documents are very far along.  The Debtors and the OCEH intend to confirm their joint plan and have their joint plan go effective prior to the end of the first quarter of 2018.

**B.**    **Employment of the Accountant.**

4.    In order for the Debtors to expeditiously administer these bankruptcy cases to conclusion, the Debtors require the immediate assistance of a certified public accountant to assist the Debtors in connection with: (1) preparing and filing the Debtors' 2016 federal and state tax returns; (2) preparing and filing the Debtors' 2017 federal and state tax returns; and (3) preparing and filing the Debtors' 2018 federal and state tax returns.  The Debtors have determined that the Accountant is qualified to assist the Debtors with these matters.  Attached as Exhibit 1 to the annexed Declaration of Martin Belak-Berger ("Declaration") is the Accountant's firm resume.

5.    Because the Debtors are working toward preparing and filing a plan as soon as possible, and administering these cases as soon as possible, the Debtors have requested approval of this Application on an expedited basis, so that the Accountant can begin to immediately provide services to the Debtors upon entry of an order approving the Application without any delay, and so that the Debtors can use the tax return information prepared by the Accountant in connection with their plan.  Moreover, the Debtors believe that it would not be fair to the Accountant to require the Accountant to begin providing substantial services to the Debtors without first obtaining a Court order authorizing the Accountants to perform work for the Debtors and approving the terms of the Accountant's engagement.

6.    The fees proposed to be charged by the Accountant to perform the work listed above is a fixed fee in the total amount of $30,500, as follows: (1) $13,000 to prepare and file 2016 tax returns; (2) $15,000 to prepare and file 2017 tax returns; and (3) $2,500 to prepare and file 2018 tax returns, provided, however, that, to the extent there is more activity than anticipated in 2018, the Accountant reserves the right to request additional fees in connection with preparing and filing 2018 tax returns.  The Accountant is requesting, and the Debtors have agreed to provide to the Accountant, subject to Court approval, a retainer in the amount of $10,000 prior to commencement of services.  Attached hereto as Exhibit 2 is a true and correct copy of the Engagement Agreement between the Debtors and the Accountant.

7.    Pursuant to 11 U.S.C. 328, which authorizes the employment of the Accountant "on any reasonable terms…including…on a fixed…fee basis", the Debtors and the Accountant

3

request that the Court approve and authorize the payment of the post-petition retainer, and approve the proposed fixed fee in its entirety on a final basis, without the need for the Accountant to file interim or final fee applications in these cases, and authorize the Debtors to pay the fixed fee using their cash on hand or sale proceeds upon completion of work.  The Accountant will not be keeping time records for work performed, given that this is a fixed fee arrangement limited to the preparation and filing of tax returns.  The Debtors submit that, given the limited nature and scope of work to be performed by the Accountant, approval of the fixed fee on a final basis is appropriate.

8.    The Debtors have not paid the Accountant any money in connection with the Accountant's proposed retention by the Debtors, but, as set forth above, the Accountant is requesting a $10,000 retainer in order to commence work.

9.    The Accountant has not received any lien or other interest in property of the Debtors or of any third party to secure payment of the Debtors' proportionate share of the Accountant's fees or expenses.

10.    The Accountant has not shared or agreed to share its compensation for representing the Debtors with any other person or entity, except among its members.

11.    The Accountant understands the provisions of 11 U.S.C. Sections 327, 328, 330 and 331 which require, among other things, Court approval of the Debtors' employment of the Accountant as certified public accountant to the Debtors and of all fees and reimbursement of expenses that the Accountant will receive from the Debtors and the Debtors' estates.

**C.**    **Disclosures Pursuant To Rule 2014 Of The Federal Rules Of Bankruptcy Procedure.**

12.    The Accountant is not a creditor, an equity security holder or an insider of the Debtors.

13.    The Accountant submits that its concurrent retention by both Debtors, creates no conflict of interest which will prevent the Accountant from effectively providing services to the Debtors, and that having separate accounting firms provide services to the Debtors is a completely impractical option, both from an economic and logistical perspective.

14.     The Accountant is not and was not an investment banker for any outstanding security of the Debtors.  The Accountant has not been within three years before the Petition Date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

15.     Neither the Accountant nor any member of the Accountant is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

16.     As set forth in the Declaration, to the best of the Accountant's knowledge, other as discussed herein, the Accountant does not hold or represent any interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason.

