Shiva Delrahim Beck (SBN 228841)
Email: sbeck@gardere.com
Todd A. Murray (*Pro Hac Vice*)
Email: tmurray@gardere.com
Thomas C. Scannell (*Pro Hac Vice*)
Email: tscannell@gardere.com
GARDERE WYNNE SEWELL LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
(214) 999-3000
(214) 999-4667 (fax)

Attorneys for William M. Aisenberg and Jeffrey Cordes

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ICPW Liquidation Corporation, a California corporation,[1]<br><br>    Debtor and Debtor in Possession. | Lead Case No. 1:17-bk-12408-MB<br><br>Jointly administered with: 1:17-bk-12409-MB<br><br>Chapter 11 Cases |
| In re:<br><br>ICPW Liquidation Corporation, a Nevada corporation,[2]<br><br>    Debtor and Debtor in Possession. | **JOINT STIPULATION RELATING TO DIRECTORS & OFFICERS INSURANCE POLICIES**<br><br>HEARING:<br><br>DATE: December 12, 2017<br>TIME: 1:30 p.m.<br>CTRM: 303<br>    21041 Burbank Blvd.<br>    Woodland Hills, CA 91367 |
| [x] Affects both Debtors<br><br>[ ] Affects ICPW Liquidation Corporation, a California corporation only<br><br>[ ] Affects ICPW Liquidation Corporation, a Nevada corporation only | |

---

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

Jeffrey Cordes and William M. Aisenberg (collectively, "Insureds"), hereby enter into this stipulation (the "Stipulation") with ICPW Liquidation Corporation, a California corporation, formerly known as Ironclad Performance Wear Corporation, a California corporation and ICPW Liquidation Corporation, a Nevada corporation, formerly known as Ironclad Performance Wear Corporation, a Nevada corporation (collectively, the "Debtors") and the Official Committee of Equity Holders ("OCEH"), by and through their respective undersigned counsel of record attorney, in reference to the following facts:

## RECITALS

1.    On September 8, 2017 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the title 11 of the United States Code, et seq. (the "Bankruptcy Code"). [Docket No. 1].

2.    On September 12, 2017, the Court entered an order granting the Debtor's motion to approve the joint administration of the two chapter 11 cases. [Docket No. 25].

3.    On October 3, 2017, Mr. Cordes timely filed his proof of claim with the Bankruptcy Court as Claim No. 8-1, asserting a claim in the amount of $166,906.75, which includes $12,850.00 as a priority claim (the "Cordes Claim").

4.    On October 3, 2017, Mr. Aisenberg timely filed his proof of claim with the Bankruptcy Court as Claim No. 7-1, asserting a claim in the amount of $129,406.75, which includes $12,850.00 as a priority claim (the "Aisenberg Claim").

5.    As of the Petition Date, the Debtors held a professional liability insurance policy through QBE Insurance Corporation, policy number QPL019727, covering the period of May 11, 2017 through June 1, 2018 (the "D&O Policy") [Docket Nos. 133-1, 133-2].

6.    The D&O Policy provides[3] the following coverage to the insureds: (i) the Insurer shall pay, on behalf of an Insured, Loss on account of a Claim first made during the Policy Period to the extent that such Loss has not been paid or indemnified by any Company; (ii) the Insurer shall pay, on behalf of a Company, Loss on account of a Claim first made

---

[3] To the extent there is any discrepancy between the terms of the D&O Policy and the terms of any portion of this Stipulation, the terms of the D&O Policy shall govern.

1  during the Policy Period to the extent the Company pays or indemnifies an Insured Person for

2  such Loss; and (iii) the Insurer shall pay, on behalf of a Company, Loss on account of a

3  Securities Claim, and Defense Costs on account of a Securityholder Derivative Demand

4  Investigation, first made during the Policy Period.[4]

5         7.    Section XVIII of the D&O Policy provides: "(A) Bankruptcy or insolvency of

6  any Insured shall not relieve the Insurer of its obligations nor deprive the Insurer of its rights

7  or defenses under this Policy.  (B) The coverage provided by this Policy is intended first and

8  foremost for the benefit and protection of Insured Persons.  In the event a liquidation or

9  reorganization proceeding is commenced by or against a Company pursuant to United States

10  bankruptcy law: (1) the Company and the Insureds hereby agree not to oppose or object to

11  any efforts by the Insurer, the Company or an Insured to obtain relief from any stay or

12  injunction issued in such proceeding; and (2) the Insurer shall first pay Loss on account of a

13  Claim for a Wrongful Act occurring prior to the date such liquidation or reorganization

14  proceeding commences, and then pay Loss in connection with a  Claim for a Wrongful Act

15  occurring after the date such liquidation or reorganization proceeding commences."

