RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com
Attorneys for Chapter 11 Debtors and Debtors in Possession

SAMUEL R. MAIZEL (SBN 189301)
TANIA. M. MOYRONT (SBN 235736)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300; Facsimile: (213) 623-9924
Email : samuel.maizel@dentons.com; tania.moyron@dentons.com
Attorneys for Official Committee of Equity Security Holders

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ICPW Liquidation Corporation, a California corporation,[1]<br><br>Debtor and Debtor in Possession.<br><br>In re:<br><br>ICPW Liquidation Corporation, a Nevada corporation,[2]<br><br>Debtor and Debtor in Possession.<br><br>Affects:<br><br>☒ Both Debtors<br><br>☐ ICPW Liquidation Corporation, a California corporation<br><br>☐ ICPW Liquidation Corporation, a Nevada corporation. | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br>Chapter 11 Cases<br><br>**JOINT STIPULATION ALLOWING PRE-PETITION CLAIM OF STUBBS ALDERTON & MARKILES, LLP AT A REDUCED AMOUNT IN ACCORDANCE WITH COURT APPROVED CLAIMS PROTOCOL**<br><br>[No Hearing Required] |

---

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

ICPW Liquidation Corporation, a California corporation (formerly known as Ironclad Performance Wear Corporation, a California corporation), ICPW Liquidation Corporation, a Nevada corporation (formerly known as Ironclad Performance Wear Corporation, a Nevada corporation) (collectively, the "Debtors"), the Official Committee of Equity Holders, (the "OCEH"), and pre-petition creditor Stubbs Alderton & Markiles, LLP ("SAM") hereby agree as follows:[3]

## RECITALS

1. On September 8, 2017 ("Petition Date"), the Debtors each filed a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have operated their businesses and managed their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. With the Court's approval, the Debtors' two chapter 11 cases are being jointly administered.

2. Pursuant to an order entered on November 8, 2017, as Docket Number 189, the Court approved the Debtors' employment of SAM as their special corporate and securities, special trademark, and special litigation counsel pursuant to sections 327(e) and 330 of the Bankruptcy Code, with such employment effective as of the Petition Date.

3. SAM has a scheduled pre-petition general unsecured claim against the Debtors in the amount of $331,893.44 (the "SAM Scheduled Claim"). The OCEH has advised SAM that the OCEH disputes the SAM Scheduled Claim and, absent a mutually acceptable resolution, the OCEH intends to file an objection to the SAM Scheduled Claim.

4. Pursuant to an order entered on December 13, 2017, as Docket Number 337, the Court awarded SAM interim fees in the amount of $112,763.00 and interim expenses in the amount of $6,484.77 for total interim fees and expenses of $119,247.77, incurred during the period of September 8, 2017 through November 20, 2017, and the Court authorized SAM to be paid this sum of $119,247.77 by these bankruptcy estates (the "First Interim Fee Order"). SAM has been paid the $119,247.77 in accordance with the terms of the First Interim Fee Order.

---

[3] The Debtors, the OCEH, and SAM are collectively referred to herein as the "Parties".

5. Pursuant to an order entered on December 14, 2017, as Docket Number 345 (the "Claims Protocol Order"), the Court authorized the Debtors and the OCEH to implement a claims allowance protocol in accordance with the terms of the Claim Protocol Order. In particular relevant part, the Claims Protocol Order provides as follows:

> If the Debtors and the OCEH are able to reach an agreement with a particular creditor on the amount of a claim which is less than the amount or of a different priority than the scheduled or filed claim, the Debtors and the OCEH will file a joint stipulation signed by the Debtors, the OCEH and the creditor advising the Court of the same. Each such stipulation will identify the name of the creditor, the claim number if it pertains to a proof of claim filed by the creditor, and the amount and priority of the claim that will be deemed allowed. Once that stipulation has been filed with the Court, the claim will be deemed permanently allowed in that amount and with that priority without the need for any Court order, and the Escrow Agent will be deemed authorized to pay the allowed claim out of the funds in the Trust Account.

6. The Debtors' bankruptcy counsel, Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), is serving as the Escrow Agent in these cases (the "Escrow Agent"), and is holding the remaining net proceeds from the Debtors' prior asset sale in a segregated trust account (the "Trust Account").

7. The Debtors, the OCEH and SAM have reached an agreement involving a stipulated reduction in the amount of the SAM Scheduled Claim and various other provisions (which are all described in detail below), and the parties seek to implement their agreement in accordance with the Claims Protocol Order.

