RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com
Attorneys for Chapter 11 Debtors and Debtors in Possession

SAMUEL R. MAIZEL (SBN 189301)
TANIA M. MOYRON (SBN 235736)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300; Facsimile: (213) 623-9924
Email: samuel.maizel@dentons.com; tania.moyron@dentons.com
Attorneys for Official Committee of Equity Security Holders

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ICPW Liquidation Corporation, a California corporation[1],<br><br>    Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>ICPW Liquidation Corporation, a Nevada corporation[2],<br><br>    Debtor and Debtor in Possession.<br>_____<br>☒ Affects both Debtors<br><br>☐ Affects ICPW Liquidation Corporation, a California corporation only<br><br>☐ Affects ICPW Liquidation Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br>Chapter 11 Cases<br><br>**DECLARATION OF L. GEOFF GREULICH IN SUPPORT OF MOTION IN SUPPORT OF CONFIRMATION OF DEBTORS' AND OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' JOINT PLAN OF LIQUIDATION DATED JANUARY 12, 2018**<br><br><u>Plan Confirmation Hearing</u>:<br>Date:    February 12, 2018<br>Time:    1:30 p.m.<br>Place:    Courtroom "303"<br>              21041 Burbank Blvd.<br>              Woodland Hills, CA |

---

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

1

I, L. Geoff Greulich, hereby declare as follows:

1. I am the Chief Executive Officer of ICPW Liquidation Corporation, a California corporation, formerly known as Ironclad Performance Wear Corporation, a California corporation ("ICPW California"), and ICPW Liquidation Corporation, a Nevada corporation, formerly known as Ironclad Performance Wear Corporation, a Nevada corporation ("ICPW Nevada" and collectively with ICPW California, the "Debtors"). The Debtors each filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on September 8, 2017 ("Petition Date"). I became the Debtors' Chief Executive Officer effective July 6, 2017.

2. In that capacity, I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

3. I am submitting this Declaration in support of the joint motion (the "Motion") filed by the Debtors and the Official Committee of Equity Security Holders (the "OCEH") requesting the Court to confirm the "Debtors' and Official Committee of Equity Security Holders' Joint Plan of Liquidation Dated January 12, 2018" (the "Plan"), which I understand the Debtors and the OCEH filed with the Court on January 12, 2018 as Docket Number 383. The Debtors and the OCEH are collectively referred to herein as the "Plan Proponents".

4. I believe that the Plan represents the optimal outcome for these chapter 11 bankruptcy cases (the "Cases"). I believe that the confirmation of the Plan provides the best vehicle for maximizing the distribution to the Shareholders (defined below); getting a significant distribution made to the Shareholders on the earliest date possible under the circumstances; and getting the Debtors' remaining creditors (holding not yet allowed claims) paid in full with post-petition interest in the fastest and most efficient manner possible.

5. For purposes of avoiding repetition, I hereby incorporate into my Declaration the facts set forth in the Sections II (History of the Debtors), III (the Debtors' Sale Process), and IV

(Summary of Key Events Occurring Subsequent to the Sale Closing) of the Memorandum filed by the Plan Proponents in support of confirmation of the Plan (the "Memorandum"), which I understand was filed with the Court on January 22, 2018 as Docket Number 408.  To the best of my knowledge, the facts set forth in those Sections of the Memorandum are true and correct.  Any terms which are defined in the Plan and/or the Memorandum which are not defined in this Declaration shall be deemed to have the same definition in this Declaration.

6. Pursuant to the Sale Order, all of the Debtors' executory contracts and unexpired leases that were not assumed and assigned to BBI were deemed rejected as of the Sale Closing, with the exception of the two supplier agreements with GGS and Grainger whose rejection can happen only following the entry of an order of the Court approving such rejection.  As a result of the Debtors' frustration with the lack of progress that was being made between BBI, on the one hand, and GGS and Grainger, on the other hand, the Debtors recently filed a motion to reject the two supplier agreements with GGS and Grainger, but at the request of BBI, the Debtors never submitted a proposed order to the Court providing for the rejection of those two agreements.  BBI has now advised the Debtors that BBI, on the one hand, and GGS and Grainger, on the other hand, have reached agreements on the forms of stipulations providing for the Debtors' assumption of their two supplier agreements with GGS and Grainger and assignment of their two supplier agreements with GGS and Grainger to BBI (as modified by agreement of the parties), with the cure amounts agreed to and funded by BBI.  I therefore expect that the Debtors will be filing a motion with the Court to be considered concurrently with the Plan Confirmation Hearing providing for the Debtors' assumption of their two supplier agreements with GGS and Grainger and assignment of their two supplier agreements with GGS and Grainger to BBI – in which case the Debtors will withdraw their previously filed rejection motion.

