Shiva Delrahim Beck (SBN 228841)
Email: sbeck@gardere.com
Todd A. Murray (*Pro Hac Vice*)
Email: tmurray@gardere.com
Thomas C. Scannell (*Pro Hac Vice*)
Email: tscannell@gardere.com
GARDERE WYNNE SEWELL LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
(214) 999-3000
(214) 999-4667 (fax)

Attorneys for William M. Aisenberg and Jeffrey Cordes

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br>ICPW Liquidation Corporation, a California corporation,[1]<br>    Debtor and Debtor in Possession. | Lead Case No. 1:17-bk-12408-MB<br><br>Jointly administered with: 1:17-bk-12409-MB<br><br>Chapter 11 Cases |
| In re:<br>ICPW Liquidation Corporation, a Nevada corporation,[2]<br>    Debtor and Debtor in Possession. | **OBJECTION OF JEFFREY CORDES AND WILLIAM M. AISENBERG TO DEBTORS' AND OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' JOINT PLAN OF LIQUIDATION DATED JANUARY 12, 2018 AND REQUEST FOR TEMPORARY ALLOWANCE OF CLAIMS** |
| [x] Affects both Debtors<br>[ ] Affects ICPW Liquidation Corporation, a California corporation only<br>[ ] Affects ICPW Liquidation Corporation, a Nevada corporation only | HEARING:<br><br>DATE: February 12, 2018<br>TIME: 2:30 p.m.<br>CTRM: 303<br>    21041 Burbank Blvd.<br>    Woodland Hills, CA 91367 |

---

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

Jeffrey Cordes and William M. Aisenberg (collectively, "Insureds"), hereby file this objection and request for temporary allowance of claims (the "Objection") to the Debtors' and Official Committee of Equity Holders' Joint Plan of Liquidation Dated January 12, 2018 (the "Plan"), and by and through their respective undersigned counsel of record attorney, show this Court as follows:

## FACTUAL BACKGROUND

1. On September 8, 2017 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the title 11 of the United States Code, et seq. (the "Bankruptcy Code"). [Docket No. 1].

2. On September 12, 2017, the Court entered an order granting the Debtor's motion to approve the joint administration of the two chapter 11 cases. [Docket No. 25].

3. On September 20, 2017, the United States Trustee filed a notice of appointment of an Official Committee of Equity Holders (the "Equity Committee"). [Docket No. 59].

4. On October 3, 2017, Mr. Cordes timely filed his proof of claim with the Bankruptcy Court as Claim No. 8-1, asserting a claim in the amount of $166,906.75, which includes $12,850.00 as a priority claim (the "Cordes Claim").

5. On October 3, 2017, Mr. Aisenberg timely filed his proof of claim with the Bankruptcy Court as Claim No. 7-1, asserting a claim in the amount of $129,406.75, which includes $12,850.00 as a priority claim (the "Aisenberg Claim," collectively with the Cordes Claim the "Insureds' Claims").

6. On October 20, 2017, Insureds filed a Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362. [Docket Nos. 132-136] (the "Motion for Relief"). The Motion for Relief sought the following relief: (i) to proceed with the American Arbitration Association Proceeding (the "Arbitration") and (ii) to pursue insurance coverage proceeds to which [the Insures] may be, or may become, entitled.

7. On November 1, 2017, the Debtors filed an opposition to the Motion for Relief and the Equity Committee thereafter filed a joinder to same. [Docket Nos. 168 and 169].

8. On December 7, 2017, following a hearing on the matter, the Court entered an order temporarily denying and continuing the Motion for Relief (the "Continuance Order"). [Docket No. 302]. The Continuance Order provided, among other things, that the Debtors or the Equity Committee may file an objection to the Insureds' claims or an adversary proceeding on or before January 26, 2018. In conjunction with the Continuance Order, the parties filed a Joint Stipulation Relating to the Directors & Officers Insurance Policies (the "Joint Stipulation") [Docket No. 300]. The Joint Stipulation permitted the Insureds to use certain proceeds of the D&O Policies to reimburse their expenses.

9. On January 12, 2018, the Debtors and the Equity Committee (collectively, the "Plan Proponents") filed the Plan. [Docket No. 383]. The Plan provides for:

- Payment to general unsecured creditors (Class 1)[3] in full, with disputed claim amounts to be escrowed and paid with interest if allowed at a later date; and

- Certain payments to Shareholders of ICPW Nevada as of the Record Date as Class 2 Claimants.

10. The Plan addresses pre-petition priority wage claims, including a specific acknowledgement of the $12,850 priority wage claims filed by the Insureds.[4] The pre-petition priority wage claims are not classified.

