SAMUEL R. MAIZEL (SBN 189301)
TANIA M. MOYRON (SBN 235736)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300; Facsimile: (213) 623-9924
Email : samuel.maizel@dentons.com; tania.moyron@dentons.com
Attorneys for Official Committee of Equity Security Holders

RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com
Attorneys for Chapter 11 Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ICPW Liquidation Corporation, a California corporation,[1]<br><br>    Debtor and Debtor in Possession.<br><br>In re:<br><br>ICPW Liquidation Corporation, a Nevada corporation,[2]<br><br>    Debtor and Debtor in Possession.<br><br>Affects:<br><br>☒ Both Debtors<br><br>☐ ICPW Liquidation Corporation, a California corporation<br><br>☐ ICPW Liquidation Corporation, a Nevada corporation. | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB Chapter 11 Cases<br><br>**OMNIBUS REPLY TO OBJECTIONS TO DEBTORS' AND OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' JOINT PLAN OF LIQUIDATION DATED JANUARY 12, 2018**<br><br>DATE:    January 12, 2018<br>TIME:    1:30 p.m.<br>PLACE:   Courtroom "303"<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA 91367 |

---

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

106498481\V-1

ICPW Liquidation Corporation, a California corporation, formerly known as Ironclad Performance Wear Corporation, a California corporation, ICPW Liquidation Corporation, a Nevada corporation, formerly known as Ironclad Performance Wear Corporation, a Nevada corporation (collectively, the "Debtors"), and the Official Committee of Equity Security Holders (the "Equity Committee," and, together with the Debtors, the "Plan Proponents"), respectfully submit this joint reply (the "Joint Reply") to the objections to the *Debtors' And Official Committee Of Equity Security Holders' Joint Plan Of Liquidation Dated January 12, 2018* (the "January 12, 2018 Plan") filed by Jeffrey Cordes and William Aisenberg (the "Former Officers' Objection"), and Radians Wareham Holdings, Inc. (the "Radians' Objection," together with the Former Officers' Objection, the "Objections"), and respectfully represent as follows:

## I.

## INTRODUCTION

Concurrently herewith, as Docket No. 438, the Plan Proponents have filed an amended Plan (the "Amended Plan") and a supplement to confirmation of the January 12, 2018 Plan, as Docket Number 439, to address the issues raised in the Objections filed by Cordes and Aisenberg (the "Former Officers") and Radians Wareham Holdings, Inc. ("Radians," together with the Former Officers, the "Objecting Parties"). To the extent that the Objecting Parties take the position that the Amended Plan does not fully address their Objections, the Plan Proponents respectfully request that the Court overrule the Objections for the reasons fully set forth below. While the Plan Proponents have filed the Amended Plan to avoid the expense of an extended confirmation battle, the Objecting Parties were at the helm throughout the period of the Debtors' financial and accounting troubles and delaying confirmation on their account is unwarranted. Based on the foregoing, the Plan Proponents respectfully request that the Court confirm the Amended Plan. It should be noted that before filing the Amended Plan, the Plan Proponents attempted to negotiate a mutually acceptable resolution with the Former Officers and Radians that would result in confirmation of the Amended Plan with an immediate distribution to Shareholders, but such a mutually acceptable resolution was not possible.

1

106498481\V-1

## II.

## RESPONSE TO THE FORMER OFFICERS' OBJECTION

The Former Officers' Objection asserts that the January 12, 2018 Plan fails to (i) classify their prepetition priority wage claims, and (ii) sufficiently reserve funds for their alleged "indemnification rights against the Debtors in relation to Adversary Proceeding and to the extent not covered by application insurance." *See* Former Officer's Objections, at 4. The Former Officers also assert that their damages are in excess of $1 million, which is $500,000 more than the maximum amount they asserted in their previous pleading. *See Limited Objection of Jeffrey Cordes and William M. Aisenberg to the Debtors Motion for Authority to Pay Undisputed Pre-Petition Claims of Solvent Estate and Establishing Protocol and Notice of Hearing Thereon*, Docket No. 266, at 4.

The Amended Plan classifies the Former Officers' prepetition priority wage claims into Class 4. In addition to the amounts already proposed to be reserved for their claims in Class 1, the Amended Plan provides for an additional reserve of $300,000 (unless the Court orders otherwise) for their disputed indemnity claims in the event they prevail in the adversary proceeding and to the extent not satisfied by the Debtors' D&O insurance. *Id.* Accordingly, under the Amended Plan, a total amount of $601,492 is being reserved for the Former Officers' disputed claims (*i.e.*, the amount of $301,492 for the disputed priority wage claims and severance claims with interest and the amount of $300,000 for the disputed indemnity claims).

