1  Shiva Delrahim Beck (SBN 228841)
   Email: sbeck@gardere.com
2  Todd A. Murray (*Pro Hac Vice*)
   Email: tmurray@gardere.com
3  Thomas C. Scannell (*Pro Hac Vice*)
   Email: tscannell@gardere.com
4  GARDERE WYNNE SEWELL LLP
5  2021 McKinney Avenue, Suite 1600
   Dallas, Texas 75201
6  (214) 999-3000
7  (214) 999-4667 (fax)

8  Attorneys for William M. Aisenberg and Jeffrey Cordes
9

10              **UNITED STATES BANKRUPTCY COURT**

11            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12                  **SAN FERNANDO VALLEY DIVISION**

13

| | |
|---|---|
| In re: | Lead Case No. 1:17-bk-12408-MB |
| ICPW Liquidation Corporation, a California corporation,[1] | Jointly administered with: 1:17-bk-12409-MB |
| Debtor and Debtor in Possession. | Chapter 11 Cases |
| In re: | **AMENDED JOINT STIPULATION RELATING TO DIRECTORS & OFFICERS INSURANCE POLICIES** |
| ICPW Liquidation Corporation, a Nevada corporation,[2] | |
| Debtor and Debtor in Possession. | |
| [x] Affects both Debtors | |
| [ ] Affects ICPW Liquidation Corporation, a California corporation only | |
| [ ] Affects ICPW Liquidation Corporation, a Nevada corporation only | |

---

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

Jeffrey Cordes and William M. Aisenberg (collectively, "Insureds"), hereby enter into this amended stipulation (the "Amended Stipulation") with ICPW Liquidation Corporation, a California corporation, formerly known as Ironclad Performance Wear Corporation, a California corporation and ICPW Liquidation Corporation, a Nevada corporation, formerly known as Ironclad Performance Wear Corporation, a Nevada corporation (collectively, the "Debtors") and the Official Committee of Equity Holders ("OCEH"), by and through their respective undersigned counsel of record attorney, in reference to the following facts:

## RECITALS

1. On September 8, 2017 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the title 11 of the United States Code, et seq. (the "Bankruptcy Code"). [Docket No. 1].

2. On September 12, 2017, the Court entered an order granting the Debtor's motion to approve the joint administration of the two chapter 11 cases. [Docket No. 25].

3. On October 3, 2017, Mr. Cordes timely filed his proof of claim with the Bankruptcy Court as Claim No. 8-1, asserting a claim in the amount of $166,906.75, which includes $12,850.00 as a priority claim (the "Cordes Claim").

4. On October 3, 2017, Mr. Aisenberg timely filed his proof of claim with the Bankruptcy Court as Claim No. 7-1, asserting a claim in the amount of $129,406.75, which includes $12,850.00 as a priority claim (the "Aisenberg Claim").

5. As of the Petition Date, the Debtors held a professional liability insurance policy through QBE Insurance Corporation, policy number QPL019727, covering the period of May 11, 2017 through June 1, 2018 (the "D&O Policy") [Docket Nos. 133-1, 133-2].

6. The D&O Policy provides[3] the following coverage to the insureds: (i) the Insurer shall pay, on behalf of an Insured, Loss on account of a Claim first made during the Policy Period to the extent that such Loss has not been paid or indemnified by any Company; (ii) the Insurer shall pay, on behalf of a Company, Loss on account of a Claim first made

---

[3] To the extent there is any discrepancy between the terms of the D&O Policy and the terms of any portion of this Amended Stipulation, the terms of the D&O Policy shall govern.

2

Case 1:17-bk-12408-MB    Doc 462    Filed 03/01/18    Entered 03/01/18 11:24:43    Desc
Main Document    Page 3 of 10

during the Policy Period to the extent the Company pays or indemnifies an Insured Person for such Loss; and (iii) the Insurer shall pay, on behalf of a Company, Loss on account of a Securities Claim, and Defense Costs on account of a Securityholder Derivative Demand Investigation, first made during the Policy Period.[4]

7. Section XVIII of the D&O Policy provides: "(A) Bankruptcy or insolvency of any Insured shall not relieve the Insurer of its obligations nor deprive the Insurer of its rights or defenses under this Policy.  (B) The coverage provided by this Policy is intended first and foremost for the benefit and protection of Insured Persons.  In the event a liquidation or reorganization proceeding is commenced by or against a Company pursuant to United States bankruptcy law: (1) the Company and the Insureds hereby agree not to oppose or object to any efforts by the Insurer, the Company or an Insured to obtain relief from any stay or injunction issued in such proceeding; and (2) the Insurer shall first pay Loss on account of a Claim for a Wrongful Act occurring prior to the date such liquidation or reorganization proceeding commences, and then pay Loss in connection with a Claim for a Wrongful Act occurring after the date such liquidation or reorganization proceeding commences."

