Andrew T. Solomon
*Admitted Pro Hac Vice*
SOLOMON & CRAMER LLP
1441 Broadway, Suite 6026
New York, NY 10018
Telephone:    (212) 884-9102
Facsimile:    (516) 368-3896

Attorneys for the Official Committee of Equity Security Holders

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ICPW Liquidation Corporation, a California corporation,[1]<br><br>        Debtor and Debtor in Possession. | Case No. 1:17-bk-12408-MB<br>Jointly administered with:<br>Case No. 1:17-bk-12409-MB<br><br>Chapter 11 |
| In re:<br><br>    ICPW Liquidation Corporation, a Nevada corporation,[2]<br><br>        Debtor and Debtor in Possession. | **FIRST AND FINAL INTERIM APPLICATION OF SOLOMON & CRAMER LLP FOR APPROVAL OF FEES AND REIMBURSEMENT OF EXPENSES; DECLARATION OF ANDREW T. SOLOMON IN SUPPORT THEREOF** |
| Affects:<br><br>☒ Both Debtors<br><br>☐ Ironclad Performance Wear Corporation, a California corporation<br><br>☐ Ironclad Performance Wear Corporation, a Nevada corporation. | Hearing:<br>Date:    April 24, 2018<br>Time:    2:30 p.m.<br>Place:   Courtroom "303"<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA |

---

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

1    Solomon & Cramer LLP ("S&C"), Special Counsel to the Board of Trustees f/k/a the

2   Equity Committee of the Trust created pursuant to the Debtors and Official Committee of Equity

3   Security Holders Joint Plan of Liquidation dated February 9, 2018 (the "Plan"), and that certain

4   trust agreement dated as of February 28, 2018, entered into by and among the Trustee, ICPW

5   Liquidation Corporation, a California corporation, formerly known as Ironclad Performance

6   Wear Corporation, a California corporation ("ICPW CA"), and ICPW Liquidation Corporation, a

7   Nevada corporation ("ICPW NV"), formerly known as Ironclad Performance Wear Corporation,

8   a Nevada corporation (collectively, the "Debtors"), and the Trust Board established under the

9   Plan and the Trust Agreement, hereby submits this Application seeking an interim and final

10  award for S&C's attorneys' fees in the amount of $62,208.75, contract paralegal expenses of

11  $1,375.00, and expenses of $1,437.05 incurred during the period of November 29, 2017 (the

12  effective date of the Equity Committee's employment of S&C) through February 28, 2018 (the

13  "Covered Period").

14    Any opposition or responsive papers must be filed and served at least fourteen (14) days

15  prior to the hearing on this Fee Application in the form required by Local Bankruptcy Rule 9013-

16  1(f).

17  **I.    Summary of Request**

18    The Equity Committee hired S&C as Special Counsel to provide legal services and

19  advice relating to the Debtors' potential claims against Debtors' former officers, directors,

20  accountants, auditors, and others.  In connection with these matters, during the Covered Period,

21  S&C incurred legal fees of $62,208.75, paraprofessional fees of $1,375.00, plus expenses of

22  $1,437.05 and, therefore, requests a total payment of $65,020.80.

23    S&C did not receive any retainer, so all amounts requested are unpaid.

24

FIRST AND FINAL INTERIM APPLICATION OF SOLOMON & CRAMER LLP
FOR APPROVAL OF FEES AND REIMBURSEMENT OF EXPENSES;
DECLARATION OF ANDREW T. SOLOMON IN SUPPORT THEREOF

2

1    S&C has not filed any prior fee application.

2    In support of the Application, S&C respectfully states as follows:

3    **II.    A Brief Narrative History and Report Concerning the Status of the Case**

4    On September 8, 2017, ICPW CA (Case No. 1:17-bk-12048-MB) and ICPW NV (1:17-

5    bk-12049-MB) filed voluntary petitions for relief under Chapter 11 of the United States Code.

6    The cases are being jointly administered.  [Dkt 25].

7    On September 20, 2017, the United States Trustee filed a notice appointing an Equity

8    Committee to represent the interests of the shareholders of the Debtors.  [Dkt 59].

9    On October 3, 2017, the Jeffrey Cordes and William Aisenberg (the "Former Officers")

10   filed proofs of claim against the Debtors (Claim Nos. 7-1 and 8-1) (the "Proofs of Claim").  In

11   their Proofs of Claim, the Former Officers asserted claims to recover the severance payments

12   sought in the arbitration proceeding they commenced one day prior to the Petition Date –

13   Aisenberg (Claim No. 7-1) in the amount of $129,406.75; Cordes (Claim No. 8-1) in the amount

14   of $166,906.75.

15   On October 20, 2017, the Former Officers filed a motion requesting relief from the

16   automatic stay imposed by § 362 of the Bankruptcy Code to (a) pursue their arbitration claims

17   against the Debtor and (b) to seek insurance coverage payments from the Debtors' D&O

18   insurance policy (the "Relief from Stay Motion") [Docket Nos. 132-33, 136]. The Relief from

19   Stay Motion attached copies of the Former Officers' Indemnification Agreements as exhibits.

20   On November 3, 2017, the Court approved the sale of the Debtors' business to Brighton-

21   Best International, Inc., which sale closed on November 14, 2017 [Dkt 177].  Following the sale,

22   the Debtors effectively ceased all operating businesses and began liquidating.

23

24

First And Final Interim Application Of Solomon & Cramer LLP
For Approval Of Fees And Reimbursement Of Expenses;
Declaration Of Andrew T. Solomon In Support Thereof

3

On January 26, 2018, the Equity Committee filed an objection to the Proofs of Claim filed by the Former Officers and complaint against the Former Officers commencing Adversary Proceeding No. 1:18-ap-01011-MB (the "Adversary Proceeding").

On February 9, 2018, the Debtors and the Equity Committee jointly filed Debtors and Official Committee of Equity Security Holders Joint Plan of Liquidation Dated February 9, 2018 (the "February 9 Plan") [Dkt. 438].  On February 13, 2018, the Court entered an order confirming the Plan.  [Dkt. 442].  Under the Plan, the Court authorized the creation of the Trust for the benefit of the former shareholders of the Debtors.  The Trust's purpose is to pursue all claims and causes of action that belong to the Debtors' bankruptcy estates.  S&C is Special Counsel, hired to assist the Trust in pursuing such claims.

**III.    Employment of S&C**

On December 19, 2017, the Court entered an order granting the Equity Committee standing to pursue claims against the Former Officers on behalf of the Debtors' estates [Dkt 357].

On December 19, 2017, on notice of motion [Dkt 356] the Equity Committee filed an application to appoint S&C as Special Litigation counsel to the Official Committee of Equity Security Holders *Nunc Pro Tunc* as of November 29, 2017 [Dkt 354].  Andrew Solomon, managing partner of S&C, submitted a Declaration in support of the application.  [Dkt 355]. Under the proposed terms of retention, S&C agreed to provide legal services at a 25% discount off standard rates.  With the discount, the agreed (and later approved) rates are:

> Andrew T. Solomon (Partner) - $337.50/Hr.
> Jennifer Cramer (Partner) - $225/Hr.
> Rebecca Zawisky (of counsel) - $187.50/Hr.
> Other contract attorneys for discovery: $125/Hr.

On January 1, 2018, the Court granted the Equity Committee's application to employ S&C as Special Litigation Counsel effective November 29, 2017, with any hourly compensation

First And Final Interim Application Of Solomon & Cramer LLP
For Approval Of Fees And Reimbursement Of Expenses;
Declaration Of Andrew T. Solomon In Support Thereof

4

or cost reimbursement pursuant to 11 U.S.C. §§ 330 and 331, and contingency fee compensation, pursuant to 11 U.S.C. § 328(a), to be paid in such amounts as may be allowed by the Court upon proper application or applications.  [Dkt 372].

