SAMUEL R. MAIZEL (SBN 189301)
TANIA M. MOYRON (SBN 235736)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300; Facsimile: (213) 623-9924
Email : samuel.maizel@dentons.com; tania.moyron@dentons.com
Attorneys for Matthew A. Pliskin, as Trustee, and
The Trust Board

ANDREW T. SOLOMON (admitted pro hac vice)
JENNIFER G. CRAMER
asolomon@solomoncramer.com; jcramer@solomoncramer.com
SOLOMON & CRAMER LLP
1441 BROADWAY, SUITE 6026
NEW YORK, NY 10018
Telephone: (212) 884-9102; Facsimile: (516) 368-3896
Special Litigation Counsel to Matthew A. Pliskin, as the Trustee, and
The Trust Board

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ICPW Liquidation Corporation, a California corporation,[1]<br>    Debtor and Debtor in Possession.<br><br>In re:<br><br>ICPW Liquidation Corporation, a Nevada corporation,[2]<br>    Debtor and Debtor in Possession.<br><br>Affects:<br><br>☒ Both Debtors<br><br>☐ ICPW Liquidation Corporation, a California corporation<br><br>☐ ICPW Liquidation Corporation, a Nevada corporation | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB Chapter 11 Cases<br><br>**REPLY TO OPPOSITION MOTION TO ESTIMATE CLAIMS NO. 7 AND 8 FILED BY JEFFREY CORDES AND WILLIAM AISENBERG PURSUANT TO 11 U.S.C. § 502(c)**<br><br>DATE: April 10, 2018<br>TIME: 1:30 p.m.<br>PLACE: Courtroom "303"<br>        21041 Burbank Boulevard<br>        Woodland Hills, California 91367 |

---

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

106987551\V-1

Matthew A. Pliskin, the trustee (the "Trustee"), under the trust created pursuant to the Debtors and Official Committee of Equity Security Holders Joint Plan of Liquidation Dated February 9, 2018 (the "Plan"), and that certain trust agreement dated as of February 28, 2018 (the "Trust Agreement"), entered into by and among the Trustee, ICPW Liquidation Corporation, a California corporation, formerly known as Ironclad Performance Wear Corporation, a California corporation, and ICPW Liquidation Corporation, a Nevada corporation, formerly known as Ironclad Performance Wear Corporation, a Nevada corporation, and the Trust Board established under the Plan and Trust Agreement, hereby submit this reply to the opposition [Docket No. 483] filed by Jeffrey Cordes and William Aisenberg (collectively, the "Former Officers") to the *Motion To Estimate Claims No. 7 And 8 Filed By Jeffrey Cordes And William Aisenberg Pursuant To 11 U.S.C. § 502(C)* (the "Motion"), and the limited objection (the "Limited Objection") filed by QBE Insurance Company ("QBE") [Doc. 484], as respectfully represent as follows:

## I.

## **INTRODUCTION**

Based on the responses filed by the Former Officers and QBE, the maximum "estimate" for Claim Nos. 7 and 8 filed by the Former Officers is $546,313.50. This is established by the terms of their Indemnification Agreements [Doc. 474, Ex. A] and the acknowledgment of QBE that the Former Officers' defense costs in the adversary proceeding (the "Adversary Proceeding") will be paid under the D&O Policy, subject to the maximum retention obligation under the policy [Doc. 483 Ex. A at p. 5 of 7].

The calculation of this maximum liability is straightforward. The Former Officers' proofs of claim have two components: (i) severance and (ii) defense costs against the clams by the Trust. The maximum of their severance claims is $296,313.50 (the "Maximum Severance Amount"),

- 3 -

106987551\V-1

but is contingent given the Former Officers' misconduct. Their defense costs, at least insofar as the Debtors' obligation, are capped at $250,000. This is because the D&O Carrier is reimbursing the Former Officers for all fees and expenses above the Debtors' self-insured retention obligation (or "SIR Obligation"), which is capped at either $100,000 or $250,000, and under the Indemnification Agreements (¶ 8(d)), the Debtors are not liable to the indemnitees for "expenses or liabilities … which have been fully paid directly to Indemnitee by an insurance carrier under a policy of officers' and directors' liability insurance [.]"

