RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com
Attorneys for former Chapter 11 Debtors and Debtors in Possession

SAMUEL R. MAIZEL (SBN 189301)
TANIA M. MOYRON (SBN 235736)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  (213) 623-9300; Facsimile:  (213) 623-9924
Email: samuel.maizel@dentons.com; tania.moyron@dentons.com
Attorneys for Matthew Pliskin, the Trustee of the Trust

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ICPW Liquidation Corporation, a California corporation[1],<br><br>       Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>ICPW Liquidation Corporation, a Nevada corporation[2],<br><br>       Debtor and Debtor in Possession.<br>_____<br>☒  Affects both Debtors<br><br>☐ Affects ICPW Liquidation Corporation, a California corporation only<br><br>☐  Affects ICPW Liquidation Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br><br>Chapter 11 Cases<br><br>**JOINT MOTION BY ESCROW AGENT AND THE TRUSTEE OF THE TRUST FOR APPROVAL OF STIPULATION APPROVING TRANSFER OF ESCROW FUNDS**<br><br>**[No Hearing Required]** |

---

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

1

Levene, Neale, Bender, Yoo & Brill L.L.P. ("Escrow Agent"), which is serving as the escrow agent pursuant to the *Debtors and Official Committee of Equity Security Holders Joint Plan of Liquidation Dated February 9, 2018* (the "Plan"), as Docket No. 438, that was confirmed by the Bankruptcy Court in the above-referenced chapter 11 bankruptcy cases pursuant to an order entered on February 13, 2018 (the "Confirmation Order"), as Docket No. 442, and Mathew Pliskin (the "Trustee"), who is serving as the Trustee of the Trust that was created in connection with the confirmed Plan, hereby file this Joint Motion requesting the Court to approve the Stipulation, a copy of which is attached hereto as Exhibit "1" (the "Stipulation"), that has been entered into between the Escrow Agent and the Trustee and acknowledged by Kurtzman Carson Consultants, LLC ("KCC") as follows:

A.    Consistent with the Confirmation Order, the "Effective Date" of the Plan was February 28, 2018. The Plan provides that the Trustee may select someone other than the Escrow Agent to serve as the disbursing agent for Disputed Class 1 Claims.  Docket No. 438, at 36.  The Plan also reserved the right for the members of the Official Committee of Equity Holders ("OCEH") to change the identity of the Escrow agent at any time. Docket No. 438, at 48.  The Plan further permitted the Trustee to change the identity of the Escrow Agent after payment of Allowed Claims. Docket No. 438, at 53.  The three members of the OECH have been appointed as the initial members of the Trust Board (collectively, the "Trust Board Members"), and the Trustee represents that the Trust Board Members have unanimously requested and consented to all of the provisions of the Stipulation.

B.    In accordance with the Plan, the Trustee is in the process of (i) pursuing causes of action and/or objections to, among others, the claims of Radians Wareham Holding, Inc. ("Radians") and the claims of Jeffrey Cordes and William Aisenberg ("Cordes/Aisenberg"), and (ii) preparing to make an initial distribution to the shareholders of IPCW Liquidation

Corporation, a Nevada corporation, as contemplated under the Plan and the various proceedings and Court rulings which have occurred subsequent to the Effective Date (the "Initial Shareholder Distribution").

C.    Pursuant to an order entered as Docket Number 555, the Trustee is required to escrow the total sum of $2.3 million (the "Radians Reserve Fund") for the benefit of Radians, and the Trustee is required to retain the Radians Reserve Fund in a segregated interest bearing trust account until further order by the Court.

D.    Pursuant to an order approving a stipulation entered into between the Trustee and Cordes/Aisenberg, entered as Docket No. 553, the Trustee is required to reserve $546,313.50 for the benefit of Cordes/Aisenberg (the "Cordes/Aisenberg Reserve Fund").

E.    As of April 26, 2018, the Escrow Agent is holding the total sum of approximately $13,820,930.53 in a segregated trust account (the "Trust Account") at First Republic Bank (the "Remaining Estate Funds"). Under the Plan, "the Remaining Estate Funds will continue to be maintained in the Trust Account by the Escrow Agent, pending further order of the Court." Plan, at 20, Docket No. 438. The Plan also provides that the Trustee will retain an initial reserve of $2,500,000 to fund the Trust and the prosecution of transferred estate claims and causes of action (the "Trust Reserve"). Plan, at 49, Docket No. 438.

