RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com
Attorneys for former Chapter 11 Debtors and Debtors in Possession

SAMUEL R. MAIZEL (SBN 189301)
TANIA M. MOYRON (SBN 235736)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  (213) 623-9300; Facsimile:  (213) 623-9924
Email: samuel.maizel@dentons.com; tania.moyron@dentons.com
Attorneys for Matthew Pliskin, the Trustee of the Trust

**FILED & ENTERED**

**MAY 07 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Reaves    **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ICPW Liquidation Corporation, a California corporation[1],<br><br>    Debtor and Debtor in Possession.<br><br>In re:<br><br>ICPW Liquidation Corporation, a Nevada corporation[2],<br><br>    Debtor and Debtor in Possession.<br><br>☒ Affects both Debtors<br><br>☐ Affects ICPW Liquidation Corporation, a California corporation only<br><br>☐ Affects ICPW Liquidation Corporation, a Nevada corporation only | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with:<br>1:17-bk-12409-MB<br><br>Chapter 11 Cases<br><br>**ORDER GRANTING STIPULATION APPROVING TRANSFER OF ESCROW FUNDS**<br><br>**[No Hearing Required]** |

---

[1] Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2] Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

1

The Court, having reviewed the Stipulation filed as Docket Number 560 (the "Stipulation") entered into by and between (i) Levene, Neale, Bender, Yoo & Brill L.L.P. ("Escrow Agent"), which is serving as the escrow agent pursuant to the *Debtors and Official Committee of Equity Security Holders Joint Plan of Liquidation Dated February 9, 2018* (the "Plan"), as Docket No. 438, that was confirmed by the Bankruptcy Court in the above-referenced chapter 11 bankruptcy cases pursuant to an order entered on February 13, 2018 (the "Confirmation Order"), as Docket No. 442, and (ii) Mathew Pliskin (the "Trustee"), who is serving as the Trustee of the Trust that was created in connection with the confirmed Plan, and acknowledged by Kurtzman Carson Consultants, LLC ("KCC"), and good cause appearing,

HEREBY ORDERS AS FOLLOWS:[3]

1. The Stipulation is approved.

2. The only remaining payments that the Escrow Agent shall make from the Remaining Estate Funds shall be the payment of the Final Allowed Professional Fees and Expenses. Once the Escrow Agent has paid all of the Final Allowed Professional Fees and Expenses out of the Remaining Estate Funds and transferred all of the Net Estate Funds to the Trustee, the Escrow Agent will no longer be in possession of any of the Remaining Estate Funds.

3. The Escrow Agent will transfer the Net Estate Funds to the Trustee in the manner directed by the Trustee to the Escrow Agent in writing (with an email instruction being sufficient) following the entry of this Order by the Court and the Escrow Agent's payment of the Final Allowed Professional Fees and Expenses.

4. In accordance with the requirements of the United States Trustee and Section 345(b) of the Bankruptcy Code, the Trustee will establish collateralized accounts with the Net

---

[3] All capitalized terms used herein which are not defined herein but which are defined in the Stipulation shall be deemed to have the same definitions as used in the Stipulation.

Estate Funds for the (i) the Radians Reserve Fund, (ii) the Cordes/Aisenberg Reserve Fund, (iii) the Initial Shareholder Distribution, (iv) the Trust Reserve, (v) the balance of the Net Estate Funds, and (vi) any other account the Trustee deems necessary in accordance with the Plan, and may utilize KCC's services as disbursement agent.

5.    Other than the payment of the Final Allowed Professional Fees and Expenses, which shall be made by the Escrow Agent out of the Remaining Estate Funds, the Trustee shall be solely responsible for making all other payments and distributions of the Net Estate Funds provided for by the Plan, and the Escrow Agent shall be resolved of any liability or responsibility with regard to the deposit, collateralization, maintenance and/or distribution of the Net Estate Funds.

Date: May 7, 2018

Martin R Barash
United States Bankruptcy Judge

3