17.     As further set forth in the Declaration, to the best of the Accountant's knowledge, the Accountant does not hold or represent any interest materially adverse to the Debtors or the Debtors' estates, and the Accountant is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.  Also, to the best of the Accountant's knowledge, other than as set forth herein, the Accountant has no prior connection with the Debtors, any creditors of the Debtors or their estates, or any other party in interest in these cases, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee. The Accountant serves as accountant to Levene, Neale, Bender, Yoo & Brill L.L.P. (bankruptcy counsel to the Debtors) and its partners, and the Accountant also serves as accountant to the Honorable Martin R. Barash.  However, neither the Debtors nor the Accountant believes that these connections which are wholly unrelated to these bankruptcy cases disqualify Accountant from performing accounting work for the Debtors.

18.     The Debtors believe that their employment of the Accountant upon the terms and conditions set forth above, effective as of December 1, 2017, is in the best interest of the Debtors' estates.

WHEREFORE, the Debtors respectfully request the Court to approve their employment of the Accountant as their certified public accountant upon the terms and conditions set forth above.

Dated: December 4, 2017

ICPW LIQUIDATION CORPORATION, a California Corporation, and ICPW PERFORMANCE WEAR CORPORATION, a Nevada Corporation

_____
Geoff Greulich
Chief Executive Officer

Submitted by:

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.


By:____*/s/ Krikor J. Meshefejian*_____
RON BENDER
MONICA Y. KIM
KRIKOR J. MESHEFIEJIAN
Attorneys for Chapter 11 Debtors
and Debtors in Possession

Dated: December 4, 2017

ICPW LIQUIDATION CORPORATION, a California Corporation, and ICPW PERFORMANCE WEAR CORPORATION, a Nevada Corporation



Geoff Greulich
Chief Executive Officer

Submitted by:

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: /s/ Krikor J. Meshefiejian
RON BENDER
MONICA Y. KIM
KRIKOR J. MESHEFIEJIAN
Attorneys for Chapter 11 Debtors
and Debtors in Possession

6

## <u>DECLARATION OF MARTIN BELAK-BERGER</u>

I, Martin Belak-Berger, CPA hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am a shareholder at BPE&H An Accountancy Corporation (the "<u>Accountant</u>"). I am also a certified public accountant. I make this Declaration in support of the Application to which this Declaration is attached. Capitalized terms not otherwise defined have the same meaning ascribed to such terms in the Application.

3. The Debtors have advised me that they require the immediate assistance of a certified public accountant to assist the Debtors in connection with: (1) preparing and filing the Debtors' 2016 federal and state tax returns; (2) preparing and filing the Debtors' 2017 federal and state tax returns; and (3) preparing and filing the Debtors' 2018 federal and state tax returns.

4. Accountant is qualified to assist the Debtors with these matters. Attached as Exhibit 1 to this Declaration is the Accountant's firm resume.

5. The Debtors have requested approval of this Application on an expedited basis, so that the Accountant can begin to immediately provide services to the Debtors upon entry of an order approving the Application without any delay. The Debtors have requested that Accountant begin to provide services immediately, in order to assist the Debtors with expeditiously administering these bankruptcy cases, and Accountant has requested that the Debtors obtain an order approving Accountant's employment prior to providing substantial services to the Debtors.

6. The fees proposed to be charged by the Accountant to perform the work listed above is a fixed fee in the total amount of $30,500, as follows: (1) $13,000 to prepare and file 2016 tax returns; (2) $15,000 to prepare and file 2017 tax returns; and (3) $2,500 to prepare and file 2018 tax returns, provided, however, that, to the extent there is more activity than anticipated in 2018, the Accountant reserves the right to request additional fees in connection with preparing and filing 2018 tax returns. The Accountant is requesting, and the Debtors have agreed to provide to the Accountant, subject to Court approval, a retainer in the amount of $10,000 prior to

commencement of services.   Attached hereto as Exhibit 2 is a true and correct copy of the Engagement Agreement between the Debtors and the Accountant.

7.      Pursuant to 11 U.S.C. 328, which authorizes the employment of the Accountant "on any reasonable terms…including…on a fixed…fee basis", the Debtors and the Accountant request that the Court approve and authorize the payment of the post-petition retainer, and approve the proposed fixed fee in its entirety on a final basis, without the need for the Accountant to file interim or final fee applications in these cases, and authorize the Debtors to pay the fixed fee using their cash on hand or sale proceeds upon completion of work.   The Accountant will not be keeping time records for work performed, given that this is a fixed fee arrangement limited to the preparation and filing of tax returns.   The Debtors submit that, given the limited nature and scope of work to be performed by the Accountant, approval of the fixed fee on a final basis is appropriate.

8.      The Debtors have not paid the Accountant any money in connection with the Accountant's proposed retention by the Debtors, but, as set forth above, the Accountant is requesting a $10,000 retainer in order to commence work.