16         8.    The term "Claim" under the D&O Policy shall include, but is not limited to, (i)

17  an investigation, evidenced by any written document, including a subpoena, target letter or

18  search warrant, against an Insured Person for a Wrongful Act; (ii) a civil or criminal

19  proceeding, evidenced by the service of a complaint or similar pleading in a civil proceeding

20         9.    Mr. Cordes and Mr. Aisenberg are "insured" persons under the D&O Policy.

21  [Docket Nos. 133-1, 133-2].  The D&O Policy provides coverage for insured persons with

22  respect to legal expenses incurred as a result of any investigation conducted by the Debtors or

23  any governmental agency of the insured, and any breach of duty claims pursued by the

24  Debtors or shareholders against the insured.  [Docket Nos. 133-1, 133-2].

25         10.    On October 20, 2017, Movants file the Motion for Relief.  [Docket Nos. 132-

26  136].  The Motion for Relief sought the following relief: (i) to proceed with the AAA

27

28

[4] Capitalized terms in paragraphs 6-8 only shall have the meaning ascribed to such terms as in the D&O Policy.

3

1   Proceeding[5] and (ii) to pursue insurance coverage proceeds to which [Movants] may be, or

2   may become, entitled.  (Motion for Relief at 7:21-22).

3        11.    On October 24, 2017, Movants were served with subpoenas to produce

4   documents by the United States Securities and Exchange Commission ("SEC") in connection

5   with an investigation by the SEC of Ironclad Performance Wear Corp., FW-04203.

6        12.    A hearing (the "November 15th Hearing") on the Motion for Relief was held

7   on November 15, 2017 at 1:30 p.m.

8        13.    The Motion was bifurcated into two separate matters to address (i) issues

9   related to certain D&O Policies, which was continued to December 12, 2017 at 1:30 p.m. and

10  (ii) issues related to whether the arbitration proceeding should proceed outside the purview of

11  the Bankruptcy Court, specifically with reference to the claims and/or defenses of the

12  Debtors' estates against Movants, which is set for a status conference to be held on February

13  27, 2018.

14       14.    At the November 15th Hearing, the Court requested that the parties meet and

15  confer and come up with an interim request in connection with the amount of reimbursement

16  sought by Claimants.

17       15.    As a result, Claimants, the Debtors, and the OCEH have agreed on a certain

18  amount to be released to Claimants in accordance with the D&O Policy on an interim basis,

19  without prejudice to Claimants' rights to seek further amounts under the D&O Policy.

20       **NOW THEREFORE**, subject to the approval of the Bankruptcy Court, Claimants,

21  the Debtors, and the OCEH hereby agree as follows:

22                     **STIPULATION AND AGREEMENT**

23       A.    D&O Policy Reimbursement. Claimants shall be permitted to use the proceeds

24  of the D&O Policy to obtain reimbursement for the expenses they incurred or will incur on

25  account of the Claims filed with the Insurer in the amount of $400,000, in the aggregate, on

26  an interim basis, without prejudice to seek further amounts.  For purposes of this Stipulation,

27

28  _____
    [5] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term as the Motion for
    Relief.

                                      4

and without prejudice to Claimants' rights, Claims refer solely to the investigation and any proceedings initiated by the SEC. Claimants reserve their rights to expand their permitted use of proceeds and/or right to indemnification to other Claims by first, proposing a stipulation and proposed order to counsel for the OCEH and Debtors via email. If counsel for the OCEH or Debtors does not provide an agreement or comments to the proposed stipulation within four (4) business days after the initial request is made, Claimants may file a "Notice of Request to Seek D&O Reimbursement" (the "Notice of D&O Request") with the Bankruptcy Court (to the extent the Bankruptcy Cases are still pending). Parties in interest will have five (5) business days to file a response to the Notice of D&O Request. If a response is not timely filed, Claimants may file a Notice of Non-Opposition to the Notice of D&O Request and have the Bankruptcy Court enter a further order, expanding the use of proceeds to other Claims. If a response is filed, the Court shall set a hearing on the Notice of D&O Request within fourteen (14) calendar days.