**AGREEMENT**

NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, THE PARTIES TO THIS STIPULATION HEREBY AGREE AS FOLLOWS:

A. With the consent of all of the Parties, upon the filing of this Stipulation with the Court, the SAM Scheduled Claim shall be deemed reduced by $125,000 and permanently and irrevocably fixed and allowed, as a pre-petition general unsecured claim, in the amount of $206,893.44 (the "SAM Allowed Pre-Petition Claim"), without the need for any Court order. The SAM Allowed Pre-Petition Claim may not under any circumstance be increased or

decreased. SAM voluntarily waives any right to receive post-petition interest on the SAM Allowed Pre-Petition Claim.

B. In accordance with the Claims Protocol Order, the SAM Allowed Pre-Petition Claim shall be paid in full (i.e., in the amount of $206,893.44) by the Escrow Agent out of the funds held in the Trust Account as promptly as possible following the filing of this Stipulation with the Court, and the Escrow Agent is authorized to pay the SAM Allowed Pre-Petition Claim in full out of the funds in the Trust Account.

C. The OCEH, on behalf of itself and all of its members and any subsequently created Trust, waives any right to object, at a final fee hearing or otherwise, to the interim fees and expenses that were awarded and paid to SAM in accordance with the First Interim Fee Order, and, upon the filing of this Stipulation with the Court, the OCEH shall withdraw, with prejudice, the limited objection that the OCEH previously filed to SAM's first interim fee application (filed as Docket Number 234).

D. The OCEH, on behalf of itself and all of its members and any subsequently created Trust, agrees that any objection filed by any of them to SAM's final fee application covering the period of November 21, 2017 through the Effective Date of the confirmed Plan in these cases (the "Final Fee Application Period") shall be limited solely to a traditional chapter 11 lodestar/reasonable standard for the fees and expenses incurred by SAM during the Final Fee Application Period, and no action or inaction taken or allegedly taken by SAM during any period of time prior to the Final Fee Application Period shall have any applicability to the allowance of SAM's final fees and expenses incurred during the Final Fee Application Period. Nothing in this provision shall release or impair claims for malpractice, gross negligence, or willful misconduct by SAM arising out of services performed by SAM after November 21, 2017.

E. Upon the filing of this Stipulation with the Court, the OCEH, on behalf of itself and all of its members and any subsequently created Trust, and the Debtors, on behalf of themselves and their bankruptcy estates (collectively the "Estate Releasing Parties"), hereby release and forever discharge SAM and each of SAM's lawyers, partners, representatives, agents and counsel (collectively, the "SAM Releasees") from and against any and all causes of action,

suits, debts, liens, obligations, liabilities, claims, demands, damages, judgments, losses, orders, penalties, costs and expenses, including, without limitation, attorneys' fees, of any kind or nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, which any of the Estate Releasing Parties has, owns, holds, or claims to have, owns, or holds, or at any time heretofore have had, owned, held or claimed to have had, owned, or held against any of the SAM Releasees through and including November 20, 2017 (*i.e.*, the last day covered by the First Interim Fee Order).

F. The Estate Releasing Parties hereby agree, represent and warrant that they realize and acknowledge that actual matters now unknown, unanticipated, unsuspected or misunderstood by the Estate Releasing Parties, or any of them, in connection with the subject matter of the release in Section E immediately above may have given or may hereafter give rise to causes of action, claims, demands, debts, defenses, controversies, damages, costs, losses and expenses which are presently unknown, unanticipated, unsuspected or misunderstood, and the Estate Releasing Parties further agree, represent and warrant that the within release has been negotiated and agreed upon in light of that realization and that the Estate Releasing Parties nevertheless hereby intend to release, discharge and acquit the SAM Releasees from any such unknown, unanticipated, unsuspected or misunderstood claims. In furtherance of this intention, the Estate Releasing Parties expressly waive and relinquish any and all rights that the Estate Releasing Parties, or any of them, may have under California Civil Code Section 1542 and under any similar statute or law of any other relevant jurisdiction, and expressly consent that the within release shall be given full force and effect according to each and all of its express terms and provisions. Section 1542 provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

The Estate Releasing Parties hereby acknowledge that this waiver is an essential term of this

Stipulation and the negotiations which have led to it, and that without such waiver this Stipulation would not have been entered into. The Estate Releasing Parties understand and acknowledge the significance and consequences of such release and specific waiver of Section 1542.