7. While the Plan Proponents reserve all rights in this regard, the Plan Proponents are not at this time requesting the Court to approve any modifications to the Plan.

8. The Plan Proponents have proposed the Plan in good faith. The Plan is the result of negotiations between the Debtors and the OCEH – always with the best interests of creditors and Shareholders in mind.

9. None of the professionals employed in these Cases will be paid any of their outstanding post-petition fees and expenses until such fees and expenses have been approved by the Court.

10. It is my understanding that the only other realistic way for the Cases to end other than confirmation of the Plan would be to convert these Cases to chapter 7. From my understanding of the facts of these Cases and the law as it has been explained to me, I believe that converting the Cases to chapter 7 would be a far worse result for Shareholders than confirming the Plan for at least the following three reasons: One, under the Plan, the Escrow Agent is paying all Allowed Claims out of the Remaining Estate Funds without charging any disbursing agent fee. In contrast, I have been advised that a chapter 7 trustee would be paid the trustee's fee (frequently referred to as the trustee's "handle") in accordance with the percentage formula set forth in § 326 of the Bankruptcy Code. This is very significant. As indicated above, there is currently approximately $13,829,001 of Remaining Estate Funds, and the Debtors project having approximately $350,000 in their debtor-in-possession account at the time of the Plan Confirmation Hearing. If the Cases were converted to chapter 7 instead of the Plan being confirmed, and the chapter 7 trustee distributed this total sum of $14,179,001, I have been advised that the chapter 7 trustee's statutory fee under § 326 of the Bankruptcy Code (i.e., the trustee's "handle") would be approximately $448,620. In contrast, under the Plan, the Escrow Agent is charging no fee at all for making the payments the Escrow Agent will be making, and it is my

4

understanding that the fee structure being charged by the Trustee (even after taking into account the expected compensation to be paid to the Trust Board Members) for making distributions from the Trust will be substantially lower than the percentage formula set forth in § 326 of the Bankruptcy Code. Two, it is my understanding that a chapter 7 trustee would hire the trustee's own new professionals, which would create great expense and inefficiency of introducing new professionals into the Cases with no familiarity or background of the Cases, rather than the smooth transition of the use by the Estates of the existing professionals who are already intimately familiar with the Cases. Three, it is my understanding that Shareholders will receive their money under the Plan much faster than they would in a chapter 7 bankruptcy simply because of the time it takes for a chapter 7 trustee to close out a chapter 7 bankruptcy estate and distribute funds.

11.   It is my understanding that the Debtors are in compliance with all of the fee requirements of the Court and the Office of the United States Trustee. To the extent the Debtors owe any such additional fees, the Debtors will pay those immediately.

12.   To my knowledge, the Debtors do not have any remaining retiree benefits.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 22nd day of January, 2018, at Los Angeles, California.

_____
L. GEOFFREY GREULICH

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DECLARATION OF L. GEOFF GREULICH IN SUPPORT OF MOTION IN SUPPORT OF CONFIRMATION OF DEBTORS' AND OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' JOINT PLAN OF LIQUIDATION DATED JANUARY 12, 2018** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 22, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Shiva D Beck**   sbeck@gardere.com, jcharrison@gardere.com
- **Ron Bender**   rb@lnbyb.com
- **Cathrine M Castaldi**   ccastaldi@brownrudnick.com
- **Russell Clementson**   russell.clementson@usdoj.gov
- **Aaron S Craig**   acraig@kslaw.com, lperry@kslaw.com
- **Matthew A Gold**   courts@argopartners.net
- **Monica Y Kim**   myk@lnbrb.com, myk@ecf.inforuptcy.com
- **Jeffrey A Krieger**   jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Samuel R Maizel**   samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com
- **Krikor J Meshefejian**   kjm@lnbrb.com
- **Tania M Moyron**   tania.moyron@dentons.com, chris.omeara@dentons.com
- **S Margaux Ross**   margaux.ross@usdoj.gov
- **Susan K Seflin**   sseflin@brutzkusgubner.com
- **John M Stern**   john.stern@oag.texas.gov, bk-mbecker@oag.texas.gov
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov
- **Sharon Z. Weiss**   sharon.weiss@bryancave.com, raul.morales@bryancave.com;geri.anderson@bryancave.com
- **Douglas Wolfe**   dwolfe@asmcapital.com

**2. SERVED BY UNITED STATES MAIL**: On **January 22, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

U.S. Securities and Exchange Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

Russell Clementson
S Margaux Ross
United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                   **F 9013-3.1.PROOF.SERVICE**

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 22, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served via Overnight Mail***
Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|
| January 22, 2018 | Lourdes Cruz | /s/ Lourdes Cruz |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                           **F 9013-3.1.PROOF.SERVICE**