11. The Plan Proponents take the position that there are no unimpaired classes of claims.

12. On January 26, 2018, the Equity Committee filed a complaint (Adversary Proceeding No. 18-01011) objecting to the Insureds' Claims and otherwise making certain affirmative claims against the Insureds (the "Adversary Proceeding").

**OBJECTION AND RESERVATION OF RIGHTS**

A.  **The Pre-Petition Priority Wage Claims**

Bankruptcy Code section 1123(a)(1) permits certain claims arising under section 507(a) to be unclassified claims. However, pre-petition priority wage claims under section

---

[3] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan.

[4] Plan at p. 28.

3

507(a)(4) are not included among the exceptions. Therefore, such claims must be classified and permitted to vote on a plan. *See, e.g., In re Gotcha Intern., L.P.*, 311 B.R. 250, 252 (BAP 9th Cir. 2004) (analyzing a plan with separate classification for priority wage claims).

While the Plan acknowledges that the Insureds assert pre-petition priority wage claims, it does not classify such claims. Rather, the Plan Proponents merely mention that the Equity Committee will object to such claims.

The Plan as written fails to properly classify the pre-petition priority wage claims. As a result, the Plan impermissibly denies the Insureds' voting rights. The fact that the Equity Committee objects to the Insureds' priority wage claims does not provide a legal foundation for refusing to properly classify the claims or refusing to permit the Insureds to vote those claims pending resolution of an objection. Bankruptcy Rule 3018(a) provides a well-accepted mechanism for the temporary allowance of disputed claims for the purpose of voting. As set forth herein, the Insureds are seeking such temporary allowance.

For these reasons, the Court should not confirm the Plan as proposed by the Plan Proponents.

**B.     Failure to Sufficiently Reserve Funds**

The Plan provides that certain funds are to be reserved by the Disbursing Agent. Moreover, the reserved funds and other amounts on hand are used by the Plan Proponents to justify the Plan Proponents' position that the Shareholders are receiving full value and are unimpaired.[5] However, the Plan Proponents grossly underestimate the Estate liabilities and, as a result, the amounts that should be reserved.

Specifically, pursuant to the Debtors' corporate charter, the Insureds have indemnification rights against the Debtor in relation to Adversary Proceeding for defense expenses incurred by the Insureds. Such payments are payable to the Insureds in the event the Debtors do not prevail in the Adversary Proceeding and to the extent not covered by applicable insurance. The Adversary Proceeding, of course, has not been finally adjudicated. Permitting the Plan to proceed without reserving funds on account of such indemnification

---

[5] *See* Plan at pp. 41-42.

4

rights would preclude the Insureds from recovering their damages and would be tantamount to denying such right of recovery without due process of law. The Court therefore should require the Plan to specifically account for such reserved funds. As to amount, the Insureds assert that their damages are in excess of $1 million.

**C.    The Shareholder Claims**

The Insureds intend to vigorously oppose the baseless claims against them raised by the Equity Committee in the Adversary Proceeding, as well as prosecute all of the Insureds' Claims to allowance and payment. The Insureds reserve all rights with respect to same.

The Insureds' Claims are independent of their rights as Shareholders of ICPW Nevada as of the Record Date. As Shareholders, the Insureds are entitled to receive Class 2 Plan payments the same as any other claimant in such class. Notably, the Debtors and the Equity Committee have not (and realistically cannot) contest the fact that the Insureds were Shareholders as of the Record Date.

The Insureds hereby further object to any effort by the Debtors or the Equity Holders to intertwine the claim matters in the Adversary Proceeding with the Insureds' uncontested rights as Shareholders under the Plan. However, to the extent that the Court determine the matters are related, the Insureds separately seek a finding in any order confirming the Plan that funds payable to the Insureds on account of their rights as Class 2 Claimants will be reserved.

**D.    Reservation of Rights**

The Insureds should not be prejudiced in this matter based on the Plan Proponents' decision in November of 2017 to object to the Insureds' efforts to proceed with the Arbitration. In fact, if the Plan Proponents' had not sought to delay the Arbitration, it is very likely that the matter would have been resolved by now. Instead, the matter has languished, unnecessarily costing every party additional time and money. The Insureds reserve their rights to assert that the underlying disputes should proceed in arbitration, as was contractually agreed among the parties.

The Insureds further reserve all rights to assert that the Adversary Proceeding is not a core matter and any other argument or issue going to whether the reference should be withdrawn in such matter.

### REQUEST FOR TEMPORARY ALLOWANCE OF CLAIMS PURSUANT TO BANKRUPTCY RULE 3018(a)

The Adversary Proceeding includes an objection to the Insureds' pre-petition priority wage claims. However, such an objection does not simply erase the Insureds' rights to participate in the Plan process as a creditor. Bankruptcy Rule 3018(a) permits temporary allowance of a claim for this exact purpose. *See In re Dynamic Brokers, Inc.*, 293 B.R. 489, 496 (BAP 9th Cir. 2003) ("[T]he holder of a claim that is subject to an unresolved objection is still permitted to vote to accept or reject a chapter 11 plan by way of a temporary allowance in an amount that the court, after notice and hearing, 'deems proper.'").