Additionally, to the extent that the Former Officers still object to the Amended Plan, the Former Officers' Objection should be overruled for at least two reasons.

First, the Former Officers' Objection is an improper attempt to assert a new indemnity claim against the Debtors which is time-barred. A creditor is permitted to file a proof of claim after the bar date when the proof of claim is an amendment to a timely filed claim, but not when the proof of claim constitutes a separate and distinct claim. *See In re Osborne*, 159 B.R. 570, 573 (Bankr. C.D. Cal. 1993) (disallowing amended claim for separate tax liability), *aff'd*, 167 B.R.

2

698 (B.A.P. 9th Cir. 1994), *aff'd*, 76 F.3d 306 (9th Cir. 1996).[3] Moreover, in order for the indemnity claims to relate back to the original proofs of claim filed by the Former Officers, they must prove that "the claim or defense asserted in the amendment rises out of the same conduct, transaction, or occurrence set forth in the original pleading." *Id.*

Here, however, the Former Officers filed Claim Nos. 7 and 8 (the "Former Officers' Proofs of Claim"), which are based on their alleged breach of contract claims against the Debtors for allegedly failing to pay them severance. The Former Officers' Proofs of Claim do not seek indemnification nor does their misconduct have anything to do with their asserted severance. In fact, the Former Officers specifically negate the correlation between their bad acts (and thus the claim for indemnification) and severance payment when they state, "upon his termination with the Debtor, Mr. [...] became entitled to an unconditional right to six months severance pay[.]" *See* Former Officers' Proofs of Claim, at 5. In other words, the Former Officers specifically intended to make a distinction or separation between the act of termination that results in payment of severance and their misconduct that may (or may not) have led to their severance. Thus, the asserted indemnity claims are separate and distinct claims from the claims asserted in the Proofs of Claim, and, thus, the Former Officers cannot amend their Proofs of Claim to assert new indemnity claims. *See, e.g., Osborne*, 159 B.R. at 573. As a consequence, the Plan Proponents do not need to reserve any funds for the Former Officers in addition to the funds already reserved for their disputed Proofs of Claim.

Second, the indemnification claims asserted by the Former Officers are contingent claims that only arise, as the Former Officers themselves point out, if the Former Officers prevail in the adversary proceeding filed against them and if the claims are not satisfied by the Debtors' D&O insurance. Thus, the proposed reserve in the amount of $300,000 for their contingent claims, in addition to the proposed reserve in the amount of $301,492 for their severance related claims, is

---

[3] *See also In re Nat'l Merch. Co., Inc.*, 206 B.R. 993, 999 (Bankr. M.D. Fla. 1997) (even "changing an unsecured claim to a secured claim equates filing a new claim"); *cf. In re Jackson*, 541 B.R. 887, 891 (B.A.P. 9th Cir. 2015) (allowing IRS to amend claim to provide specific rather than estimated tax liability); *Matter of Donovan Wire & Iron Co.*, 822 F.2d 38, 39 (8th Cir. 1987) (allowing claimant to amend claim by providing proper supporting documentation for original claim).

3

106498481\V-1

1 more than sufficient to cover the asserted claims, particularly when the chances of these claims ever being paid are slim to none for the reasons set forth in the complaint commencing Adversary Proceeding No. 1:18-ap-01011-MB.

Based on the foregoing, the Plan Proponents respectfully request that the Court confirm the Amended Plan over the Former Officers' Objection.

### III.

### RESPONSE TO RADIANS' OBJECTION

Radians objects to confirmation of the January 12, 2018 Plan on the erroneous assertion that the January 12, 2018 Plan does not properly classify or provide treatment of certain contingent aspects of its previously satisfied secured claim. Radians' Objection, at 1. Radians argument is based on its assertion that its secured claim is preserved under the November 3, 2017 sale order (the "Sale Order")[4] until (i) the lookback period expires (as defined in that Final DIP Order[5]) without an objection, or (ii) until any objections asserted during the lookback period are finally resolved. *Id.* Since the Equity Committee, in its official capacity and on behalf of the estates, timely filed an objection and commenced an adversary proceeding (the "Adversary Proceeding") arising from Radians' pre-petition conduct, Radians now asserts it has incurred and will continue to incur substantial legal fees and expenses in defense of the Adversary Proceeding. *Id.* at 4. Thus, Radians argues, without justification, that it is entitled to assert a lien against the estates' assets under the Sale Order and pre-petition loan documents (the "Loan Documents"), including its rights to indemnity. *Id.*

Radians accurately quotes the lien preservation language of the Sale Order, but fails to advise the Court that the Sale Order entered with its consent required the Debtors to concurrently

---

[4] "Sale Order" refers to *Order: (1) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances; (2) Approving the Debtors' Assumption and Assignment of Certain Unexpired Leases And Executory Contracts and Determining Cure Amounts and Approving the Debtors' Rejection of Unexpired Leases and Executory Contracts Which Are Not Assumed; (3) Waiving the 14-Day Stay Periods Set Forth in Bankruptcy Rules 6004(h) and 6006(d); And (4) Granting Related Relief* [ECF 177].

[5] The "Final DIP Order" refers to the *Final Order: (I) Authorizing The Debtors To (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105,361, 362 and 364, and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. § 361, 362, 363 and 364; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364; And (III) Granting Related Relief* [ECF 87].

4

106498481\V-1

pay the "full amount of Radians' pre-bankruptcy secured debt" [Docket No. 177 at ¶11], as part of the closing of the sale transaction. Specifically, paragraph 11 provides:

> "In accordance with the Bidding Procedures Order, concurrently with the Closing, the Escrow Agent shall pay to Radians out of the Purchase Price (i) the full amount Radians' pre-bankruptcy secured debt, plus (ii) the full amount then drawn by the Debtors against the DIP Facility (collectively the 'Radians Payoff Amount'), plus (iii) the Break of Fee of $500,000.00. [...] The payment to Radians at the Closing in the amount of the Radians Payoff Amount, including accrued interest from and after October 31, 2017, and the Breakup Fee out of the Purchase Price shall constitute a **complete satisfaction of all outstanding indebtedness owing by the Debtors to Radians as of the date of payment**, and extinguishment of the pre- and post-petition liens owning by the Debtors to Radians as of the date of payment and extinguishment of the pre- and post-petition liens and security interests on the Purchase Assets of the Debtors' bankruptcy estates as granted to Radians."

Docket No. 177 at ¶ 11 (emphasis added).

As evidenced by the Debtors' Statement of Sale Closing, the transaction escrow agent paid the entire required "Radians Payoff Amount" of $5,343,988.19 on or about November 14, 2017. Docket No. 237, at 3. As a result, there is no dispute that the Debtors paid the Radians' claim in full upon the sale closing in accordance with Radians' payoff statement and that such payoff constituted "complete satisfaction of all outstanding indebtedness." [Docket No . 237]. Absent a valid and timely proof of claim asserting rights beyond those subject to the payoff, Radians is not a secured creditor whose rights can be deemed impaired under 11 U.S.C. § 506(d).

Neither Radians' Claim No. 20-1 (Nevada) nor Claim No. 7-1 (California) seek contingent indemnification for expenses other than those arising from the Debtors' pre-petition default. Despite this failure by Radians, the Plan Proponents have classified this contingent and disputed claim as the sole class 3 claim under the Amended Plan. Specifically, the Amended Plan provides for the payment in full of Radians' allowed class 3 claim, and the Amended Plan leaves unaltered the legal, equitable, and contractual rights of Radians. Given that, at this time, Radians' alleged indemnity claim is disputed, the Plan Proponents have established a very significant reserve of $600,000 for the payment in full of any allowed class 3 claim. Thus, class 3 is unimpaired (*see* 11 U.S.C. § 1124), and the establishment of a reserve to pay in full disputed claims which are later deemed allowed does not render such claims impaired; rather, it supports the determination that such claims are unimpaired. See *In re Best Payphones, Inc.*, 2016 WL

164900, at *1 (Bankr. S.D.N.Y., Jan 13, 2016) (discussing and referencing confirmed plan that left all classes unimpaired, and provided that money needed to cover disputed claims would be held in escrow and paid to creditor to the extent the claim was allowed); *see also In re Chateaugay Corp.*, 10 F.3d 944, 960 (2d Cir. 1993) (describing confirmed plan as one which required reserves to be established for timely-filed, disputed and pending claims that are in classes categorized as being unimpaired); *see also In re Smith*, 123 B.R. 863, 867 (Bankr. C.D. Cal. 1991) ("[A] plan may limit payment of claims to 'the extent allowed,' without impairing them; for until claims are allowed, or deemed allowed, the holders thereof are not entitled to distribution from the bankruptcy estate.").

Additionally, to the extent that Radians still objects to the Amended Plan, Radians' Objection should be overruled for at least four reasons.

First, as set forth above, the Debtors paid Radians' pre-petition claim, as evidenced by its filed proofs of claim and the Sale Order in full upon the sale closing, and, thus, Radians does not have an unsatisfied claim against the Debtors. Specifically, pursuant to the Sale Order, the Debtors paid Radians $5,343,988.19, plus a $500,000 break-up fee. Docket No . 237. At the moment the Debtors paid Radians, the Debtors had complied with the Sale Order and Radians ceased to be a creditor of the estate. Neither prior to the Sale Order, nor subsequently did Radians seek to amend its proofs of claim to assert the new claim for indemnification for anticipated expenses arising from potential litigation by the OCEH. Since the Committee has not challenged the post-petition DIP Facility claim or indebtedness, and such was also paid by the Radians Payoff Amount, there is literally no allowable claim to impair.

Second, Radians does not have a lien to preserve under the prepetition loan documents because the underlying debt was paid off and there was no contingency component of its proofs of claim. Specifically, Radians' assertion that it is "entitled to assert a lien against the Remaining Estate Funds in accordance with its rights under the Loan Documents […] [including] its right to indemnity under the Loan Documents," must be rejected. *See* Radians' Objection at 4-5. There are no contingencies listed or described in Radians' Claim Nos. 7-1 (Nevada) and 20-1 (California) which could change the amount due from the Debtors. Instead, "legal fees incurred

6

106498481\V-1

related to default" are fixed at $38,394. The Radians' Claims were not amended, thus, Radians' substantive entitlement to legal fees arising from the litigation over the pre-petition entitlements are barred. *See In re Osborne, supra.*

Third, both the Sale Order and the Final DIP Order preserve Radians' claims asserted in their Claim Nos. 7-1 (Nevada) and 20-1 (California), but they do not expand their rights or excuse the obligation to have filed a proof of claim to preserve prepetition claims. Specifically, Radians' entitlement to attorneys' fees was not expanded under the Sale Order (which preserves all of the Debtors' defenses). Since Radians' indemnification claim is prepetition claim arising under the prepetition loan agreements and they failed to preserve their indemnification claim, Radians is time barred from asserting the claim in this instance.

Fourth, while the Plan Proponents dispute any entitlement because Radians' claim has been paid (so there is no impairment of their rights to have been paid under the Sale Order), the Plan Proponents have set aside a buffer reserve of $600,000 for Radians' attorneys' fees in the unlikely event that Radians prevails in the underlying litigation and successfully asserts an amendment to its proof of claim to be satisfied by a class 3 payment.

## IV.

## CONCLUSION

WHEREFORE, the Plan Proponents respectfully request that the Court (i) overrule the Objections, (ii) confirm the Amended Plan, and (iii) grant such further relief as the Court deems just and proper.

| ICPW LIQUIDATION CORPORATION, *et al.* | OFFICIAL COMMITTEE OF EQUITY HOLDERS |
|---|---|
| By: /s/ RON BENDER<br>KRIKOR J. MESHEFEJIAN<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>Attorneys for Chapter 11 Debtors and Debtors in Possession | By: _____<br>TANIA M. MOYRON<br>SAMUEL R. MAIZEL<br>DENTONS US LLP<br>Attorneys for the Official Committee of Equity Holders |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

106498481\V-1

related to default" are fixed at $38,394. The Radians' Claims were not amended, thus, Radians' substantive entitlement to legal fees arising from the litigation over the pre-petition entitlements are barred. *See In re Osborne, supra.*

Third, both the Sale Order and the Final DIP Order preserve Radians' claims asserted in their Claim Nos. 7-1 (Nevada) and 20-1 (California), but they do not expand their rights or excuse the obligation to have filed a proof of claim to preserve prepetition claims. Specifically, Radians' entitlement to attorneys' fees was not expanded under the Sale Order (which preserves all of the Debtors' defenses). Since Radians' indemnification claim is prepetition claim arising under the prepetition loan agreements and they failed to preserve their indemnification claim, Radians is time barred from asserting the claim in this instance.

Fourth, while the Plan Proponents dispute any entitlement because Radians' claim has been paid (so there is no impairment of their rights to have been paid under the Sale Order), the Plan Proponents have set aside a buffer reserve of $600,000 for Radians' attorneys' fees in the unlikely event that Radians prevails in the underlying litigation and successfully asserts an amendment to its proof of claim to be satisfied by a class 3 payment.

## IV.

## CONCLUSION

WHEREFORE, the Plan Proponents respectfully request that the Court (i) overrule the Objections, (ii) confirm the Amended Plan, and (iii) grant such further relief as the Court deems just and proper.

| ICPW LIQUIDATION CORPORATION, *et al.* | OFFICIAL COMMITTEE OF EQUITY HOLDERS |
|---|---|
| By: _____<br>RON BENDER<br>KRIKOR J. MESHEFEJIAN<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>Attorneys for Chapter 11 Debtors and Debtors in Possession | By: /s/Tania M. Moyron<br>TANIA M. MOYRON<br>SAMUEL R. MAIZEL<br>DENTONS US LLP<br>Attorneys for the Official Committee of Equity Holders |

7

106498481\V-1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017:

A true and correct copy of the foregoing document entitled (*specify*): **OMNIBUS REPLY TO OBJECTIONS TO DEBTORS' AND OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' JOINT PLAN OF LIQUIDATION DATED JANUARY 12, 2018** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 9, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Shiva D Beck    sbeck@gardere.com, jcharrison@gardere.com
- Ron Bender    rb@lnbyb.com
- Cathrine M Castaldi    ccastaldi@brownrudnick.com
- Russell Clementson    russell.clementson@usdoj.gov
- Aaron S Craig    acraig@kslaw.com, lperry@kslaw.com
- Matthew A Gold    courts@argopartners.net
- Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com
- Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Samuel R Maizel    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Tania M Moyron    tania.moyron@dentons.com, derry.kalve@dentons.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Susan K Seflin    sseflin@brutzkusgubner.com
- John M Stern    john.stern@oag.texas.gov, bk-mbecker@oag.texas.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com;geri.anderson@bryancave.com
- Douglas Wolfe    dwolfe@asmcapital.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **February 9, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 9, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

105437348\V-1

**BY PERSONAL DELIVERY**
Hon. Martin R. Barash
US Bankruptcy Court
Central District of California
21041 Burbank Blvd., Suite 342/Ctrm. 303
Woodland Hills, CA  91367

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 9, 2018 | Christina O'Meara | /s/Christina O'Meara |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

105437348\V-1

**SERVED BY U.S. MAIL:**

| | | |
|---|---|---|
| **Secured Creditor**<br>Radians Wareham Holding, Inc.<br>Attn: Mike Tutor, CEO<br>5305 Distriplex Farms<br>Memphis, TN 38141 | **Counsel to Radians Wareham Holdings**<br>E. Franklin Childress, Jr.<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC<br>165 Madison Ave, Suite 2000<br>Memphis, Tennessee 38103 | U.S. Securities and Exchange Commission<br>Attn: Bankruptcy Counsel<br>444 South Flower Street, Suite 900<br>Los Angeles, CA 90071-9591 |
| CRG Financial LLC<br>100 Union Avenue<br>Cresskill, NJ 07626 | | |
| **Governmental Agencies** | | |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Franchise Tax Board<br>Bankruptcy Section, MS: A-340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | State Board of Equalization<br>Account Information Group, MIC: 29<br>P.O. Box 942879<br>Sacramento, CA 94279-0029 |
| Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 | Office of Unemployment Compensation Tax Services<br>Department of Labor and Industry<br>Commonwealth of Pennsylvania<br>651 Boas Street, Room 702<br>Harrisburg, PA 17121 | |
| **Equity Holders - SERVED BY EMAIL** | | |
| Patrick W. O'Brien<br>301 Whitmore Lane<br>Lake Forest, IL 60045-4707<br>Email: obrien.pat@me.com | Ronald Chez<br>1524 N. Astor Street<br>Chicago, IL 60610<br>Email: rlchez@rcn.com | Scott Jarus<br>938 Duncan Avenue<br>Manhattan Beach, CA 90266<br>Email: scott.jarus@verizon.net |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

105437348\V-1

F 9013-3.1.PROOF.SERVICE