8. The term "Claim" under the D&O Policy shall include, but is not limited to, (i) an investigation, evidenced by any written document, including a subpoena, target letter or search warrant, against an Insured Person for a Wrongful Act; (ii) a civil or criminal proceeding, evidenced by the service of a complaint or similar pleading in a civil proceeding

9. Mr. Cordes and Mr. Aisenberg are "insured" persons under the D&O Policy. [Docket Nos. 133-1, 133-2].  The D&O Policy provides coverage for insured persons with respect to legal expenses incurred as a result of any investigation conducted by the Debtors or any governmental agency of the insured, and any breach of duty claims pursued by the Debtors or shareholders against the insured.  [Docket Nos. 133-1, 133-2].

10. On October 20, 2017, Movants file the Motion for Relief.  [Docket Nos. 132-136].  The Motion for Relief sought the following relief: (i) to proceed with the AAA

---

[4] Capitalized terms in paragraphs 6-8 only shall have the meaning ascribed to such terms as in the D&O Policy.

Case 1:17-bk-12408-MB    Doc 462    Filed 03/01/18    Entered 03/01/18 11:24:43    Desc
Main Document    Page 4 of 10

Proceeding[5] and (ii) to pursue insurance coverage proceeds to which [Movants] may be, or may become, entitled. (Motion for Relief at 7:21-22).

11. On October 24, 2017, Movants were served with subpoenas to produce documents by the United States Securities and Exchange Commission ("SEC") in connection with an investigation by the SEC of Ironclad Performance Wear Corp., FW-04203.

12. A hearing (the "November 15th Hearing") on the Motion for Relief was held on November 15, 2017 at 1:30 p.m.

13. The Motion was bifurcated into two separate matters to address (i) issues related to certain D&O Policies, which was continued to December 12, 2017 at 1:30 p.m. and (ii) issues related to whether the arbitration proceeding should proceed outside the purview of the Bankruptcy Court, specifically with reference to the claims and/or defenses of the Debtors' estates against Movants, which was held on February 27, 2018.

14. At the November 15th Hearing, the Court requested that the parties meet and confer and come up with an interim request in connection with the amount of reimbursement sought by Claimants.

15. As a result, Claimants, the Debtors, and the OCEH agreed on a certain amount to be released to Claimants in accordance with the D&O Policy on an interim basis, without prejudice to Claimants' rights to seek further amounts under the D&O Policy (the "Joint Stipulation") [Docket No. 300].

16. On December 11, 2017, the Court entered an Order Approving Joint Stipulation Relating To Directors & Officers Insurance Policies [Docket No. 331].

17. On January 26, 2018, the OCEH filed a Complaint against Claimants (the "Adversary Proceeding") [Docket No. 421].

18. Claimants, the Debtors, and the OCEH have agreed to amend the Joint Stipulation.

---

[5] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term as the Motion for Relief.

4

**NOW THEREFORE**, subject to the approval of the Bankruptcy Court, Claimants, the Debtors, and the OCEH hereby agree as follows:

## **AMENDED STIPULATION AND AGREEMENT**

Paragraph "A" of the Joint Stipulation is hereby amended as follows[6]:

    A.    <u>D&O Policy Reimbursement</u>. Claimants shall be permitted to use the proceeds of the D&O Policy to obtain reimbursement for the expenses they incurred or will incur on account of the Claims filed with the Insurer in the amount of $400,000, in the aggregate, on an interim basis, without prejudice to seek further amounts. For purposes of this stipulation, and without prejudice to Claimants' rights, Claims refer solely to the investigation, any proceedings initiated by the SEC, and the Adversary Proceeding. Claimants reserve their rights to expand their permitted use of proceeds and/or right to indemnification to other Claims by first, proposing a stipulation and proposed order to counsel for the OCEH and Debtors via email. If counsel for the OCEH or Debtors does not provide an agreement or comments to the proposed stipulation within four (4) business days after the initial request is made, Claimants may file a "Notice of Request to Seek D&O Reimbursement" (the "<u>Notice of D&O Request</u>") with the Bankruptcy Court (to the extent the Bankruptcy Cases are still pending). Parties in interest will have five (5) business days to file a response to the Notice of D&O Request. If a response is not timely filed, Claimants may file a Notice of Non-Opposition to the Notice of D&O Request and have the Bankruptcy Court enter a further order, expanding the use of proceeds to other Claims. If a response is filed, the Court shall set a hearing on the Notice of D&O Request within fourteen (14) calendar days.

---

[6] All other terms and conditions of the Joint Stipulation are unamended and remain in full force and effect.

**STIPULATED AND AGREED TO AS OF FEBRUARY 28, 2018**

| **William M. Aisenberg and Jeffrey Cordes** | **ICPW Liquidation Corporation,** *et al.* |
|---|---|
| By their counsel of record | By their counsel of record |
| GARDERE, WYNNE, SEWELL LLP | LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P. |

By: */s/ Shiva Delrahim Beck*
 Todd A. Murray
 Shiva Delrahim Beck
 Thomas C. Scannell

By:
 Ron Bender
 Monica Y. Kim
 Krikor J. Meshefejian

**Official Committee of Equity Holders**

By their Special Litigation Counsel

SOLOMON & CRAMER LLP

By:
 Andrew Solomon

1 | **STIPULATED AND AGREED TO AS OF FEBRUARY 28, 2018**

| **William M. Aisenberg and Jeffrey Cordes** | **ICPW Liquidation Corporation,** *et al.* |
|---|---|
| By their counsel of record | By their counsel of record |
| GARDERE, WYNNE, SEWELL LLP | LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P. |
| By: */s/ Shiva Delrahim Beck* <br> Todd A. Murray <br> Shiva Delrahim Beck <br> Thomas C. Scannell | By: _____ <br> Ron Bender <br> Monica Y. Kim <br> Krikor J. Meshefejian |

**Official Committee of Equity Holders**
By their Special Litigation Counsel

SOLOMON & CRAMER LLP

By:   */s/ Andrew Solomon*
      Andrew Solomon

**STIPULATED AND AGREED TO AS OF FEBRUARY 28, 2018**

| **William M. Aisenberg and Jeffrey Cordes** | **ICPW Liquidation Corporation,** *et al.* |
|---|---|
| By their counsel of record | By their counsel of record |
| GARDERE, WYNNE, SEWELL LLP | LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P. |
| By: */s/ Shiva Delrahim Beck*<br>    Todd A. Murray<br>    Shiva Delrahim Beck<br>    Thomas C. Scannell | By: _____<br>    Ron Bender<br>    Monica Y. Kim<br>    Krikor J. Meshefejian |

**Official Committee of Equity Holders**

By their Special Litigation Counsel

SOLOMON & CRAMER LLP

By: /s/ Andrew Solomon
      Andrew Solomon

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201.

A true and correct copy of the foregoing document described as **AMENDED JOINT STIPULATION RELATING TO DIRECTORS & OFFICERS INSURANCE POLICIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 1, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

- Ron Bender: rb@lnbyb.com (counsel to Debtors)
- Cathrine M Castaldi: ccastaldi@brownrudnick.com (counsel to Creditors' Committee)
- Russell Clementson: russell.clementson@usdoj.gov (counsel to United States Trustee)
- Aaron S Craig: acraig@kslaw.com, lperry@kslaw.com (Big Time Products, LLC)
- Matthew A Gold: courts@argopartners.net (counsel to Argo Partners)
- Monica Y Kim: myk@lnbrb.com, myk@ecf.inforuptcy.com (counsel to Debtors)
- Jeffrey A. Krieger: jkrieger@ggfirm.com, kwoodson@greenbergglusker.com; calendar@greenbergglusker.com, jking@greenbergglusker.com (counsel to Brighton-Best International)
- Samuel R. Maizel: Samuel.maizel@dentons.com, Alicia.aguilar@dentons.com, docket.general.lit.LOS@dentons.com, Tania.moyron@dentons.com (counsel to Equity Security Holders' Committee)
- Krikor J Meshefejian: kjm@lnbrb.com (counsel to Debtors)
- Tania M Moyron: tania.moyron@dentons.com, chris.omeara@dentons.com (counsel to Equity Security Holders' Committee)
- S Margaux Ross margaux.ross@usdoj.gov (counsel to United States Trustee)
- Susan K. Seflin sseflin@brutzkusgubner.com (counsel to Financial Advisor Province)
- John M. Stern john.stern@oag.texas.gov, bk-mbecker@oag.texas.gov (Creditor Texas Comptroller of Public Accountants)
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov (United States Trustee)
- Sharon Z. Weiss: sharon.weiss@bryancave.com, raul.morales@bryancave.com (Radians Wareham Holdings, Inc.)

7

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 1, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| **Debtor** | **Debtor** |
|---|---|
| ICPW Liquidation Corporation, | ICPW Liquidation Corporation, |
| a CA corporation | a Nevada corporation |
| 15260 Ventura Blvd., 20th Floor | 15260 Ventura Blvd., 20th Floor |
| Sherman Oaks, CA 91403 | Sherman Oaks, CA 91403 |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 1, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy – VIA OVERNIGHT**

Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: March 1, 2018                             By: */s/ Shiva Delrahim Beck*
                                                                    Shiva Delrahim Beck

Gardere01 - 11157864v.6

8