## IV.    Amount of Fees and Expenses Previously Requested

This is S&C's first request for legal fees and expenses.  The request covers the period November 29, 2017 to April 1, 2018 and seeks $65.020.80.

## V.    Brief Narrative Statement of the Services Rendered and the Time Expended During the period Covered by the Application

S&C has provided legal services and advice as to the following matters:

- Advised re. Insurance coverage under the D&O Policy in connection with matters related to the Former Officers, the Relief from Stay Motion, and the Adversary Proceeding;

- Analyzed and advised regarding the Proofs of Claim filed by the Former Officers;

- Advised re. forum issues relating to the claims and defenses involving Former Officers;

- Provided regular status updates to Equity Committee members;

- Coordinated and corresponded with counsel to the Equity Committee, Dentons US LLP ("Dentons"), with respect to filings involving the Former Officers, including, but not limited to, the Relief from Stay Motion, the D&O Policy, and Adversary Proceeding;

- Advised Equity Committee on settlement of claims against corporate counsel to the Debtors;

- Assisted in response to SEC inquiries;

First And Final Interim Application Of Solomon & Cramer LLP
For Approval Of Fees And Reimbursement Of Expenses;
Declaration Of Andrew T. Solomon In Support Thereof

5

- Advised re. potential claims and defenses re. Debtors' former public accounting firm;

- Advised regarding potential litigation against various third parties;

- Prepared, Researched, and commenced the Adversary Complaint against Former Officers;

- Reviewed and collected documents at Debtors' office and interviewed witnesses;

- Assisted Dentons in motion to estimate claims of the Former Officers; and

- Advise re. disputes involving indemnification obligations to Former Officers.

## VI.    Detailed Listing of all Time Spent by the Professional on Matters for which Compensation is Sought

Attached as Exhibit A to the Declaration of Andrew T. Solomon ("Solomon Decl.") is a detailed presentation of the time, details and charges billed during the period.  Two full time attorneys at S&C worked on the matter:

Andrew T. Solomon ($337.50/Hr.):  131.1 hours, $44,246.25

Jennifer G. Cramer ($225.00/Hr.): 38.5 hours, $8,662.50

In addition, of counsel, Rebecca Zawisky ($187.50/hr) provided legal services in Texas: 49.6 hours, $9,300.  Ms. Zawisky's time details are provided in spreadsheets attached as Solomon Decl. Exhibit B.

## VII.    Detailed Listing of Actual and Necessary Expenses

Solomon Decl. Exhibit A also contains a detailed listing of the actual and necessary expenses paid by S&C in connection with this engagement.  A summary of those expenses is as follows:

First And Final Interim Application Of Solomon & Cramer LLP
For Approval Of Fees And Reimbursement Of Expenses;
Declaration Of Andrew T. Solomon In Support Thereof

6

| | | |
|---|---|---|
| Transportation: | $1,303.30 |
| Postage: | $69.25 |
| Travel Meals: | $35.50 |
| Telephone: | $0 |
| Photocopy: | $0 |
| Facsimile: | $0 |
| Messenger: | $0 |
| Computer Research: | $0 |

**VIII.    Description of the Professional Education and Experience of Each of the Individuals Rendering Services**

The qualification of Andrew T. Solomon, Jennifer G. Cramer, and Rebecca A. Zawisky were attached to the Declaration of Andrew T. Solomon [Dkt. 355], and are again attached hereto as Exhibit C.

**IX.    Source and Amount of Cash Available to Pay S&C Allowed Fees and Expenses.**

S&C seeks Court authority to be paid the whole amount or a partial amount from the "Remaining Estate Funds" in the amount of $13,829,001, as of December 31, 2017, as set forth in the February 9, 2018 Plan, which are being maintained by Levene, Neale, Bender, Yoo & Brill L.L.P. (the "Escrow Agent") at First Republic Bank in a segregated trust account.

**X.    Certifications**

The undersigned attorney has reviewed the requirements of LBR 2016-1 and this application complies with the rule.

WHEREFORE, S&C respectfully requests the entry of an order: (i) approving first and final allowance of fees in the amount of $62,208.75, contract paralegal expenses of $1,375.00,

First And Final Interim Application Of Solomon & Cramer LLP
For Approval Of Fees And Reimbursement Of Expenses;
Declaration Of Andrew T. Solomon In Support Thereof

7

1  and expenses in the amount of $1,437.05; and (ii) granting such other and further relief as the

2  Court deems is just and proper.

3

4  Dated this 3rd day of April 2018.

5

6                                              Respectfully yours,
                                               SOLOMON & CRAMER LLP
7                                              Special Counsel

8                                              /s/Andrew T. Solomon
                                               Andrew T. Solomon
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

First And Final Interim Application Of Solomon & Cramer LLP
For Approval Of Fees And Reimbursement Of Expenses;
Declaration Of Andrew T. Solomon In Support Thereof

8

## DECLARATION OF ANDREW T. SOLOMON

1.     I, Andrew T. Solomon, hereby declare as follows:

2.     I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

3.     I am the managing partner of Solomon & Cramer LLP ("S&C"), Special Counsel to the Official Committee of Equity Security Holders (the "Equity Committee") and now the litigation Trust created by the Equity Committee.  I am an attorney licensed to practice law in the States of New York and New Jersey.  I am admitted to practice in this Court *pro hac vice*.

4.     This declaration is submitted in support of the First Interim Application of Solomon & Cramer LLP for Approval of Fees and Reimbursement of Expenses (the "Fee Application") for services rendered and expenses incurred for the period of November 29, 2017 to April 1, 2018.  I am familiar with Local Bankruptcy Rule 2016-1.

5.     To the best of my knowledge, information and belief, all of the matters stated in the Fee Application are true and correct, and the Fee Application complies with all applicable statutes, rules, regulations, and procedures, including Local Bankruptcy Rule 2016-1.

6.     The amounts requested in the Fee Application for compensation of fees and reimbursement of expenses incurred are based on S&C's business records which are kept and maintained in the ordinary course of business.

7.     All expenses for outside services are based on actual expenses incurred except the monthly contract paralegal expense which are marked up $50/hour or 40% for profit, expenses, and overhead.

8.     Attached as Exhibit A is S&C invoice for services rendered and expenses incurred during the Covered Period.

9.      Attached as Exhibit B is the time detail for of counsel Rebecca A. Zawisky.

10.      Attached as Exhibit C are the resumes of the Professionals.

11.      I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 3rd day of April 2018, at New York, New York

/s/Andrew T. Solomon
Andrew T. Solomon
Special Counsel to the Trust Board

First And Final Interim Application Of Solomon & Cramer LLP
For Approval Of Fees And Reimbursement Of Expenses;
Declaration Of Andrew T. Solomon In Support Thereof

2

# EXHIBIT A

First And Final Interim Application Of Solomon & Cramer LLP
For Approval Of Fees And Reimbursement Of Expenses;
Declaration Of Andrew T. Solomon In Support Thereof

**Solomon & Cramer LLP**
1441 Broadway, Suite 6026
New York, NY 10018
United States
212-884-9102



**Matthew Pliskin**
1920 Hutton Court, Suite 300
Farmers Branch, TX, TX 75234

| | |
|---|---|
| **Balance** | $65,020.80 |
| **Invoice #** | 00250 |
| **Invoice Date** | April 2, 2018 |
| **Payment Terms** | Due on Receipt |
| **Due Date** | April 02, 2018 |

## Ironclad - Special Counsel to Equity Committee

For services rendered between
November 01, 2017 and February 28, 2018

### Time Entries

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 11/30/2017 | ATS | Administration | Call with Tania Moiron to discuss upcoming court events | 337.50 | 0.8 | 270.00 |
| 11/30/2017 | ATS | Case Analysis | Study insurance policy for coverage issues | 337.50 | 1.2 | 405.00 |
| 12/01/2017 | ATS | Case Analysis | Review of ██████████████; report to committee | 337.50 | 3.6 | 1,215.00 |
| 12/01/2017 | ATS | research | Research ███████ as to claims against officers and directors | 337.50 | 1.3 | 438.75 |
| 12/02/2017 | ATS | Phone Call | Call with Denton's lawyers to discuss ████ | 337.50 | 0.5 | 168.75 |
| 12/02/2017 | ATS | Case Analysis | Draft internal memo re. players and key events | 337.50 | 0.7 | 236.25 |
| 12/03/2017 | ATS | Case Analysis | Draft status update to Equity Committee | 337.50 | 0.4 | 135.00 |
| 12/03/2017 | ATS | Case Analysis | Update memo re. key players and events | 337.50 | 0.6 | 202.50 |
| 12/04/2017 | ATS | research | Research bankruptcy law issue of whether ████ ██████████. Research ██████ ████ re. employment agreement | 337.50 | 1.9 | 641.25 |
| 12/04/2017 | ATS | Administration | Call with CA counsel to discuss ████████ | 337.50 | 0.5 | 168.75 |
| 12/04/2017 | ATS | Case Analysis | Review public filings and investigative reports (1.0) | 337.50 | 1.0 | 337.50 |
| 12/04/2017 | ATS | research | Research ███████████ | 337.50 | 0.7 | 236.25 |
| 12/04/2017 | ATS | Fact Investigation | Phone call with M. DiGrigorio to interview re case | 337.50 | 0.5 | 168.75 |
| 12/05/2017 | ATS | Case Analysis | Review insurance draw stipulation and provide comments to counsel. | 337.50 | 0.3 | 101.25 |

| 12/05/2017 | ATS | Draft Pleadings | Research and draft objection to Aisenberg and Cordes' claim | 337.50 | 2.5 | 843.75 |
| 12/05/2017 | ATS | Phone Call | Call with Tania Moyron re. bankruptcy procedure | 337.50 | 0.4 | 135.00 |
| 12/06/2017 | ATS | research | Research prior quarterly and 10K results that had to be restated and prepare summary chart | 337.50 | 1.2 | 405.00 |
| 12/06/2017 | ATS | Draft Pleadings | Draft objection to Aisenberg's and Cordes's claim | 337.50 | 3.2 | 1,080.00 |
| 12/07/2017 | ATS | Correspondence | Review letter from QBE and draft responsive letter demanding coverage | 337.50 | 0.5 | 168.75 |
| 12/07/2017 | ATS | Phone Call | Call with P. O'Brien regarding status of case and ███████████████████ | 337.50 | 0.4 | 135.00 |
| 12/07/2017 | ATS | Phone Call | Call with T. Moyron regarding tasks and procedural issues | 337.50 | 0.4 | 135.00 |
| 12/07/2017 | ATS | Draft Pleadings | Research and draft objection to claims by Aisenberg and Cordes and adversary claims | 337.50 | 3.3 | 1,113.75 |
| 12/07/2017 | ATS | Draft Correspondence | Finalize letter to QBE re. insurance claim | 337.50 | 0.2 | 67.50 |
| 12/08/2017 | ATS | Correspondence | Draft cover memo and transmit Formal Order of Investigation to QBE | 337.50 | 0.2 | 67.50 |
| 12/08/2017 | ATS | Phone Call | Call with QBE to discuss coverage issues | 337.50 | 0.3 | 101.25 |
| 12/08/2017 | ATS | Draft Pleadings | Draft objection to claims and adversary claims | 337.50 | 2.8 | 945.00 |
| 12/08/2017 | ATS | Draft Pleadings | Edit court objections | 337.50 | 0.5 | 168.75 |
| 12/10/2017 | ATS | Phone Call | Call with S. Jarus and review ██████ | 337.50 | 0.6 | 202.50 |
| 12/11/2017 | ATS | Communications | Call with Kay Steelman to discuss investigation and prepare email re. call | 337.50 | 0.4 | 135.00 |
| 12/11/2017 | ATS | Case Analysis | Review SEC correspondence and follow up re. responses | 337.50 | 0.7 | 236.25 |
| 12/11/2017 | ATS | Phone Call | Conference call with Equity Committee | 337.50 | 0.5 | 168.75 |
| 12/11/2017 | ATS | Settlement | Settlement call with Scott Alderton | 337.50 | 0.2 | 67.50 |
| 12/11/2017 | ATS | Settlement | Follow up call with R. Chez re. ██████ | 337.50 | 0.2 | 67.50 |
| 12/12/2017 | ATS | Case Analysis | Prepare for Texas trip | 337.50 | 2.8 | 945.00 |
| 12/12/2017 | ATS | research | research ████████ | 337.50 | 0.9 | 303.75 |
| 12/13/2017 | ATS | Drafting Court Documents | Edit retention agreement | 337.50 | 0.4 | 135.00 |
| 12/13/2017 | ATS | Case Analysis | Review client documents on premises | 337.50 | 5.8 | 1,957.50 |
| 12/13/2017 | ATS | Phone Call | Call with Dentons attorneys to discuss ███ ██████ | 337.50 | 0.2 | 67.50 |
| 12/14/2017 | ATS | research | Research ████████ for claims against BDO | 337.50 | 0.3 | 101.25 |
| 12/14/2017 | ATS | Phone Call | Call with T. Moyron to discuss ██████ | 337.50 | 0.3 | 101.25 |
| 12/14/2017 | ATS | Meeting | Interview with Eric Yaeger | 337.50 | 1.5 | 506.25 |
| 12/14/2017 | ATS | Meeting | Interview with Tony Cecil to review work product from his investigation | 337.50 | 2.5 | 843.75 |
| 12/14/2017 | ATS | Draft Pleadings | Edit adversary complaint against former officers | 337.50 | 1.0 | 337.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/15/2017 | ATS | research | Analyze enforcement of ███████ clause for claim against ███ | 337.50 | 0.7 | 236.25 |
| 12/15/2017 | ATS | Draft Correspondence | Edit answers to SEC inquiries | 337.50 | 0.8 | 270.00 |
| 12/15/2017 | ATS | Case Analysis | Draft summary of findings and outline of certain answers to SEC | 337.50 | 2.5 | 843.75 |
| 12/17/2017 | ATS | Fact Investigation | Review emails to research █████ against former officers. | 337.50 | 1.5 | 506.25 |
| 12/18/2017 | JC | Legal research | Research █████████ for claims against former accounting firm | 225.00 | 0.4 | 90.00 |
| 12/18/2017 | ATS | Administration | Call with T. Moyron to go over bankruptcy proceedings | 337.50 | 0.2 | 67.50 |
| 12/19/2017 | ATS | Phone Call | Call with P O'Brien to go over ██████ | 337.50 | 0.4 | 135.00 |
| 12/19/2017 | ATS | Drafting Court Documents | Edit court applications for appointment of firm by bankruptcy court | 337.50 | 1.2 | 405.00 |
| 12/19/2017 | JC | Legal research | Research ███████ | 225.00 | 0.5 | 112.50 |
| 12/19/2017 | ATS | Discovery | Duplicate email server for transmission to Dentons | 337.50 | 0.2 | 67.50 |
| 12/19/2017 | ATS | Correspondence | Review claims and make recommendation re. Skadden | 337.50 | 0.4 | 135.00 |
| 12/20/2017 | ATS | research | Research █████ for claims against officers | 337.50 | 0.3 | 101.25 |
| 12/20/2017 | JC | Legal research | Research ██████████████. | 225.00 | 2.5 | 562.50 |
| 12/21/2017 | ATS | Fact Investigation | Email review of Cordes, Aisenberg and Felton for pleading | 337.50 | 3.6 | 1,215.00 |
| 12/21/2017 | ATS | Phone Call | Calls with equity committee members, P. O'Brien, R. Bender and T. Moyron re. professional fees | 337.50 | 0.9 | 303.75 |
| 12/21/2017 | JC | Legal research | Research █████. | 225.00 | 1.2 | 270.00 |
| 12/22/2017 | ATS | Drafting Court Documents | review stipulation re. legal fee settlement | 337.50 | 0.2 | 67.50 |
| 12/22/2017 | JC | Legal research | ████████ research for claims against former auditor | 225.00 | 0.5 | 112.50 |
| 12/22/2017 | ATS | Draft Pleadings | Review and edit claim against Cordes and Aisenberg | 337.50 | 1.4 | 472.50 |
| 12/27/2017 | ATS | Settlement | Work on settlement with Skadden and with Stubbs Alderton including several calls with T. Moryon | 337.50 | 1.2 | 405.00 |
| 01/02/2018 | ATS | Draft Pleadings | Edit objection to claims by Cordes and Aisenberg | 337.50 | 1.3 | 438.75 |
| 01/02/2018 | ATS | research | Research █████████████ ██████ for purposes of claim against BDO | 337.50 | 0.5 | 168.75 |
| 01/02/2018 | ATS | Draft Pleadings | Draft objection to Cordes/Aisenberg claim | 337.50 | 0.8 | 270.00 |
| 01/03/2018 | ATS | Draft Pleadings | Edit objections and adversary complaint versus Cordes and Aisenberg | 337.50 | 1.5 | 506.25 |
| 01/03/2018 | JC | Draft Memorandum of Law | Draft memo on █████ for claims against BDO | 225.00 | 1.1 | 247.50 |

| 01/03/2018 | ATS | Phone Call | Call with T. Moyron re. ███████ | 337.50 | 0.7 | 236.25 |
| 01/04/2018 | ATS | Draft Pleadings | Edit objection to claims by Cordes and Aisenberg and draft adversary claims | 337.50 | 1.9 | 641.25 |
| 01/05/2018 | ATS | Draft Pleadings | Edit objections and adversary complaint v. Cordes and Aisenberg | 337.50 | 1.6 | 540.00 |
| 01/05/2018 | ATS | research | Research ███████ for adversary complaint | 337.50 | 0.7 | 236.25 |
| 01/07/2018 | ATS | Case Analysis | Review emails and documents re. ███████ | 337.50 | 0.5 | 168.75 |
| 01/08/2018 | ATS | Phone Call | Call with T. Moyron regarding ███████ ███████ | 337.50 | 0.3 | 101.25 |
| 01/08/2018 | ATS | Correspondence | Correspondence with P. O'Brien re. ███████ ███████ | 337.50 | 0.2 | 67.50 |
| 01/08/2018 | ATS | Fact Investigation | Research and review emails provided by P. O'Brien regarding ███████ | 337.50 | 1.1 | 371.25 |
| 01/08/2018 | ATS | research | Draft research memo for Denton's associate re. ███████ | 337.50 | 0.8 | 270.00 |
| 01/08/2018 | JC | Draft Memorandum of Law | Draft memo on ███████ | 225.00 | 1.2 | 270.00 |
| 01/10/2018 | JC | Draft Memorandum of Law | Research and draft memo on ███████ analysis. | 225.00 | 3.2 | 720.00 |
| 01/10/2018 | ATS | Draft Pleadings | Edit objections and draft adversary claims against Cordes and Aisenberg | 337.50 | 3.0 | 1,012.50 |
| 01/12/2018 | ATS | Case Analysis | Review various aspects of the plan for purposes of ███████ | 337.50 | 0.4 | 135.00 |
| 01/12/2018 | ATS | Phone Call | Call with P. O'Brien to discuss ███████ | 337.50 | 0.3 | 101.25 |
| 01/16/2018 | ATS | research | Research j███████ issues with respect counterclaims | 337.50 | 1.3 | 438.75 |
| 01/16/2018 | ATS | Case Analysis | Advise client re. ███████ for claims against Cordes and Aisenberg | 337.50 | 0.7 | 236.25 |
| 01/16/2018 | JC | Draft Memorandum of Law | Draft ███████ memo; research ███████ ███████ | 225.00 | 2.5 | 562.50 |
| 01/17/2018 | JC | Draft Memorandum of Law | Revise memo on ███████ for claims against BDO | 225.00 | 0.5 | 112.50 |
| 01/17/2018 | JC | Legal research | Research ███████ affirmative defense | 225.00 | 0.5 | 112.50 |
| 01/17/2018 | ATS | Case Analysis | Advise committee re. ███████ | 337.50 | 0.3 | 101.25 |
| 01/17/2018 | ATS | Draft Pleadings | Edit adversary complaint and objection against Cordes & Aisenberg | 337.50 | 0.4 | 135.00 |
| 01/18/2018 | JC | Legal research | Research j███████ | 225.00 | 2.5 | 562.50 |
| 01/19/2018 | ATS | Draft Pleadings | Draft and edit objections and adversary claims | 337.50 | 0.8 | 270.00 |
| 01/19/2018 | ATS | Draft Pleadings | Draft and send list of additional claims to R. Zawisky for purposes of adversary drafting | 337.50 | 0.2 | 67.50 |
| 01/19/2018 | ATS | Correspondence | Draft second demand letter to potential defendants | 337.50 | 0.8 | 270.00 |

| 01/19/2018 | ATS | Draft Pleadings | Edit objections and complaint against Cordes and Aisenberg | 337.50 | 1.3 | 438.75 |
|---|---|---|---|---|---|---|
| 01/19/2018 | JC | Draft Pleadings | Revise and edit Objections for claims against Cordes & Aisenberg | 225.00 | 1.2 | 270.00 |
| 01/19/2018 | ATS | Legal research | Research ███████ | 337.50 | 0.7 | 236.25 |
| 01/20/2018 | ATS | Draft Pleadings | Edit statement of objection and adversary claims against Cordes and Aisenberg | 337.50 | 0.8 | 270.00 |
| 01/21/2018 | ATS | research | Research ███████ against Cordes and Aisenberg | 337.50 | 3.7 | 1,248.75 |
| 01/21/2018 | JC | Legal research | Research ███████ | 225.00 | 1.0 | 225.00 |
| 01/22/2018 | ATS | research | Research ███████ against Cordes and Aisenberg | 337.50 | 1.0 | 337.50 |
| 01/22/2018 | ATS | Phone Call | Call with P. O'Brien to discuss case | 337.50 | 0.4 | 135.00 |
| 01/22/2018 | JC | Draft Pleadings | Edit Objections to Claim by Cordes and Aisenberg | 225.00 | 1.7 | 382.50 |
| 01/22/2018 | ATS | Draft Pleadings | Edit objections and counterclaims re. Cordes and Aisenberg | 337.50 | 0.9 | 303.75 |
| 01/22/2018 | ATS | Phone Call | Call with M. Pliskin to go over ███████ | 337.50 | 0.3 | 101.25 |
| 01/22/2018 | ATS | Phone Call | call with equity committee to update on strategy and status | 337.50 | 0.7 | 236.25 |
| 01/22/2018 | ATS | research | Call with consultant re. insurance coverage questions | 337.50 | 0.3 | 101.25 |
| 01/23/2018 | ATS | Case Analysis | Draft email outlining litigation recommendations re BDO and other parties | 337.50 | 0.7 | 236.25 |
| 01/24/2018 | ATS | Administration | Review timetable for hearings and motion papers | 337.50 | 0.4 | 135.00 |
| 01/24/2018 | ATS | research | Research and draft ███████ to committee re. claims against BDO | 337.50 | 1.2 | 405.00 |
| 01/24/2018 | JC | Draft Memorandum of Law | Draft memo on ███████ | 225.00 | 2.4 | 540.00 |
| 01/26/2018 | ATS | Phone Call | Call with P. O'Brien to discuss litigation strategy | 337.50 | 0.3 | 101.25 |
| 01/26/2018 | ATS | Phone Call | Call with R. Chez to discuss litigation strategy | 337.50 | 0.2 | 67.50 |
| 01/26/2018 | ATS | Case Analysis | Edit memo of law on ███████ | 337.50 | 0.5 | 168.75 |
| 01/26/2018 | ATS | Case Analysis | Edit memo of law in opposition to arbitration | 337.50 | 0.4 | 135.00 |
| 01/26/2018 | ATS | Draft Pleadings | Final preparation and edit of objection and adversary complaint | 337.50 | 3.6 | 1,215.00 |
| 01/27/2018 | JC | Draft Memorandum of Law | Revise ███████ memorandum. | 225.00 | 2.0 | 450.00 |
| 01/28/2018 | ATS | research | Edit memo on ███████ and BDO | 337.50 | 0.5 | 168.75 |
| 01/28/2018 | JC | Legal research | Research ███████ | 225.00 | 0.9 | 202.50 |
| 01/29/2018 | JC | Legal research | Research ███████ | 225.00 | 2.5 | 562.50 |
| 01/30/2018 | JC | Draft Memorandum of Law | Revise ███████ | 225.00 | 3.2 | 720.00 |
| 01/31/2018 | JC | Draft Memorandum of Law | Research ███████ and revise ███████ memo | 225.00 | 3.7 | 832.50 |

| 02/01/2018 | ATS | research | Work on research ███████ against BDO | 337.50 | 1.8 | 607.50 |
|---|---|---|---|---|---|---|
| 02/06/2018 | ATS | Communications | Calls with T. Moyron to discuss plan objection and indemnification | 337.50 | 0.2 | 67.50 |
| 02/06/2018 | ATS | Service of Process | Attention to service of summons and complaint, including preparing and filing "judge's copy" with court | 337.50 | 1.2 | 405.00 |
| 02/06/2018 | ATS | Communications | Respond to committee questions re. ██████ | 337.50 | 0.8 | 270.00 |
| 02/08/2018 | ATS | Communications | Call with committee re. strategy and follow up with individual members ██████ | 337.50 | 0.5 | 168.75 |
| 02/08/2018 | ATS | Draft Correspondence | Prepare demand letter to BDO | 337.50 | 1.8 | 607.50 |
| 02/09/2018 | ATS | Expert Reports and Witnesses | Identify potential ██████████ expert witnesses and disclose to committee | 337.50 | 0.2 | 67.50 |
| 02/09/2018 | JC | Draft Correspondence | Edit draft demand letter to BDO. | 225.00 | 0.3 | 67.50 |
| 02/09/2018 | ATS | Draft Correspondence | Edit letter to BDO with demand and claims | 337.50 | 0.2 | 67.50 |
| 02/09/2018 | ATS | Expert Reports and Witnesses | Interview potential expert, ██████ | 337.50 | 0.4 | 135.00 |
| 02/09/2018 | ATS | Communications | Communications with committee and counsel re. █████████ | 337.50 | 0.3 | 101.25 |
| 02/13/2018 | ATS | Expert Reports and Witnesses | Phone call with potential expert firm for ██████ ████████ | 337.50 | 0.3 | 101.25 |
| 02/13/2018 | ATS | Administration | Review bankruptcy plan draft order | 337.50 | 0.2 | 67.50 |
| 02/14/2018 | ATS | research | Research ███████████ by Cordes and Aisenberg | 337.50 | 0.4 | 135.00 |
| 02/14/2018 | ATS | Drafting Court Documents | Draft withdrawal of objection to arbitration | 337.50 | 0.8 | 270.00 |
| 02/19/2018 | ATS | Correspondence | Edit letter to BDO re demand and claims | 337.50 | 0.4 | 135.00 |
| 02/19/2018 | ATS | Motion Practice | Review motion papers to withdraw opposition to arbitration | 337.50 | 0.2 | 67.50 |
| 02/20/2018 | ATS | Case Analysis | Advise re. ████████ | 337.50 | 0.2 | 67.50 |
| 02/20/2018 | ATS | Case Analysis | Review correspondence re. QBE stipulation in bankruptcy | 337.50 | 0.3 | 101.25 |
| 02/20/2018 | JC | Draft Correspondence | Edit draft demand letter to BDO | 225.00 | 0.1 | 22.50 |
| 02/20/2018 | ATS | Draft Correspondence | Edit letter to BDO re. demand | 337.50 | 2.0 | 675.00 |
| 02/21/2018 | ATS | research | Research objections to ██████████ ███ concerning Cordes and Aisenberg | 337.50 | 0.9 | 303.75 |
| 02/21/2018 | ATS | Administration | Call with T. Moyron re. estimation motion | 337.50 | 0.3 | 101.25 |
| 02/22/2018 | ATS | Drafting Court Documents | Draft response to withdrawal of arbitration request by Cordes and Aisenberg | 337.50 | 3.3 | 1,113.75 |
| 02/23/2018 | ATS | Draft Memorandum of Law | Draft response on arbitration waiver and changed position of Cordes and Aisenberg | 337.50 | 1.1 | 371.25 |

| 02/23/2018 | JC | Drafting Court Documents | Edit Response to Cordes and Aisenberg Withdrawal of demand for arbitration | 225.00 | 0.7 | 157.50 |
| 02/23/2018 | ATS | Draft Memorandum of Law | Edit memo of law for response to arbitration objections | 337.50 | 0.9 | 303.75 |
| 02/23/2018 | ATS | Draft Memorandum of Law | Edit response to arbitration waiver argument | 337.50 | 1.2 | 405.00 |
| 02/23/2018 | ATS | Draft Memorandum of Law | Edit response to arbitration waiver argument | 337.50 | 1.2 | 405.00 |
| 02/23/2018 | JC | Legal research | ███████ research | 225.00 | 0.5 | 112.50 |
| 02/25/2018 | ATS | Draft Memorandum of Law | Edit response to arbitration objection | 337.50 | 0.7 | 236.25 |
| 02/25/2018 | ATS | Draft Memorandum of Law | Edit response to partial withdrawal and Cordes and Aisenberg's opposition to arbitration | 337.50 | 1.4 | 472.50 |
| 02/26/2018 | ATS | Draft Memorandum of Law | Final review and edits to response on arbitration issues | 337.50 | 1.0 | 337.50 |
| 02/26/2018 | ATS | Prepare for Hearing/Argument | Prepare for status conference | 337.50 | 1.0 | 337.50 |
| 02/27/2018 | ATS | Prepare for Hearing/Argument | Prepare for status conference | 337.50 | 1.1 | 371.25 |
| 02/27/2018 | ATS | Case Analysis | Review ███████████, claims against other officers, and other potential issues re | 337.50 | 0.5 | 168.75 |
| 02/27/2018 | ATS | research | Research ██████ issues in preparation for status conference | 337.50 | 0.9 | 303.75 |
| 02/27/2018 | JC | Legal research | ███████ research | 225.00 | 1.2 | 270.00 |
| 02/27/2018 | ATS | court appearance | Attend court hearing for motion and status conference | 337.50 | 1.0 | 337.50 |
| 02/28/2018 | JC | Draft Memorandum of Law | Revise ███████ Memo | 225.00 | 0.5 | 112.50 |
| 02/28/2018 | ATS | Drafting Court Documents | Draft order for Court from hearing re. mediation and withdrawal | 337.50 | 0.7 | 236.25 |

Totals: **169.6** **$52,908.75**

## Expenses

| Date | EE | Activity | Description | Cost | Quantity | Line Total |
|---|---|---|---|---|---|---|
| 12/15/2017 | ATS | Transportation | Trip to Texas to review documents (flights, hotel, taxi) | 566.33 | 1.0 | 566.33 |
| 12/22/2017 | ATS | Postage | Send disc of emails to Dentons | 24.45 | 1.0 | 24.45 |
| 01/22/2018 | ATS | Contract-Attorney Zawisky | R. Zawisky contract attorney services December 2017 | 187.50 | 25.6 | 4,800.00 |
| 01/31/2018 | ATS | Contract-Attorney Zawisky | January contract legal services - Zawisky | 187.50 | 24.0 | 4,500.00 |
| 01/31/2018 | ATS | Contract Paralegal | Richard Lombardo January 2018 Assistance with complaint and ECF filing | 125.00 | 9.5 | 1,187.50 |
| 02/06/2018 | ATS | Postage | service of summons and complaint on Cordes and Aisenberg via first class mail | 13.40 | 1.0 | 13.40 |

| 02/06/2018 | ATS | Postage | Mail Judge's Copy and Proof of Service | 24.70 | 1.0 | 24.70 |
| 02/22/2018 | ATS | Postage | mail demand letter (Ironclad) | 6.70 | 1.0 | 6.70 |
| 02/24/2018 | ATS | Transportation | Flight to LA for Status Conference | 315.65 | 1.0 | 315.65 |
| 02/26/2018 | ATS | Transportation | Train from home to airport | 20.00 | 1.0 | 20.00 |
| 02/27/2018 | ATS | Travel Meal | Water at Strabucks | 2.30 | 1.0 | 2.30 |
| 02/28/2018 | ATS | Transportation | Parking at Denton's office - LA trip for status conference | 31.00 | 1.0 | 31.00 |
| 02/28/2018 | ATS | Transportation | Marriott hotel Trip to LA for Status Conference & Parking | 370.32 | 1.0 | 370.32 |
| 02/28/2018 | ATS | Transportation | Delta sky club to work at airport - status conference | 29.00 | 1.0 | 29.00 |
| 02/28/2018 | ATS | Travel Meal | breakfast at Pantry Cafe - status conference | 20.00 | 1.0 | 20.00 |
| 02/28/2018 | ATS | Travel Meal | Lunch at Starbucks day of status conference | 13.20 | 1.0 | 13.20 |
| 02/28/2018 | ATS | Contract Paralegal | ECF management and filing; prepare and file notice of appearance | 125.00 | 1.5 | 187.50 |

Expense Total: **$12,112.05**

| | |
|---|---:|
| Time Entry Sub-Total: | 52,908.75 |
| Expense Sub-Total: | 12,112.05 |
| **Sub-Total:** | 65,020.80 |
| | |
| **Total:** | 65,020.80 |
| **Amount Paid:** | 0.00 |
| **Balance Due:** | **$65,020.80** |

# EXHIBIT B

First And Final Interim Application Of Solomon & Cramer LLP
For Approval Of Fees And Reimbursement Of Expenses;
Declaration Of Andrew T. Solomon In Support Thereof

12

Zawisky - December 2017

| Date | Billing | Hours Billed |
|------|---------|--------------|
| 12/13/2017 | Travel to Ironclad corporate office for on-site document review and begin review of key documents including Player's List, SEC filings, Walls Petition, Skadden Arps powerpoint presentations to the SEC and Ironclad Board of Directors (4.75); Initial meeting with CFO, Matt Pliskin (1.0); begin review of employment files and Board of Directors binders containing officer notes (1.5). | 7.25 hours |
| 12/14/2017 | Continue on-site review of documents at Ironclad corporate office, including reviewing sales presentations involving fradulent transactions, as well as compliance documents including Code of Conduct, Procedures for Submission of Communications Regarding Accounting and Auditing Matters and Employee Handbook (4.5); Continue preparation of timeline of key dates (1.25); Participate in interivew of Eric Jaeger (1.5); Participate in interview of Tony Cecil (2.0); | 9.25 hours |
| 12/15/2017 | Coordinate parties for vendor production of on-site documents (.5); review notes from Jaeger and Cecil interviews and prepare update memo to client (3.1). | 3.6 hours |
| 12/19/2017 | Travel to Ironclad corporate office and prepare documents for off-site scanning project, meet with Mainstay Legal representative and coordinate with Dentons for hosting of electronic documents. | 3.8 hours |
| 12/21/2017 | Receive and return telephone calls to Mainstay Legal regarding document return (.2); follow-up correspondence with Matt Pliskin and Kevin Whizin regarding return of scan project documents from vendor (.4). | .6 hours |
| 12/23/2017 | Review documents provided on flash drive by Matt Pliskin. | 1.1 hours |
| | | 25.6 hours |

Zawisky January 2018

| Date | Billing | Hours Billed |
|------|---------|--------------|
| 1/6/2018 | Begin review and editing of Complaint and Objections, including review of source documents for pages 1-8 of the Formatted Complaint. | 8.2 hours |
| 1/8/2018 | Review and edit Formatted Complaint and Objections, particularly regarding specificity of Meridian transactions as corroborated by source documents including Ironclad and Meridian invoices, Bill of Sale documents, and shipping records. | 3.2 hours |
| 1/9/2018 | Continue review and editing of Complaint and Objections, including verifying public disclosures and information contained in SEC filings and Board documents. | 3.7 hours |
| 1/12/2018 | Correspondence with Savannah DeMorest at TransPerfect regarding permission for Dentons to access our scan documents. | .3 hours |
| 1/16/2018 | Research and drafting of counterclaims for Complaint and Objection pleading (6.2); research ███████ (1.0); | 7.2 hours |
| 1/18/2018 | Review Board documents and draft chart and footnote ████████ | 1.4 hours |
| | | 24 hours |

# EXHIBIT C

FIRST AND FINAL INTERIM APPLICATION OF SOLOMON & CRAMER LLP
FOR APPROVAL OF FEES AND REIMBURSEMENT OF EXPENSES;
DECLARATION OF ANDREW T. SOLOMON IN SUPPORT THEREOF

13

**ANDREW T. SOLOMON, ATTORNEY AT LAW**
Founding Partner, SOLOMON & CRAMER LLP, 1441 Broadway, Suite 6026
New York, N.Y. 10018; (m) 917 664-5575; (dd) 646 518-7822; (main) 212 884-9102

## EDUCATION

**Washington University in St. Louis**
BSBA – Accounting and Finance 1992
Honors: Magna Cum Laude, Dean's List, Beta Gamma Sigma, Krebs Accounting Scholarship

**Columbia University Law School**
Juris Doctor 1995
Honors: Harlan Fiske Stone Scholar; Columbia Business Law Review

## PROFESSIONAL EXPERIENCE

| | |
|---|---|
| **Solomon & Cramer LLP**<br>Founding Partner | Present |
| **Sullivan & Worcester LLP**<br>Partner, Litigation Practice Group Leader, Member of Partner<br>and Associate Compensation Committees | 1998-2017 |
| **Graham & James LLP**<br>Litigation Associate | 1996-1998 |
| **Rosenman & Colin LLP**<br>Litigation Associate | 1995-1996 |

## REPRESENTATIVE LEGAL WORK

**Securities Litigation**
Represented numerous individuals in SEC, FINRA, and Court proceedings, and Public Companies in SEC
investigations, Merger Disputes, Class Action Lawsuits, and Single Plaintiff Securities Fraud Cases (Plaintiff
and Defense)

**Real Estate Litigation**
Complex Foreclosure (Plaintiff and Defense), Commercial L-T (Tenant Side), Title and Ownership Disputes

**Small Business, General Commercial Litigation, and Legal and Accounting Malpractice**
Loan Enforcement and Defense, Partnership and Small Business Disputes, Legal and Accounting Malpractice
(Plaintiff and Defense), Fraudulent Conveyance (Plaintiff and Defendant), Antitrust and Distribution Disputes,
UCC and Related Litigation Between Manufacturers, Distributors, and Resellers, Complex Business Disputes;
Foreign Sovereign Immunities Act; Consumer Class Action Defense

**Employment Litigation**
Covenants Not to Compete, Employee Contract Disputes (Advice and Litigation, Employer and Employee),
Theft of Trade Secrets

ANDREW T. SOLOMON                                                              PAGE 2

**Trial Attorney and Appeals**
Tried jury and non-jury cases in state and federal court; arbitration cases, including AAA, JAMS, FINRA, and ICC. Briefed and argued numerous appeals including in New York's Appellate Division and the Second Circuit Court of Appeals

## PUBLICATIONS, PAPERS AND LECTURES

*United States: When Your "Client" Is Your Company's Investor, How Is Attorney-Client Privilege Applied?* (*www.mondaq.com*)
*Is Discovery of Private Facebook Postings on Equal Footing with General Discovery Principles?* (S&W Client Advisory)
*The Need for Speed:* The Delaware Rapid Arbitration Act (*www.lexology.com*)
*Caveat Employer Part Two: The Second Circuit Articulates a New Test in Intern v. Employee Debate: The "Primary Beneficiary Test."* (S&W Client Advisory)
*Attention In-House Attorneys: Don't Throw Your Timesheets Away* (S&W Client Advisory)
*Caveat Employers: Unpaid Interns Could Be Costly* (S&W Client Advisory)
*Using Benchmarks to Manage Litigation* (*www.acc.com*)

CLE Lectures, Contract Law (ACC Israel, June 2016), Contract Law, ACC Annual Conference New Orleans (2015), Antitrust Basics, New York Law Concerning Joint Ventures and Agreement to Agree (ACC Israel, June 2010)

## BAR ADMISSIONS
New York 1995
New Jersey 1999
US District Courts: SDNY, EDNY, DNJ
US Courts of Appeals: 2nd Cir, 11th Cir., Federal Circuit
Supreme Court of the United States

# Jennifer G. Cramer, Partner

**EDUCATION:**

- University of Pennsylvania Law School, J.D., 1992
  Legal Writing Instructor

- Cornell University, B.A., with Distinction in All Subjects, *Phi Beta Kappa*, 1989

**BAR ADMISSIONS:**

- New York

- Illinois

**COURT ADMISSIONS:**

- U.S. District Courts for the Southern and Eastern Districts of New York

- U.S. District Court for the Northern District of Illinois

- U.S. District Court for the District of Massachusetts

- U.S. District Court for the Eastern District of Pennsylvania

- U.S. Court of Appeals for the Federal Circuit

- U.S. Court of Appeals for the 1st Circuit

**MEMBERSHIPS:**

- New York City Bar Association

- Chicago Bar Association

**BIOGRAPHY:**

Jennifer G. Cramer graduated from Cornell University (Phi Beta Kappa, with Distinction in All Subjects), and attended the University of Pennsylvania Law School where she was a Legal Writing Instructor.

Upon graduation in 1992, she worked as a litigator for a large, national law firm in Philadelphia before moving to New York City where she worked for Graham & James LLP with Andrew Solomon on commercial litigation matters, including patent litigation, securities fraud, employment disputes, and arbitrations.

Jennifer then moved her practice to Boston and worked at a boutique intellectual property law firm, where she litigated patent disputes and prosecuted trademark and copyright claims before the Patent and Trademark Office in Washington, D.C.

Case 1:17-bk-12408-MB    Doc 355    Filed 12/19/17    Entered 12/19/17 15:26:07    Desc
Main Document    Page 17 of 29

Most recently, Jennifer has been working in Chicago as the founder of LegalWrite101, a legal writing consulting business, has served as an Adjunct Professor of Legal Writing at Loyola University Law School, and is an accredited CLE provider in New York for legal writing.

Jennifer has served on numerous non-profit boards in various executive roles, including as President of her Temple's Sisterhood where she oversaw an organization of over 300 members and as President of her local Parent Teacher Organization.

She also volunteers her time on behalf of Cornell University as an Alumni Ambassador. In her free time, Jennifer plays paddle tennis, studies conversational Hebrew, enjoys the theater, and is an avid travel soccer fan.

# Rebecca A. Zawisky

1906 Cresson Dr.                                        (402) 926-8955
Southlake, Texas 76092                                  rebeccazawisky@hotmail.com

## EXPERIENCE

**BNSF Railway Company,** 4/2012 – 6/2014
*Assistant General Attorney,* Fort Worth, Texas
- Primary areas of focus: economic regulatory counsel for commercial transactions/litigation.
- Provide day-to-day legal support to business units: negotiate, draft and close commercial contracts and advise on contract interpretation and risk of disputes/litigation and competition-related issues.
- Develop strategy, supervise, and manage costs for matters in litigation, mediation and arbitration arising out of commercial disputes and handle regulatory matters before the Surface Transportation Board.
- Work with public entities to provide responses to public record request requests involving BNSF.
- Review service and license agreements for technology and marketing subscriptions.
- Subject matter expert on legal and commercial issues arising with BNSF's largest customer.

**Fraser Stryker Law Firm,** 5/2005 – 4/2012
*Attorney,* Omaha, Nebraska
- Fraser Stryker is one of the largest firms in Nebraska (50 attorneys) with an acclaimed litigation group.
- Primary areas of focus: commercial litigation and insurance defense litigation.
- Significant experience in all aspects of civil litigation from case intake through final disposition at dismissal, settlement or trial. Handled heavy caseload in a fast-paced litigation practice.
- Routinely briefed and argued motions to dismiss, motions for summary judgment, motions in limine and other pretrial hearings.
- First chair jury trial and bench trial experience.
- Evaluated policies, claims and underwriting files and analyzed insurance coverage issues and drafted opinion letters. Analyzed Examinations Under Oath and drafted opinion letters concerning potential fraud claims for Special Investigations Unit.

**United States District Court, Southern District of Iowa,** Spring Semester 2005
*Externship Clerk for Chief Justice Ronald Longstaff*
    Researched and drafted court memoranda, judicial opinions and orders for criminal and civil dockets.

**Hughes Hubbard & Reed LLP,** Summer 2004
    *Project Assistant,* Washington D.C.
    Provided project assistance for 300+ member international law firm.

**U.S. House of Representatives,** 9/2001 – 8/2003
    *Legislative Assistant to Congressman Trent Franks (R-Arizona),* 1/2003-8/2003
    *Legislative Assistant to Congressman Greg Ganske (R-Iowa),* 9/2001-1/2003
    Developed legislative agenda and drafted bills, speeches, proposals and appropriations requests. Facilitated meetings with constituents and lobbyists, and responded to constituent correspondence.

## EDUCATION

**Tippie College of Business, University of Iowa**          **College of Law, University of Iowa**
B.B.A. in Finance, May 2001                                Juris Doctorate, May 2006  (Top 40%)

## BAR ADMISSIONS

Texas, Nebraska, Iowa

# Representative Cases as Outside Counsel

\* Party represented denoted with bold text.

### A. Complex Commercial Agreement Disputes

*Affiliated Foods Midwest Cooperative v.* ***Integrated Distribution Solutions*** *et. al.,* In the District Court of the District for the District of Nebraska, No. 8:06-CV-532

Obtained a defense judgment in favor of our client and a $2.5 million judgment on a counterclaim (the full amount sought) following a two week trial before a three person AAA panel, where Plaintiff was seeking more than $22 million dollars on breach of contract and fraud theories in a dispute arising from Plaintiff's purchase of Defendant's hardware and software. The Arbitration Judgment was entered by the United States District Court for the District of Nebraska.
(Drafted motions and briefs, managed document review team, prepared fact and expert witnesses for depositions and trial, participated as counsel at trial)

*RSG, Inc. et. al. v.* ***Sidump'r Trailer Company, Inc.,*** 2009 WL 428957 (D. Neb. 2009)

Awarded Partial Summary Judgment in favor of Sidump'r on issue of the enforceability of a noncompete clause in an Asset Purchase Agreement. Also defeated Plaintiff's Motion for Summary Judgment on nineteen various issues, most of which arose from defenses to Buyer/Sidump'r's counterclaims asserting fraud in the formation and terms of the Asset Purchase Agreement. The matter was tried in a two week jury trial in Federal Court.
(Drafted motions and briefs, managed document review, prepared fact and expert witnesses for depositions and trial)

### B. Intellectual Property

***Peter Kiewit Sons', Inc.*** *v. Wall Street Equity Group, Inc., Wall Street Group of Companies, Inc., Shepherd Friedman and Steven S. West,* 2010 WL 3968911 (D. Neb. 2010)

Obtained TRO and Preliminary Injunction to protect Plaintiff's service marks from infringement by Defendants.
(Drafted Complaint, drafted motions and briefs and argued motions, interviewed fact witnesses)

### C. Procedural Matters

*Carl Turner and Yvetta Turner v.* ***Werner Enterprises, Inc.,*** *Abirahman Egal and Thaddeus Towns,* 2009 WL 4487152 (D. Neb. 2009)

Successfully achieved Court ruling granting transfer of venue pursuant to 28 U.S.C. § 1406(a), thereby requiring transferee forum to apply the choice of law principles of the transferor state. In this case, Plaintiffs were not allowed to exploit Nebraska's "borrowing statute" by bringing the longer Nebraska statute of limitations to a more convenient venue and Plaintiffs' claim remained barred by the statute of limitations in Louisiana.
(Prepared motion and briefs)

***TAZ Property Co., L.L.C.*** *v. Marble Rock Investments, L.L.C.,* In the District Court of Douglas County, Nebraska, Doc. 1100 No. 258

Obtained TRO and Preliminary Injunction for Plaintiff after its commercial rental property was transferred to Defendant via a Treasurer's Tax Deed due Plaintiff's failure to pay tax on the property for three consecutive years. The Court accepted Plaintiff's argument that Defendant's tax deed was likely void due to a jurisdictional defect due to Defendant's failure to make the statutorily required "diligent inquiry" to locate the property owner.
(Prepared motions and briefs, prepared fact witness for hearing)

### D. Premises Liability

*Samuel J. Watson and Jean Watson v.* ***McDonald's Restaurants of Nebraska, Inc.,*** In the District Court of Douglas County, Nebraska, Doc. 1072 No. 296

Negotiated favorable defense settlement after submitting Motion for Summary Judgment on affirmative defense of assumption of risk a premises liability claim involving a catastrophic injury in which Plaintiff alleged in excess of $8 million in damages.
(Prepared motions and briefs, prepared fact and expert witnesses for depositions and trial, managed document review, facilitated focus group and analyzed results of same, assisted in negotiating settlement and prepared settlement documents)

## Representative Cases as Outside Counsel (*continued*)

\* Party represented denoted with bold text.

### E. Product Liability

*Saint Joseph Terrace Apartments, L.L.C. v. **U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning and Refrigeration Co.**, In the United States District Court for the District of Nebraska, No. 8:09-CV-176*
Negotiated nuisance value settlement for Defendant for matter arising from alleged product defect where Plaintiff alleged nearly $200,000 in special damages resulting from fire purportedly caused by Defendant's PTAC unit.
(Prepared motions and briefs, prepared fact and expert witnesses for depositions and trial, assisted in negotiating settlement and prepared settlement documents)

### F. Significant State Farm Insurance Matters

*Everett Levison and Wesley Levison v. **Kevin Dana and Kimberly Dana**, In the County Court of Douglas County, Nebraska, CI-07-46603*
First chaired a jury trial to verdict in March 2008 for insurance client's defense of claims of negligence resulting from a two vehicle accident.
(Handled case from start to finish)

*David Goodwin v. **Mathias M. Hobza**, 2008 WL 4525886 (Neb. App. 2008)*
Obtained Order from Nebraska Court of Appeals affirming District Court's Motion for Directed Verdict on Plaintiff's claims and adopting our argument that claims belonging to Plaintiff's son were not within the appellate court's jurisdiction due to a deficiency arising from Plaintiff's unauthorized practice of law on behalf of his minor son's claims.
(Drafted appellate briefs)

*Clinton P. Jones, Individually and as Father and Next Friend of Skye E. Jones v. Linda Lenning as Administrator of the Estate of Shawna K. Jones, and **State Farm Mutual Automobile Insurance Company**, In the Iowa District Court for Pottawattamie County, Law No. 04781 LACV 88721*
Awarded Summary Judgment in our insurance client's favor on denial of a contract claim arising from an automobile accident in which the driver deceased and her minor child suffered permanent injuries; the deceased driver's ex-husband and the father of the injured child sought the full value of his uninsured and underinsured motorist coverage under his State Farm policy and under the deceased driver's State Farm policy for his loss of the child's consortium and Plaintiff also sought to stack medical expenses coverage. In a reversal of court precedent, the Supreme Court overturned the District Court's granting of summary judgment in *Jones v. State Farm Mut. Auto. Ins. Co.*, 760 N.W.2d 186 (Iowa 2008).
(Drafted motions and briefs, including appellate briefs, handled all aspects of discovery, assisted in negotiating settlement, prepared settlement documents)

*Nicole H. Nunez, By and Through Her Father, Robert J. Nunez, Jr. v. Happy Cab Company, Paratransit Insurance Company and **State Farm Insurance**, In the District Court of Douglas County, Nebraska, Doc. 1068 No. 452*
Obtained Summary Judgment for State Farm Insurance where the Court ruled that the State Farm policy did not provide coverage in light of Nebraska law, the anti-stacking provisions of the policy, and the policy provision providing for excess coverage only in the amount which a bodily injury exceed the primary coverage. Plaintiff was the passenger in a cab which was hit by an uninsured motorist.
(Handled case from start to finish)

### G. Other Insurance Defense

*Janita Kelly v. **Monumental Life Insurance Company**, In the District Court of Douglas County, Nebraska, Doc. 1097 No. 634*
Achieved voluntary dismissal for Monumental Life Insurance Company after Plaintiff's receipt of our Motion for Summary Judgment. Plaintiff was the putative beneficiary of a life insurance policy issued to Plaintiff's mother by Defendant. Upon an investigation of the claim file and discovery, it was concluded that health information was misrepresented in order to obtain the policy, which was issued a mere eight months before the policyholder passed away from complication of ALS.
(Handled case from start to finish)