Thus, the maximum estimate for the Former Officers' Amended Claims 7 and 8 are calculated as follows:

| | |
|---|---:|
| Cordes Severance Claim: | $166,906.75 |
| Aisenberg Severance Claim: | $129,406.75 |
| SIR Obligation: | $250,000.00 |
| Maximum Estimated Liability for Claims 7 and 8: | $546,313.50 |

Though $546,313.50 is the "maximum" amount of the estimated liability, the actual reserve should be zero because (i) the Former Officers' claims in excess of severance were late-filed for the reasons set forth in the Motion, and (ii) the severance claim is patently hopeless because of the Former Officers' bad conduct, as summarized in the Debtors' public filings under the federal securities laws, as detailed in the Adversary Complaint, and which is the subject of the SEC's investigation. Finally, the Plan does not require the Trustee to reserve amounts for claims that the Former Officers did not preserve in their proofs of claim and/or claims that are not indemnifiable.

## II.

## STATEMENT OF FACTS

1. On March 12, 2018, the Trustee moved to estimate Claim Nos. 7 and 8 filed by the "Former Officers" [Doc. 474]. In the Motion, the Trustee demonstrated:

- 4 -

10698755\V-1

   a. that the Former Officers' amended indemnity claims are time barred;

   b. that, even if timely sought, the Former Officers were not entitled to indemnification under the Indemnification Agreements or the Debtors' bylaws;

   c. that the Former Officers' severance claims were not likely to succeed because their severance rights were voidable because the Former Officers failed to disclose the Board of Directors that they had manipulated Ironclad's revenues; and

   d. that a fair estimate of the Former Officers' claims could easily be reduced to $0, but $500,000 would be a reasonable reserve.

2. As set forth above, both the Former Officers and the Debtors' insurance D&O carrier, QBE, responded to the Motion [Docs. 483 and 484, respectively].

3. In its Limited Objection, QBE contends that the Estate is required "to actually pay $250,000 in expenses or attorneys' fees towards the former officers' indemnification claims before any amounts under the Policy become available." Thus, QBE objected to the "Trustee's Estimation Motion to the extent necessary to ensure that $250,000 is factored into the estimation so that the Debtors' [sic] are in full compliance with their SIR [self-insurance retention] obligations under the Policy."

4. In their response, the Former Officers claim that their indemnity claims are not time barred because their claims, although late, were informally presented or otherwise part of their originally (timely) proofs of claims. They also argue that they properly noticed and requested indemnification (simply untrue) and that they are entitled to indemnification under their Indemnification Agreements. Including their severance claims ($166,906.75 for Cordes and $129,46.75 for Aisenberg), the Former Officers request that the Court estimate their claims at $1,296,313.50, which is $1 million over the Maximum Severance Amount.

- 5 -

106987551\V-1

## III.

## ARGUMENT

**A. THE FORMER OFFICERS ADMIT THAT THEIR INDEMNIFICATION CLAIMS ARE UNTIMELY.**

Recognizing as they must that their claim for indemnification was late, the Former Officers argue that their "Relief from Stay Motion," which they filed on October 20, 2017 [Dkt 132], amounted to an "informal proof of claim." They go so far as to say that the "entire factual underpinning to [their] Relief from Stay motion was Debtor's refusal to indemnify the Insured, which necessitated access to insurance proceeds." [Dkt 483 ¶ 22]. But that is simply not so. At no relevant time did the Former Officers demand indemnification. Rather, they sought direct access to the Policy, which is clearly stated in their Relief from Stay Motion:

> Movants respectfully request that the Court enter an order modifying the automatic stay to allow Movants (i) to proceed with the AAA Proceeding; and (ii) to pursue insurance coverage proceeds to which they may be, or may become, entitled.

Relief from Stay Motion, at 7.

Similarly, in their supporting declarations, Cordes and Aisenberg did not demand indemnity from the company, but from the insurance carrier: "I incurred, and expect to incur, legal expenses that are recoverable as an insured under Directors and Officers indemnity coverage [.]" [Dkt 133-1 at ¶ 3, *see also* ¶ 10; Dkt 132-2 at ¶ 3, *see also* ¶ 10]. Indeed, Cordes and Aisenberg all but disavowed a direct claim for indemnity against the Debtors for the very reason that they had insurance coverage:

> Furthermore, to the extent the insurance Policy covers my legal fees in expenses that have been required as a result of actions by Debtors, proceeds will issue from the insurance carrier as opposed to the Debtors. Neither the Debtors nor any creditors will be prejudiced by permitting me to pursue coverage.

[Dkt 133-1 at ¶ 14].

- 6 -

106987551\V-1

The foregoing highlights why the Formers Officers' argument that the Relief from Stay Motion is an informal proof of claim is fatally flawed and why their citation to *In re Gianulias*, 2013 WL 1397430, at *9 (B.A.P. 9th Cir. Apr. 5, 2013) and other cases are unavailing. *See* Opposition, at 2. The elements set forth in those cases required for an informal proof of claim expose the defect in the Former Officers' argument because there was (ii) no "writing" requesting indemnification, only a Relief from Stay Motion specifically disavowing a direct claim for indemnity and proofs of claim not asserting indemnity claims, (ii) "within the time for the filing of claims," (iii) on "behalf of" the Former Officers, (iv) "bringing to the attention of the court," and (v) "the nature and amount of the indemnity claim." Simply put, no pre-Bar-Date Court filing came close to describing the "nature and amount" of the Former Officers' claim for indemnification for attorneys' fees. This is far different than *Haw., Inc. v. Shakeys, Inc. (In re Pizza of Haw., Inc.*, 761 F.2d 1374, 1381–82 (9th Cir. 1985), which involved (i) a request for relief from the automatic stay that stated the creditor intended to join the debtor as a defendant in a civil suit, and, thus, the Ninth Circuit found that was evidence of intent to hold the debtor's estate liable, and (ii) documents attached as exhibits to the complaint for relief from stay motion that detailed the nature and contingent amount of the claim. In *In re Fish*, 456 B.R. 413, 418 (B.A.P. 9th Cir. 2011), the creditor filed written motions setting forth the amounts due on each loan and the intent to hold the debtor liable for the deficiencies -- again, wholly distinguishable from the declarations of the Former Officers that disavowed a direct claim for indemnity against the Debtors.

Finally, the Former Officers do not seriously dispute their failure to comply with the condition precedent for indemnification under the Indemnification Agreement: *i.e.*, "notice in writing as soon as practicable of any Claim made against Indemnitee for which indemnification will or could be sought under this Agreement." [Doc. 474, Ex. A, at ¶ 2(b)]. The notice must be

- 7 -

106987551\V-1

given by the indemnified person to the CEO of the company. The Former Officers try to skirt the issue, attaching a December 14, 2017 letter from QBE to the Debtor's counsel, Stubbs Alderton & Markiles, LLP. [Doc. 484 at ¶ 31 and Ex. B]. That letter is not a demand under ¶ 2(b), nor is it provided by the Former Officers to the Debtors' CEO. It is merely a request by QBE to the counsel asking it to advise as to "whether Ironclad is able to honor its indemnification obligations to Messrs. Aisenberg, Cordes and Felton."

The answer to QBE's question is axiomatic: no indemnification obligation ripens until and unless the Former Officers submit a formal notice and demand, which they had not and have not done.

**B.    THE FORMER OFFICERS' CLAIMS SHOULD BE ESTIMATED AT $0 BASED ON THE UNDISPUTED AGREEMENTS, THE APPLICABLE LAW, AND THE PARTIES' PLEADINGS.**

The Former Officers seek indemnification of their legal fees and expenses "for claims against the Insured [*i.e.*, the Former Officers] initiated by the Debtors." [Doc. 483 at ¶ 32]. Those claims are for: (1) breach of fiduciary duty; (2) Civil RICO; (3) Declaratory Judgment (to void the amendments to their employment agreements that provide severance); (4) Breach of Contract; and (5) Faithless Servant.

None of these claims is indemnifiable by the Debtors for the simple reason that they are already being paid under the D&O Policy. The D&O carrier's March 8, 2018 letter [Doc. 483, Ex A) makes this clear. There, QBE confirms that it has already "determined that coverage is triggered for the Adversary Proceeding."

Because QBE is covering the Former Officers' legal fees and expenses, no claim exists under the Indemnification Agreements. Paragraph 8(d) of the Indemnification Agreements is the relevant provision. It excludes the obligation to indemnify the Former Officers for amounts "which have been paid directly to Indemnitee by an insurance carrier under a policy of officers' and directors' liability insurance". This exclusion makes perfect sense. The Debtors obtained

- 8 -

106987551\V-1

D&O insurance for the very reason presented here: to insure against the costs and expenses of providing a defense to its directors and officers for covered losses, which is broadly defined to include most of the fees and expenses that the Former Officers are incurring.

It is true that the D&O policy is not covering all the Former Officers' legal fees and expenses. But the exclusions on the D&O Policy mirror those under the Former Officers' Indemnification Agreements. Thus, the D&O Carrier has limited its coverage obligation to the extent that the Adversary Complaint seeks to void the Former Officers' severance agreements. That claim is the flip side of the Former Officers' severance claims, which is not indemnifiable under the plain language of paragraphs 8(b) and 8(g) of the Indemnification Agreements (the exclusion for indemnification for "Claims Initiated by Indemnitee" and claims for "Breach of Employment Agreement (¶ 8(g)).

### C.    THE FORMER OFFICERS' CLAIM FOR LEGAL FEES IS BASED ON SPECULATION.

It is not necessary to examine the Former Officers' indemnification claim for legal fees and expenses because, as shown above, no such claim exists given their coverage under the D&O policy. But were the claim to be considered, it is readily revealed as an exercise in obfuscation.

The Former Officers proffer the Declaration of their attorney, Todd Murray. Mr. Murray estimates that "the total costs of defending the Insureds' Claims, through trial, will cost in excess of $825,000 — and potentially in the range of $1,000,000." (Murry Decl. ¶ 7). In presenting this estimate, Mr. Murray fails to provide the Court with essential information, including (a) his firm's contract with the Former Officers, (b) the professionals and paraprofessionals who would be involved in the assignment, and (c) their hourly billing rates. Mr. Murray also makes no effort to describe how he discriminates between the fees and expenses for work that is potentially indemnifiable from the work that is not. Nor does he explain how the Former Officers would account for work that is relevant both to indemnifiable and non-indemnifiable claims.

- 9 -

106987551\V-1

The Murray Declaration reveals that the Former Officers' untimely amended proofs of claims are based on groundless speculation, unsupported by data and without regard to the essential distinctions between claims that are and are not potentially indemnifiable.

## IV.

## CONCLUSION

Having inflicted millions of dollars of damages on the Debtors' equity holders, the Former Officers are now they just twisting the knife. How else can they justify filing a proof of claim for "losses" that are already being reimbursed by the D&O Carrier? In this vein and given the inexcusable tardiness of the Former Officers demand and that their severance claims are substantively hopeless, any estimated reserve is but a matter of grace. But at most, the Former Officers' Claim Nos. 7 and 8 can be estimated at no more than $546,313.50.

TRUSTEE AND TRUST BOARD

By: /s/ Andrew Solomon
ANDREW T. SOLOMON
SOLOMON & CRAMER LLP
Special Litigation Counsel to Matthew A. Pliskin, as the Trustee, and the Trust Board

TRUSTEE AND TRUST BOARD

By: /s/ Tania M. Moyron
TANIA M. MOYRON
SAMUEL R. MAIZEL
DENTONS US LLP
Attorneys for Matthew A. Pliskin, as the Trustee, and the Trust Board

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 10 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017:

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO OPPOSITION MOTION TO ESTIMATE CLAIMS NO. 7 AND 8 FILED BY JEFFREY CORDES AND WILLIAM AISENBERG PURSUANT TO 11 U.S.C. SECTION 502(c)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 3, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Shiva D Beck    sbeck@gardere.com, jcharrison@gardere.com
- Ron Bender    rb@lnbyb.com
- Cathrine M Castaldi    ccastaldi@brownrudnick.com
- Russell Clementson    russell.clementson@usdoj.gov
- Aaron S Craig    acraig@kslaw.com, lperry@kslaw.com
- Natalie B. Daghbandan    natalie.daghbandan@bryancave.com, raul.morales@bryancave.com;theresa.macaulay@bryancave.com
- Steven M Gluck    sgluck@juno.com
- Matthew A Gold    courts@argopartners.net
- Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com
- Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Samuel R Maizel    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Thomas C Scannell    tscannell@gardere.com, acordero@gardere.com
- Susan K Seflin    sseflin@brutzkusgubner.com
- Andrew T Solomon    asolomon@solomoncramer.com
- John M Stern    john.stern@oag.texas.gov, bk-mbecker@oag.texas.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com
- Douglas Wolfe    dwolfe@asmcapital.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 3, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 3, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**BY PERSONAL DELIVERY**
Hon. Martin R. Barash
US Bankruptcy Court
Central District of California
21041 Burbank Blvd., Suite 342/Ctrm. 303
Woodland Hills, CA  91367

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 3, 2018 | Christina O'Meara | /s/Christina O'Meara |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

105437348\V-1

**SERVED BY U.S. MAIL:**

| <u>Secured Creditor</u><br>Radians Wareham Holding, Inc.<br>Attn: Mike Tutor, CEO<br>5305 Distriplex Farms<br>Memphis, TN 38141 | <u>Counsel to Radians Wareham Holdings</u><br>E. Franklin Childress, Jr.<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC<br>165 Madison Ave, Suite 2000<br>Memphis, Tennessee 38103 | U.S. Securities and Exchange Commission<br>Attn: Bankruptcy Counsel<br>444 South Flower Street, Suite 900<br>Los Angeles, CA 90071-9591 |
|---|---|---|
| CRG Financial LLC<br>100 Union Avenue<br>Cresskill, NJ 07626 | | |
| **<u>Governmental Agencies</u>**<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Franchise Tax Board<br>Bankruptcy Section, MS: A-340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | State Board of Equalization<br>Account Information Group, MIC: 29<br>P.O. Box 942879<br>Sacramento, CA 94279-0029 |
| Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 | Office of Unemployment Compensation Tax Services<br>Department of Labor and Industry<br>Commonwealth of Pennsylvania<br>651 Boas Street, Room 702<br>Harrisburg, PA 17121 | |
| **<u>Trust Board - SERVED BY EMAIL</u>**<br>Patrick W. O'Brien<br>301 Whitmore Lane<br>Lake Forest, IL 60045-4707<br>**Email: obrien.pat@me.com** | Ronald Chez<br>1524 N. Astor Street<br>Chicago, IL 60610<br>**Email: rlchez@rcn.com** | Scott Jarus<br>938 Duncan Avenue<br>Manhattan Beach, CA 90266<br>**Email: scott.jarus@verizon.net** |
| **<u>Trustee - SERVED BY EMAIL</u>**<br>Matthew Pliskin<br>2718 West Terrace Drive<br>Tampa, Florida 33609<br>**Email: matthew@icpwliquidation.com** | | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

105437348\V-1

**F 9013-3.1.PROOF.SERVICE**