F.    By way of the Stipulation, the Trustee and the Escrow Agent are seeking the entry of an order of this Court authorizing the Escrow Agent to transfer to the Trustee all of the Remaining Estate Funds less the total amount of final professional fees and expenses that are allowed by the Court at the final fee hearing scheduled to be held on May 1, 2018 (the "Final Allowed Professional Fees and Expenses").

G.    By way of the Stipulation, the Escrow Agent and the Trustee seek an order of this Court that, among other things, authorizes the Escrow Agent to transfer to the Trustee all of the

Remaining Estate Funds remaining after the Escrow Agent has paid all of the Final Allowed Professional Fees and Expenses (the "Net Estate Funds").

H.      At the request of the Trustee, KCC and the Trustee have agreed that KCC will establish collateralized accounts (the "Post-Confirmation Accounts") for the Net Estate Funds in accordance with the requirements of the United States Trustee and 11 U.S.C. § 345(b), and serve as the Trustee's disbursing agent.  The Trustee also anticipates that KCC shall assist the Trustee with 1099 tax reporting requirements and other services that may be required in connection with distributions under the Plan.  The Escrow Agent is not a party to any such agreements with KCC. Those agreements are solely between the Trustee and KCC.

I.      By way of the Stipulation, the Trustee agrees to establish collateralized accounts with the Net Estate Funds for the (i) the Radians Reserve Fund, (ii) the Cordes/Aisenberg Reserve Fund, (iii) the Initial Shareholder Distribution, and (iv) the Trust Reserve, and to make all distributions required to be made under the Plan other than the payment of the Final Allowed Professional Fees and Expenses, which, as indicated above, will be paid by the Escrow Agent out of the Remaining Estate Funds.

J.      The Escrow Agent and the Trustee hereby jointly request the Court to enter the Order approving the Stipulation and granting related relief in the form attached hereto as Exhibit "2".

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/  Ron Bender*_____
        Ron Bender

MATTHEW PLISKIN, SOLELY IN HIS CAPACITY
AS TRUSTEE

By: _____
        Matthew Pliskin

Remaining Estate Funds remaining after the Escrow Agent has paid all of the Final Allowed Professional Fees and Expenses (the "Net Estate Funds").

H.      At the request of the Trustee, KCC and the Trustee have agreed that KCC will establish collateralized accounts (the "Post-Confirmation Accounts") for the Net Estate Funds in accordance with the requirements of the United States Trustee and 11 U.S.C. § 345(b), and serve as the Trustee's disbursing agent. The Trustee also anticipates that KCC shall assist the Trustee with 1099 tax reporting requirements and other services that may be required in connection with distributions under the Plan. The Escrow Agent is not a party to any such agreements with KCC. Those agreements are solely between the Trustee and KCC.

I.      By way of the Stipulation, the Trustee agrees to establish collateralized accounts with the Net Estate Funds for the (i) the Radians Reserve Fund, (ii) the Cordes/Aisenberg Reserve Fund, (iii) the Initial Shareholder Distribution, and (iv) the Trust Reserve, and to make all distributions required to be made under the Plan other than the payment of the Final Allowed Professional Fees and Expenses, which, as indicated above, will be paid by the Escrow Agent out of the Remaining Estate Funds.

J.      The Escrow Agent and the Trustee hereby jointly request the Court to enter the Order approving the Stipulation and granting related relief in the form attached hereto as Exhibit "2".

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: /s/ Ron Bender
       Ron Bender

MATTHEW PLISKIN, SOLELY IN HIS CAPACITY
AS TRUSTEE

By:
       Matthew Pliskin

# EXHIBIT "1"

RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com
Attorneys for former Chapter 11 Debtors and Debtors in Possession

SAMUEL R. MAIZEL (SBN 189301)
TANIA M. MOYRON (SBN 235736)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  (213) 623-9300; Facsimile:  (213) 623-9924
Email: samuel.maizel@dentons.com; tania.moyron@dentons.com
Attorneys for Matthew Pliskin, the Trustee of the Trust

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ICPW Liquidation Corporation, a California corporation[1],<br><br>          Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>ICPW Liquidation Corporation, a Nevada corporation[2],<br><br>          Debtor and Debtor in Possession.<br>_____<br>☒ Affects both Debtors<br><br>☐ Affects ICPW Liquidation Corporation, a California corporation only<br><br>☐ Affects ICPW Liquidation Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br><br>Chapter 11 Cases<br><br>**STIPULATION APPROVING TRANSFER OF ESCROW FUNDS**<br><br>**[No Hearing Required]** |

_____

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

1

This Stipulation is hereby entered into by and between (i) Levene, Neale, Bender, Yoo & Brill L.L.P. ("Escrow Agent"), which is serving as the escrow agent pursuant to the *Debtors and Official Committee of Equity Security Holders Joint Plan of Liquidation Dated February 9, 2018* (the "Plan"), as Docket No. 438, that was confirmed by the Bankruptcy Court in the above-referenced chapter 11 bankruptcy cases pursuant to an order entered on February 13, 2018 (the "Confirmation Order"), as Docket No. 442, and (ii) Mathew Pliskin (the "Trustee"), who is serving as the Trustee of the Trust that was created in connection with the confirmed Plan, and acknowledged by Kurtzman Carson Consultants, LLC ("KCC"), with reference to the following:

**RECITALS**

A.      Consistent with the Confirmation Order, the "Effective Date" of the Plan was February 28, 2018. The Plan provides that the Trustee may select someone other than the Escrow Agent to serve as the disbursing agent for Disputed Class 1 Claims.  Docket No. 438, at 36.  The Plan also reserved the right for the members of the Official Committee of Equity Holders ("OCEH") to change the identity of the Escrow agent at any time. Docket No. 438, at 48.  The Plan further permitted the Trustee to change the identity of the Escrow Agent after payment of Allowed Claims. Docket No. 438, at 53.  The three members of the OECH have been appointed as the initial members of the Trust Board (collectively, the "Trust Board Members"), and the Trustee represents that the Trust Board Members have unanimously requested and consented to all of the provisions of this Stipulation.

B.      In accordance with the Plan, the Trustee is in the process of (i) pursuing causes of action and/or objections to, among others, the claims of Radians Wareham Holding, Inc. ("Radians") and the claims of Jeffrey Cordes and William Aisenberg ("Cordes/Aisenberg"), and (ii) preparing to make an initial distribution to the shareholders of IPCW Liquidation Corporation, a Nevada corporation, as contemplated under the Plan and the various proceedings

2

and Court rulings which have occurred subsequent to the Effective Date (the "Initial Shareholder Distribution").

C.      Pursuant to an order entered as Docket Number 555, the Trustee is required to escrow the total sum of $2.3 million (the "Radians Reserve Fund") for the benefit of Radians, and the Trustee is required to retain the Radians Reserve Fund in a segregated interest bearing trust account until further order by the Court.

D.      Pursuant to an order approving a stipulation entered into between the Trustee and Cordes/Aisenberg, entered as Docket No. 553, the Trustee is required to reserve $546,313.50 for the benefit of Cordes/Aisenberg (the "Cordes/Aisenberg Reserve Fund").

E.      As of April 26, 2018, the Escrow Agent is holding the total sum of approximately $13,820,930.53 in a segregated trust account (the "Trust Account") at First Republic Bank (the "Remaining Estate Funds"). Under the Plan, "the Remaining Estate Funds will continue to be maintained in the Trust Account by the Escrow Agent, pending further order of the Court." Plan, at 20, Docket No. 438. The Plan also provides that the Trustee will retain an initial reserve of $2,500,000 to fund the Trust and the prosecution of transferred estate claims and causes of action (the "Trust Reserve"). Plan, at 49, Docket No. 438.

F.      By way of this Stipulation, the Trustee and the Escrow Agent are seeking the entry of an order of this Court authorizing the Escrow Agent to transfer to the Trustee all of the Remaining Estate Funds less the total amount of final professional fees and expenses that are allowed by the Court at the final fee hearing scheduled to be held on May 1, 2018 (the "Final Allowed Professional Fees and Expenses").

G.      By way of this Stipulation, the Escrow Agent and the Trustee seek an order of this Court that, among other things, authorizes the Escrow Agent to transfer to the Trustee all of the

3

Remaining Estate Funds remaining after the Escrow Agent has paid all of the Final Allowed Professional Fees and Expenses (the "Net Estate Funds").

H.    At the request of the Trustee, KCC  and the Trustee have agreed that KCC will establish collateralized accounts (the "Post-Confirmation Accounts") for the Net Estate Funds in accordance with the requirements of the United States Trustee and 11 U.S.C. § 345(b), and serve as the Trustee's disbursing agent.  The Trustee also anticipates that KCC shall assist the Trustee with 1099 tax reporting requirements and other services that may be required in connection with distributions under the Plan.  The Escrow Agent is not a party to any such agreements with KCC. Those agreements are solely between the Trustee and KCC.

I.    By way of this Stipulation, the Trustee agrees to establish collateralized accounts with the Net Estate Funds for the (i) the Radians Reserve Fund, (ii) theCordes/Aisenberg Reserve Fund, (iii) the Initial Shareholder Distribution, and (iv) the Trust Reserve, and to make all distributions required to be made under the Plan other than the payment of the Final Allowed Professional Fees and Expenses, which, as indicated above, will be paid by the Escrow Agent out of the Remaining Estate Funds.

**AGREEMENT**

1.    Subject to entry of an order by the Court approving this Stipulation, the Escrow Agent and the Trustee hereby agree to the Escrow Agent's transfer of all of the Net Estate Funds to the Trustee.  The only remaining payments that the Escrow Agent shall make from the Remaining Estate Funds shall be the payment of the Final Allowed Professional Fees and Expenses.  Once the Escrow Agent has paid all of the Final Allowed Professional Fees and Expenses out of the Remaining Estate Funds and transferred all of the Net Estate Funds to the Trustee, the Escrow Agent will no longer be in possession of any of the Remaining Estate Funds.

4

2.      The Escrow Agent will transfer the Net Estate Funds to the Trustee in the manner

directed by the Trustee to the Escrow Agent in writing (with an email instruction being

sufficient) following the entry of an order of the Court approving this Stipulation and authorizing

such transfer.

3.      In accordance with the requirements of the United States Trustee and Section

345(b) of the Bankruptcy Code, the Trustee will establish collateralized accounts with the Net

Estate Funds for the (i) the Radians Reserve Fund, (ii) the Cordes/Aisenberg Reserve Fund, (iii)

the Initial Shareholder Distribution, (iv) the Trust Reserve, (v) the balance of the Net Estate

Funds, and (vi) any other account the Trustee deems necessary in accordance with the Plan, and

may utilize KCC's services as disbursement agent.

4.      Other than the payment of the Final Allowed Professional Fees and Expenses,

which shall be made by the Escrow Agent out of the Remaining Estate Funds, the Trustee shall

be solely responsible for making all other payments and distributions of the Net Estate Funds

provided for by the Plan, and the Escrow Agent shall be resolved of any liability or responsibility

with regard to the deposit, collateralization, maintenance and/or distribution of the Net Estate

Funds.

Agreed:

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/  Ron Bender*_____
          Ron Bender

Agreed:

MATTHEW PLISKIN, SOLELY IN HIS CAPACITY
AS TRUSTEE


By: _____
          Matthew Pliskin

2.     The Escrow Agent will transfer the Net Estate Funds to the Trustee in the manner directed by the Trustee to the Escrow Agent in writing (with an email instruction being sufficient) following the entry of an order of the Court approving this Stipulation and authorizing such transfer.

3.     In accordance with the requirements of the United States Trustee and Section 345(b) of the Bankruptcy Code, the Trustee will establish collateralized accounts with the Net Estate Funds for the (i) the Radians Reserve Fund, (ii) the Cordes/Aisenberg Reserve Fund, (iii) the Initial Shareholder Distribution, (iv) the Trust Reserve, (v) the balance of the Net Estate Funds, and (vi) any other account the Trustee deems necessary in accordance with the Plan, and may utilize KCC's services as disbursement agent.

4.     Other than the payment of the Final Allowed Professional Fees and Expenses, which shall be made by the Escrow Agent out of the Remaining Estate Funds, the Trustee shall be solely responsible for making all other payments and distributions of the Net Estate Funds provided for by the Plan, and the Escrow Agent shall be resolved of any liability or responsibility with regard to the deposit, collateralization, maintenance and/or distribution of the Net Estate Funds.

Agreed:

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: /s/ Ron Bender
       Ron Bender

Agreed:

MATTHEW PLISKIN, SOLELY IN HIS CAPACITY
AS TRUSTEE

By:
       Matthew Pliskin

*[Signatures Continued on Next Page…]*

5

Acknowledged by:

KURTZMAN CARSON CONSULTANTS, LLC

By: _____
    Evan Gershbein, Senior Vice President

# EXHIBIT "2"

RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com
Attorneys for former Chapter 11 Debtors and Debtors in Possession

SAMUEL R. MAIZEL (SBN 189301)
TANIA M. MOYRON (SBN 235736)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  (213) 623-9300; Facsimile:  (213) 623-9924
Email: samuel.maizel@dentons.com; tania.moyron@dentons.com
Attorneys for Matthew Pliskin, the Trustee of the Trust

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ICPW Liquidation Corporation, a California corporation[1],<br><br>         Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>ICPW Liquidation Corporation, a Nevada corporation[2],<br><br>         Debtor and Debtor in Possession.<br>_____<br><br>☒  Affects both Debtors<br><br>☐ Affects ICPW Liquidation Corporation, a California corporation only<br><br>☐  Affects ICPW Liquidation Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br><br>Chapter 11 Cases<br><br>**ORDER GRANTING STIPULATION APPROVING TRANSFER OF ESCROW FUNDS**<br><br>**[No Hearing Required]** |

---

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

The Court, having reviewed the Stipulation filed as Docket Number 560 (the "Stipulation") entered into by and between (i) Levene, Neale, Bender, Yoo & Brill L.L.P. ("Escrow Agent"), which is serving as the escrow agent pursuant to the *Debtors and Official Committee of Equity Security Holders Joint Plan of Liquidation Dated February 9, 2018* (the "Plan"), as Docket No. 438, that was confirmed by the Bankruptcy Court in the above-referenced chapter 11 bankruptcy cases pursuant to an order entered on February 13, 2018 (the "Confirmation Order"), as Docket No. 442, and (ii) Mathew Pliskin (the "Trustee"), who is serving as the Trustee of the Trust that was created in connection with the confirmed Plan, and acknowledged by Kurtzman Carson Consultants, LLC ("KCC"), and good cause appearing,

HEREBY ORDERS AS FOLLOWS:[3]

1.      The Stipulation is approved.

2.      The only remaining payments that the Escrow Agent shall make from the Remaining Estate Funds shall be the payment of the Final Allowed Professional Fees and Expenses.  Once the Escrow Agent has paid all of the Final Allowed Professional Fees and Expenses out of the Remaining Estate Funds and transferred all of the Net Estate Funds to the Trustee, the Escrow Agent will no longer be in possession of any of the Remaining Estate Funds.

3.      The Escrow Agent will transfer the Net Estate Funds to the Trustee in the manner directed by the Trustee to the Escrow Agent in writing (with an email instruction being sufficient) following the entry of this Order bf the Court and the Escrow Agent's payment of the Final Allowed Professional Fees and Expenses.

4.      In accordance with the requirements of the United States Trustee and Section 345(b) of the Bankruptcy Code, the Trustee will establish collateralized accounts with the Net

---

[3] All capitalized terms used herein which are not defined herein but which are defined in the Stipulation shall be deemed to have the same definitions as used in the Stipulation.

Estate Funds for the (i) the Radians Reserve Fund, (ii) the Cordes/Aisenberg Reserve Fund, (iii) the Initial Shareholder Distribution, (iv) the Trust Reserve, (v) the balance of the Net Estate Funds, and (vi) any other account the Trustee deems necessary in accordance with the Plan, and may utilize KCC's services as disbursement agent.

5.      Other than the payment of the Final Allowed Professional Fees and Expenses, which shall be made by the Escrow Agent out of the Remaining Estate Funds, the Trustee shall be solely responsible for making all other payments and distributions of the Net Estate Funds provided for by the Plan, and the Escrow Agent shall be resolved of any liability or responsibility with regard to the deposit, collateralization, maintenance and/or distribution of the Net Estate Funds.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **JOINT MOTION BY ESCROW AGENT AND THE TRUSTEE OF THE TRUST FOR APPROVAL OF STIPULATION APPROVING TRANSFER OF ESCROW FUNDS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 30, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Shiva D Beck    sbeck@gardere.com, jcharrison@gardere.com
- Ron Bender    rb@lnbyb.com
- Cathrine M Castaldi    ccastaldi@brownrudnick.com
- Russell Clementson    russell.clementson@usdoj.gov
- Aaron S Craig    acraig@kslaw.com, lperry@kslaw.com
- Matthew A Gold    courts@argopartners.net
- Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Samuel R Maizel    samuel.maizel@dentons.com,
  alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Susan K Seflin    sseflin@brutzkusgubner.com
- John M Stern    john.stern@oag.texas.gov, bk-mbecker@oag.texas.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Sharon Z. Weiss    sharon.weiss@bryancave.com,
  raul.morales@bryancave.com;geri.anderson@bryancave.com
- Douglas Wolfe    dwolfe@asmcapital.com

**2. SERVED BY UNITED STATES MAIL**: On **April 30, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 30, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

___**Served via Attorney Service**___

Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 30, 2018 | Lourdes Cruz | /s/ Lourdes Cruz |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                      **F 9013-3.1.PROOF.SERVICE**