9.      The Accountant has not received any lien or other interest in property of the Debtors or of any third party to secure payment of the Debtors' proportionate share of the Accountant's fees or expenses.

10.     The Accountant has not shared or agreed to share its compensation for representing the Debtors with any other person or entity, except among its members.

11.     The Accountant understands the provisions of 11 U.S.C. Sections 327, 328, 330 and 331 which require, among other things, Court approval of the Debtors' employment of the Accountant as certified public accountant to the Debtors and of all fees and reimbursement of expenses that the Accountant will receive from the Debtors and the Debtors' estates.

12.     The Accountant is not a creditor, an equity security holder or an insider of the Debtors.

13.     The Accountant submits that its concurrent retention by both Debtors, creates no conflict of interest which will prevent the Accountant from effectively providing services to the

Debtors, and that having separate accounting firms provide services to the Debtors is a completely impractical option, both from an economic and logistical perspective.

14.   The Accountant is not and was not an investment banker for any outstanding security of the Debtors.  The Accountant has not been within three years before the Petition Date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

15.   Neither the Accountant nor any member of the Accountant is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

16.   To the best of my knowledge, other as discussed herein, the Accountant does not hold or represent any interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason.

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

17.    To the best of my knowledge, the Accountant does not hold or represent any interest materially adverse to the Debtors or the Debtors' estates, and the Accountant is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Also, to the best of my knowledge, other than as set forth herein, the Accountant has no prior connection with the Debtors, any creditors of the Debtors or their estates, or any other party in interest in these cases, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee. The Accountant serves as accountant to Levene, Neale, Bender, Yoo & Brill L.L.P. (bankruptcy counsel to the Debtors) and its partners, and the Accountant also serves as accountant to the Honorable Martin R. Barash. However, the Accountant does not believe that these connections which are wholly unrelated to these bankruptcy cases disqualify Accountant from performing accounting work for the Debtors.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on this 4th day of December, 2017, at Los Angeles, California.

Martin Belak-Berger, Shareholder

# EXHIBIT "1"

# BPE&H
## AN ACCOUNTANCY CORPORATION

21300 Victory Boulevard, Suite 520 Woodland Hills, CA 91367
www.BPEHCPAS.com

## A Personalized Approach

The personal assistance you receive comes from years of advanced training, technical experience and financial acumen. We view every client relationship like a partnership. Our success is a result of your success.



# Our Services

Our firm offers a wide range of services to our valued clients. Being a boutique local firm, we are able to offer our clients personalized, quality service tailored to each specific need.

BPE&H, An Accountancy Corporation is a mid-sized firm located in Woodland Hills, specializing in providing a full range of services and expertise to business owners and high net worth individuals. These services include tax preparation, accounting, financial statement preparation, succession planning and other consulting services. BPE&H works closely with its clients to ensure their goals and objectives are consistently being met.

BPE&H has been in business for over 25 years, serving the needs of clients and making a difference in our community. BPE&H takes great pride in providing the highest level of service, in a continually evolving and challenging financial, tax and accounting world.

## What we do best

Tax Planning & Compliance

Audit Services

Reviews & Compilations

Accounting & Bookkeeping

Estate Planning

Consulting Services

Due Diligence

Retirement Planning

Business Succession Planning

## Martin Belak-Berger, CPA

"One size cannot fit all. We create highly customized planning strategies to suit each client's life structure and goals." Martin is BPE&H's managing tax partner specializing in tax aspects of closely-held businesses. You'll find that he has a grasp of the most complex tax issues that would make the majority of other accountants seek outside help. What is tedium for most, comes rather easily for Martin. Martin received a Bachelor of Science in Finance from the University of Arizona in 1978 and his CPA Certificate in 1988 from the State of California. He is a member of the American Institute of Certified Public Accountants as well as the California Society of CPAs. Developing his tax-smart specialty for the past 16 years, he spent ten years as a tax manager at the company's predecessor firms, Block, Good & Gagerman; Good, Gagerman & Berns; and Block, Plant & Eglin. He has been an owner of BPEF& BB since 1992.



Phone: 818-914-7100    Email: Mbelakberger@bpehcpas.com



## AN ACCOUNTANCY CORPORATION

21300 Victory Boulevard, Suite 520 Woodland Hills, CA 91367
www.BPEHCPAS.com

### A Personalized Approach

The personal assistance you receive comes from years of advanced training, technical experience and financial acumen. We view every client relationship like a partnership. Our success is a result of your success.



## Our Services

Our firm offers a wide range of services to our valued clients. Being a boutique local firm, we are able to offer our clients personalized, quality service tailored to each specific need.

BPE&H, An Accountancy Corporation is a mid-sized firm located in Woodland Hills, specializing in providing a full range of services and expertise to business owners and high net worth individuals. These services include tax preparation, accounting, financial statement preparation, succession planning and other consulting services. BPE&H works closely with its clients to ensure their goals and objectives are consistently being met.

BPE&H has been in business for over 25 years, serving the needs of clients and making a difference in our community. BPE&H takes great pride in providing the highest level of service, in a continually evolving and challenging financial, tax and accounting world.

### What we do best

Tax Planning & Compliance

Audit Services

Reviews & Compilations

Accounting & Bookkeeping

Estate Planning

Consulting Services

Due Diligence

Retirement Planning

Business Succession Planning

### Robert L. Price

Robert has 28 years of accounting experience in both the public and private sectors. After receiving his Masters Degree of Taxation from the University of Southern California he began his career with Ernst & Whinney (currently Ernst & Young). His private company experience includes that of controller, chief financial officer, and tax director for a couple of large commercial real estate development/investment companies and a wholesale distribution company.



Phone: 818-914-7100
Email: Bprice@bpehcpas.com

**EXHIBIT "2"**

# BPE&H

## AN ACCOUNTANCY CORPORATION

21300 VICTORY BOULEVARD, SUITE 520, WOODLAND HILLS, CA 91367
(818) 914-7100   FAX (818) 914-7101   WWW.BPEHCPAS.COM

December 1, 2017

Matt Pliskin, CFO
Ironclad Performance Wear Corporation
1920 Hutton Court, Suite 300
Farmers Branch, TX 75234-9004

We will prepare the federal and applicable states corporate income tax returns for Ironclad Performance Wear Corporation  for the years ended 2016 through 2018 and will advise you on income tax matters as to which you specifically request our advice.  This firm is responsible for preparing only the returns listed above.

The maximum anticipated fee for our services in connection with these returns and other assistance in these matters is $13,000 for 2016, $15,000 for 2017 and $2,500 for 2018.  Our fee billing procedures are outlined below.

We will require a retainer of $10,000 to be received by us prior to the commencement of the engagement.

We will not audit or verify the data you submit, although we may ask you to clarify it, or furnish us with additional data.

By your signature below, you are confirming to us that unless we are otherwise advised, the travel, entertainment, gifts, and related expenses are supported by the necessary records required under Section 274 of the Internal Revenue Code.,  If you have any questions as to the type of records required, please ask us for advice in that regard.

The law provides for a penalty to be imposed where taxpayers make a substantial understatement of their tax liability.  For corporate taxpayers, a substantial understatement exists when the understatement for the year exceeds the greater of 10 percent of the tax required to be shown on the return, or $10,000.  The penalty is 20 percent of the tax underpayment.  Taxpayers may seek to avoid all or part of the penalty by showing (1) that they acted in good faith and there was reasonable cause for the understatement, (2) that the understatement was based on substantial authority, or (3) that the relevant facts affecting the item's tax treatment were adequately disclosed on the return.  You agree to advise us if you wish disclosure to be made in your returns or if you desire us to identify or perform further research with respect to any material tax issues for the purposes of ascertaining whether, in our opinion, there is "substantial authority" for the position proposed to be taken on such issues in your returns.

Our work in connection with the preparation of your income tax returns does not include any procedures designed to discover fraud, defalcations, or other irregularities, should any exist.  We will render such accounting and bookkeeping assistance as we find necessary for preparing the income tax returns.

You are also confirming that you will furnish us with all the information required for preparing the returns.

We will use our professional judgment in preparing your returns.  Whenever we are aware that a possibly applicable tax law is unclear or that there are conflicting interpretations of the law by authorities (e.g. tax agencies and courts), we will explain the possible positions that may be taken on your return.  In

Associate Member of


Members of 

Matt Pliskin, CFO
Ironclad Performance Wear Corporation
December 1, 2017
Page 2

accordance with our professional standards, we will follow whatever position you request, as long as it is consistent with the codes, regulations, and interpretations that have been promulgated. If the Internal Revenue Service should later contest the position taken, there may be an assessment of additional tax plus interest and penalties. We assume no liability for any such additional penalties or assessments. In the event, however, that you ask us to take a tax position that in our professional judgment will not meet the applicable laws and standards as promulgated, we reserve the right to stop work and shall not be liable to you for any damages that occur as a result of ceasing to render services.

Federal law has extended the attorney-client privilege to some, but not all, communications, between a client and the client's CPA. The privilege applies only to non-criminal tax matters that are before the IRS or brought by or against the U.S. government in a federal court. The communications must be made in connection with tax advice. Communications solely concerning the preparation of a tax return will not be privileged.

In addition, the confidentiality privilege can be inadvertently waived if the contents of any privileged communication are discussed with a third party, such as a lending institution, a friend, or a business associate. We recommend that you contact us before releasing any privileged information to a third party. As a corporation, you need to be especially careful about privileged communications. If a communication is made in the presence of a corporate employee who is not authorized to act or speak for the corporation in relation to the communication's subject matter, then the communication will be deemed to be made in the presence of a third party and any privilege will be waived.

If we are asked to disclose any privileged communication, unless we are required to disclose the communication by law, we will not provide such disclosure until you have had an opportunity to argue that the communication is privileged. You agree to pay any and all reasonable expenses that we incur, including legal fees, that are a result of attempts to protect any communication as privileged.

Our fees for these services will be computed at our standard rates and will be billed as the work progresses. Invoices will be mailed monthly and are due when received. If we have not received payment within thirty days of our invoice, all work will be suspended until your account is brought current.

The fee does not include responding to Internal Revenue Service inquiries, and the client understands that the tax preparer is not responsible for Internal Revenue Service disallowance of doubtful deductions or deductions unsupported by adequate documentation nor for resulting taxes, penalties, and interest.

It is our policy to keep records related to this engagement for seven years. However, it is also our policy not to keep any original client records, so we will return those to you at the completion of the services rendered under this engagement. When records are returned to you, it is your responsibility to retain and protect your records for possible future use, including potential examination by any government or regulatory agencies.

By your signature below, you acknowledge and agree that upon the expiration of the seven year period we shall be free to destroy our records related to this engagement.

If any dispute arises among the parties hereto, the parties agree to first try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Rules for Professional Accounting and Related Services Disputes before resorting to litigation. The costs of any mediation proceeding shall be shared equally by all parties.

Matt Pliskin, CFO
Ironclad Performance Wear Corporation
December 1, 2017
Page 3

Client and accountant both agree that any dispute over fees charged by the accountant to the client will be submitted for resolution by arbitration in accordance with the Rules for Professional Accounting and Related Services Disputes of the American Arbitration Association. Such arbitration shall be binding and final. IN AGREEING TO ARBITRATION, WE BOTH ACKNOWLEDGE THAT IN THE EVENT OF A DISPUTE OVER FEES CHARGED BY THE ACCOUNTANT, EACH OF US IS GIVING UP THE RIGHT TO HAVE THE DISPUTE DECIDED IN A COURT OF LAW BEFORE A JUDGE OR JURY AND INSTEAD WE ARE ACCEPTING THE USE OF ARBITRATION FOR RESOLUTION.

We will be pleased to discuss this letter with you at your convenience. If the foregoing is acceptable to you, please sign the original copy of this letter in the space provided and return it to us in the enclosed envelope.

Very truly yours,

BPE&H, An Accountancy Corporation

Martin Belak-Berger, Shareholder

Accepted:

_____

Matt Pliskin, CFO
Ironclad Performance Wear Corporation

_____

Date

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY BPE&H AN ACCOUNTACY CORPORATION AS CERTIFIED PUBLIC ACCOUNTANT TO THE DEBTORS PURSUANT TO 11 U.S.C. §§ 327 WITH COMPENSATION PURSUANT TO 11 U.S.C. § 328; DECLARATION OF MARTIN BELAKBERGER, CPA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 4, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Shiva D Beck    sbeck@gardere.com, jcharrison@gardere.com**
- **Ron Bender    rb@lnbyb.com**
- **Cathrine M Castaldi    ccastaldi@brownrudnick.com**
- **Russell Clementson    russell.clementson@usdoj.gov**
- **Aaron S Craig    acraig@kslaw.com, lperry@kslaw.com**
- **Matthew A Gold    courts@argopartners.net**
- **Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com**
- **Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com**
- **Samuel R Maizel    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com**
- **Krikor J Meshefejian    kjm@lnbrb.com**
- **Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com**
- **S Margaux Ross    margaux.ross@usdoj.gov**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
- **Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com**

**2.  SERVED BY UNITED STATES MAIL**: On **December 4, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 4, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**

***Served via Attorney Service***
Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 4, 2017 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**

**SERVED BY OVERNIGHT MAIL:**

_Committee Counsel_
Brown Rudnick LLP
Attn: Cathrine M Castaldi
2211 Michelson Dr 7th Fl
Irvine, CA 92612

_Equity Committee Counsel_
Dentons US LLP
Attn: Samuel Maizel & Tania Moyron
601 South Figueroa St., Suite 2500
Los Angeles, CA 90017-5704

United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017