B.    Reservation of Rights. Claimants, the Debtors, and the OCEH reserve any and all of their respective rights under the Bankruptcy Code and otherwise applicable nonbankruptcy law.

C.    Effective Date. This Stipulation shall become effective immediately upon entry of a Court order approving this Stipulation.

D.    Dismissal or Final Decree.  Upon the dismissal of the Bankruptcy Cases or entry of a final decree, Claimants shall no longer be required to obtain authorization to use the proceeds of the D&O Policy to obtain reimbursement for expenses and fees on account of Claims covered under the D&O Policy.

E.    Amendments/Interpretation. The parties hereto agree that this Stipulation may only be amended in a writing signed by each of the parties to this Stipulation. All parties hereto shall be deemed to have participated in drafting this Stipulation and it shall not be construed against any of them on account of any such deemed authorship.

F.    <u>Counterparts</u>. This Stipulation may be executed by facsimile copy, electronic mail, or scanned copy in one or more counterparts, all of which shall be considered one and the same agreement.

**STIPULATED AND AGREED TO AS OF DECEMBER 7, 2017**

**William M. Aisenberg and Jeffrey Cordes**

By their counsel of record

GARDERE, WYNNE, SEWELL LLP

By: _/s/ Shiva Delrahim Beck_
    Todd A. Murray
    Shiva Delrahim Beck
    Thomas C. Scannell

**ICPW Liquidation Corporation,** *et al.*

By their counsel of record

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: _____
    Ron Bender
    Monica Y. Kim
    Krikor J. Meshefejian

**Official Committee of Equity Holders**

By their counsel of record

DENTONS US LLP

By: _____
    Samuel R. Maizel
    Tania M. Moyron

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201.

A true and correct copy of the foregoing document described as **JOINT STIPULATION RELATING TO DIRECTORS & OFFICERS INSURANCE POLICIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 7, 2017 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

- Ron Bender: rb@lnbyb.com (counsel to Debtors)
- Cathrine M Castaldi: ccastaldi@brownrudnick.com (counsel to Creditors' Committee)
- Russell Clementson: russell.clementson@usdoj.gov (counsel to United States Trustee)
- Aaron S Craig: acraig@kslaw.com, lperry@kslaw.com (Big Time Products, LLC)
- Matthew A Gold: courts@argopartners.net (counsel to Argo Partners)
- Monica Y Kim: myk@lnbrb.com , myk@ecf.inforuptcy.com (counsel to Debtors)
- Jeffrey A. Krieger: jkrieger@ggfirm.com, kwoodson@greenbergglusker.com; calendar@greenbergglusker.com, jking@greenbergglusker.com (counsel to Brighton-Best International)
- Samuel R. Maizel: Samuel.maizel@dentons.com, Alicia.aguilar@dentons.com, docket.general.lit.LOS@dentons.com, Tania.moyron@dentons.com (counsel to Equity Security Holders' Committee)
- Krikor J Meshefejian: kjm@lnbrb.com (counsel to Debtors)
- Tania M Moyron: tania.moyron@dentons.com, chris.omeara@dentons.com (counsel to Equity Security Holders' Committee)
- S Margaux Ross margaux.ross@usdoj.gov (counsel to United States Trustee)
- Susan K. Seflin sseflin@brutzkusgubner.com (counsel to Financial Advisor Province)
- John M. Stern john.stern@oag.texas.gov, bk-mbecker@oag.texas.gov (Creditor Texas Comptroller of Public Accountants)
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov (United States Trustee)
- Sharon Z. Weiss: sharon.weiss@bryancave.com, raul.morales@bryancave.com (Radians Wareham Holdings, Inc.)

7

**2. <u>SERVED BY UNITED STATES MAIL</u>**:

On (*date*) December 7, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Debtor** | **Debtor** |
|---|---|
| ICPW Liquidation Corporation, | ICPW Liquidation Corporation, |
| a CA corporation | a Nevada corporation |
| 15260 Ventura Blvd., 20th Floor | 15260 Ventura Blvd., 20th Floor |
| Sherman Oaks, CA 91403 | Sherman Oaks, CA 91403 |

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):</u>**

Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 7, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**<u>Judge's Copy – VIA OVERNIGHT</u>**

Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: December 7, 2017                    By: */s/ Shiva Delrahim Beck*
                                          Shiva Delrahim Beck

Gardere01 - 10938884v.4