G. Upon the filing of this Stipulation with the Court, SAM hereby releases and forever discharges the OCEH, all members of the OCHE, any subsequently created Trust, and the Debtors and each of their lawyers, partners, representatives, agents and counsel (collectively, the "<u>Estate Releasees</u>") from and against any and all causes of action, suits, debts, liens, obligations, liabilities, claims, demands, damages, judgments, losses, orders, penalties, costs and expenses, including, without limitation, attorneys' fees, of any kind or nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, which SAM has, owns, holds, or claims to have, owns, or holds, or at any time heretofore have had, owned, held or claimed to have had, owned, or held against any of the Estate Releasees through and including November 20, 2017 – recognizing that such release specifically does not include or have any impact upon SAM's right to seek the Court's approval and to be paid for all fees and expenses incurred by SAM during the Final Fee Application Period.

H. SAM hereby agrees, represents and warrants that SAM realizes and acknowledges that actual matters now unknown, unanticipated, unsuspected or misunderstood by SAM in connection with the subject matter of the release in Section G immediately above may have given or may hereafter give rise to causes of action, claims, demands, debts, defenses, controversies, damages, costs, losses and expenses which are presently unknown, unanticipated, unsuspected or misunderstood, and SAM further agrees, represents and warrants that the within release has been negotiated and agreed upon in light of that realization and that SAM nevertheless hereby intends to release, discharge and acquit the Estate Releasees from any such unknown, unanticipated, unsuspected or misunderstood claims. In furtherance of this intention, SAM expressly waives and relinquishes any and all rights that SAM may have under California Civil Code Section 1542 and under any similar statute or law of any other relevant jurisdiction, and expressly consents that the within release shall be given full force and effect according to

6

each and all of its express terms and provisions. Section 1542 provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

SAM hereby acknowledges that this waiver is an essential term of this Stipulation and the negotiations which have led to it, and that without such waiver this Stipulation would not have been entered into. SAM understands and acknowledges the significance and consequences of such release and specific waiver of Section 1542.

*[Signatures are Included on the Following Page]*

Agreed:

Dated: December 27, 2017

ICPW LIQUIDATION CORPORATION, *et al.*

By: ___/s/ Ron Bender_____
    RON BENDER
    MONICA Y. KIM
    KRIKOR J. MESHEFEJIAN
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attorneys for Debtors and Debtors in Possession

Agreed:

Dated: December 27, 2017

STUBBS ALDERTON & MARKILES, LLP

By: _____
    SCOTT ALDERTON, PARTNER

Agreed:

Dated: December 27, 2017

OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

By: _____ (Tania Moyron for Andrew T. Solomon)
    SOLOMON & CRAMER LLP
    ANDREW T. SOLOMON, PARTNER,
    Special litigation counsel to Official
    Committee of Equity Security Holders

Agreed:

Dated: December 27, 2017

OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

By:_____
    DENTONS US LLP
    SAMUEL R. MAIZEL
    TANIA M. MOYRON
    Attorneys for the Official Committee of
    Equity Security Holders

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **JOINT STIPULATION ALLOWING PRE-PETITION CLAIM OF STUBBS ALDERTON & MARKILES, LLP AT A REDUCED AMOUNT IN ACCORDANCE WITH COURT APPROVED CLAIMS PROTOCOL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 28, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Shiva D Beck**   sbeck@gardere.com, jcharrison@gardere.com
- **Ron Bender**   rb@lnbyb.com
- **Cathrine M Castaldi**   ccastaldi@brownrudnick.com
- **Russell Clementson**   russell.clementson@usdoj.gov
- **Aaron S Craig**   acraig@kslaw.com, lperry@kslaw.com
- **Matthew A Gold**   courts@argopartners.net
- **Monica Y Kim**   myk@lnbrb.com, myk@ecf.inforuptcy.com
- **Jeffrey A Krieger**   jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Samuel R Maizel**   samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com
- **Krikor J Meshefejian**   kjm@lnbrb.com
- **Tania M Moyron**   tania.moyron@dentons.com, chris.omeara@dentons.com
- **S Margaux Ross**   margaux.ross@usdoj.gov
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov
- **Sharon Z. Weiss**   sharon.weiss@bryancave.com, raul.morales@bryancave.com

**2. SERVED BY UNITED STATES MAIL**: On **December 28, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 28, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 28, 2017 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**