The Insureds acknowledge that resolution of the Adversary Proceeding may take some time. As such, the Insureds seek temporary allowance of their claims (including the pre-petition priority wage claim that should be separately classified) pursuant to Bankruptcy Rule 3018(a). The Insureds further assert that, given the expedited nature of this case including the consolidation of the disclosure statement hearing and confirmation hearing, the Plan confirmation hearing should act as the opportunity for the Court to temporarily allow the Insureds' Claims for voting purposes.

WHEREFORE, for the reasons set forth above, the Insureds (i) object to the Plan for failing to properly classify pre-petition priority wage claims; (ii) object the Plan Proponents' failure to properly reserve for the Debtors' indemnification obligations; (iii) object to any attempt by the Debtors or the Equity Holders to deny the Insureds their rights under the Plan as Class 2 Claimants; (iv) alternatively seek a reserve of funds payable to the Insureds as Class 2 Claimants; (v) seek temporary allowance of the Insureds' Claims for voting purposes pursuant to Bankruptcy Rule 3018(a); and (vi)  seek such other and further relief as the Bankruptcy Court deems just and proper.

Dated: February 5, 2018

Respectfully submitted,

By: */s/ Shiva Delrahim Beck*
    Shiva Delrahim Beck

Shiva Delrahim Beck (SBN 228841)
Email: sbeck@gardere.com
Todd A. Murray (*Pro Hac Vice*)
Email: tmurray@gardere.com
Thomas C. Scannell (*Pro Hac Vice*)
Email: tscannell@gardere.com
GARDERE WYNNE SEWELL LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
(214) 999-3000
(214) 999-4667 (fax)

Attorney for William M. Aisenberg and Jeffrey Cordes

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2021 McKinney Avenue, Suite 1600, Dallas, TX 75201.

A true and correct copy of the foregoing document entitled: **OBJECTION OF JEFFREY CORDES AND WILLIAM M. AISENBERG TO DEBTORS' AND OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' JOINT PLAN OF LIQUIDATION DATED JANUARY 12, 2018 AND REQUEST FOR TEMPORARY ALLOWANCE OF CLAIMS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 5, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ron Bender: rb@lnbyb.com (counsel to Debtors)
- Cathrine M Castaldi: ccastaldi@brownrudnick.com (counsel to Creditors' Committee)
- Russell Clementson: russell.clementson@usdoj.gov (counsel to United States Trustee)
- Aaron S Craig: acraig@kslaw.com, lperry@kslaw.com (Big Time Products, LLC)
- Matthew A Gold: courts@argopartners.net (counsel to Argo Partners)
- Monica Y Kim: myk@lnbrb.com, myk@ecf.inforuptcy.com (counsel to Debtors)
- Jeffrey A Krieger: jkrieger@ggfirm.com, kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; jking@greenbergglusker.com (counsel to Brighton-Best International, Inc.)
- Samuel R Maizel: samuel.maizel@dentons.com, alicia.aguilar@dentons.com; docket.general.lit.LOS@dentons.com; tania.moyron@dentons.com; kathryn.howard@dentons.com (counsel to Equity Security Holders' Committee)
- Krikor J Meshefejian: kjm@lnbrb.com (counsel to Debtors)
- Tania M Moyron: tania.moyron@dentons.com, chris.omeara@dentons.com (counsel to Equity Security Holders' Committee)
- S Margaux Ross margaux.ross@usdoj.gov (counsel to United States Trustee)
- Susan K Seflin sseflin@brutzkusgubner.com (counsel to Province Inc)
- John M Stern john.stern@oag.texas.gov, bk-mbecker@oag.texas.gov (counsel to Texas Comptroller of Public Accounts)
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov (United States Trustee)
- Sharon Z. Weiss: sharon.weiss@bryancave.com, raul.morales@bryancave.com, geri.anderson@bryancave.com(counsel to Radians Wareham Holdings, Inc.)
- Douglas Wolfe: dwolfe@asmcapital.com (counsel to ASM Capital V, L.P.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 5, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| **Debtor** | **Debtor** |
|---|---|
| ICPW Liquidation Corporation, | ICPW Liquidation Corporation, |
| a CA corporation | a Nevada corporation |
| 15260 Ventura Blvd., 20th Floor | 15260 Ventura Blvd., 20th Floor |
| Sherman Oaks, CA 91403 | Sherman Oaks, CA 91403 |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 5 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy – VIA OVERNIGHT**

Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/5/2018 | Shiva Delrahim Beck | */s/ Shiva Delrahim Beck* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |